# EXHIBIT D

IN THE MATTER OF AN ARBITRATION UNDER
THE UNCITRAL ARBITRATION RULES BETWEEN:

TELENOR EAST INVEST AS,

    Claimant,

Snaroyveien 30
N-1331 Fornebu
Norway

-and-

ECO TELECOM LIMITED,
ECO HOLDINGS LIMITED, and
CTF HOLDINGS LIMITED,

    Respondents,

10/8 International
Commercial Centre
Casemates Square
Gibraltar

HEARING OF APRIL 14, 2007

Taken at the offices of Hogan & Hartson

Juxton House

100 St. Paul's Churchyard

London EC4M 8BU, England

                            1

---

              A P P E A R A N C E S

2  The Chairman:        Mr. Charles C Adams, Jr.
                          Hogan & Hartson, L.L.P.
3                          3, Rue Francois Bellot
                          1206 Geneva, Switzerland
4
    Arbitrator:         Mr. Gerald Aksen
5                          875 Third Avenue, 10th Floor
                          New York, New York 10022-6225
6
    Arbitrator:         Mr. Benedict Fontanet
7                          Fontanet Jeandin Hornung
                          84, Rue Du Rhone, CP 3200
8                          CH-1211 Geneva, Switzerland

9  Tribunal secretary    Mr. James Hargrove

10  For the Claimant:     Mr. Edward T. Schorr
                          Mr. Gonzalo S. Zeballos
11                        Ms. Lisa Fried
                          Lovells
12                        590 Madison Avenue
                          New York, New York 10022
13                        and
                          Mr. Yuri Musatov.
14                        General Counsel, Altimo

16  For the Respondents:  Mr. Robert L. Sills
                          Ms. Maysie Anderson
17                        Orrick, Herrington &
                          Sutcliffe LLP
18                        666 Fifth Avenue
                          New York, New York 10103-0001
19                        and
                          Mr. Peter O'Driscoll
20                        Orrick, Herrington & Sutcliffe
                          Tower 42, Level 35
21                        25 Old Broad Street
                          London EC2N 1HQ
22                        and
                          Mr. Bjorn Hogstad, in-house
23                        counsel
                          Mr. Fridtjof Rusten, Pannon GSM,
24                        Chief Market Officer

25  Court reporter:       Mrs. Catherine Pekin, C.S.R.

                            2

---

1                  I N D E X
2  Preliminary presentations       Page
3     Mr. Sills                  5
4     Mr. Schorr               14

                            3

---

1        THE CHAIRMAN: Ladies and gentlemen, good
2  morning. We are convened of a Saturday morning in London
3  in the matter of Telenor East Invest AS and Eco Telecom
4  Limited, Eco Holdings Limited and CTF Holdings Limited,
5  an ad hoc arbitration under the UNCITRAL Rules. This is
6  a hearing convened by the Tribunal in respect of the
7  state of implementation of the Interim Award issued by
8  the Tribunal some months ago.
9        Let me start by inviting each side simply
10  to identify the persons here today, even though the court
11  reporter will have taken names, ranks and serial numbers
12  from all concerned.
13       Mr. Sills.
14       MR. SILLS: Thank you, Mr. Chairman. I'm Robert
15  Sills of Orrick, Herrington & Sutcliffe. With me are my
16  colleagues, Peter O'Driscoll of our London office and
17  Maysie Anderson of our New York office. Also with me
18  today is Bjorn Hogstad, an attorney employed by Telenor
19  in Oslo, and Mr. Fridtjof Rusten, who is a board member
20  of VimpelCom and a nominee to the board of Telenor.
21       THE CHAIRMAN: Thank you.
22       Mr. Schorr.
23       MR. SCHORR: Good morning. I'm Edward Schorr of
24  Lovells. With me is Lisa Fried and Gonzalo Zeballos,
25  also of Lovells. With us also today is Mr. Yuri

                            4

1 very telling. Thank you.
2     MR. SILLS: Mr. Chairman, I'll take up the time
3 of the parties and the Tribunal if you want. We have a
4 bargained-for right under the contract. These boards are
5 set year by year under the contract so long as neither
6 party has achieved the 44 per cent shareholding level and
7 has at least 25 per cent plus one. The bargained-for
8 right is that there will be no more than three Eco
9 nominated candidates who are not independent and one
10 independent. That's a valuable right. That is what
11 brings us here today. This is a right that they don't
12 have, that they may never have. Three hundred million
13 dollars is a great deal of money.
14     I will note that the 13-D that was filed
15 regarding that 1.5 billion that was just described on the
16 record does not state that it was intended for the
17 purchase of these shares, and if it was intended for the
18 purchase of these shares, that raises extremely serious
19 securities law issues.
20     The statements that have been made in the
21 press about achieving and about being content with the
22 current shareholder level speak for themselves. There is
23 no 13-D on file that talks about achieving a 44 per cent
24 shareholding level, and it's clear as a matter of US
25 securities law that if there were such an intent given,

61

1 the change in corporate governance that would occur at
2 that point, that there must be a filing to that effect.
3 The requirement under Section 13 of the 34 Act is that
4 such filings be made promptly. So I think there is grave
5 doubt on the record that this right will ever mature, but
6 people, as Mr. Schorr said, are free to buy shares in
7 this company, subject to the constraints of the US
8 securities laws.
9     Rights may accrue at or about the time of
10 an election. They may accrue later. People have the
11 rights they have as of the dates when they achieve those
12 rights, and I think the proposal that was suggested is
13 entirely appropriate; if as and when that 44 per cent
14 level is achieved, then Eco will have the rights it has
15 and they can exercise those rights in accordance with
16 Russian law. As you point out, their own expert
17 explained how they would achieve those rights. If they
18 hadn't begun their share buying now, if they had begun
19 their share buying, pick a day, next July, they would
20 acquire those rights as they cross that 44 per cent
21 threshold. They don't have this right now.
22     I don't think I can add much to the
23 discussion that has been conducted here this morning
24 about the January 30 and March 28 dates. The Award
25 speaks for itself. The parties' correspondence speaks

62

1 for itself. We have, Telenor has the right to have no
2 more than three Eco-connected interested directors on the
3 board.
4     At some point it may be that they have 44
5 per cent. Then they'll have the rights they have. It
6 may for that matter be that at some point they'll have 50
7 per cent, in which case they could elect all nine, but we
8 should be hearing now that they can nominate nine
9 directors because some day they may manage to acquire
10 more shares.
11     MR. SCHORR: So we still have not heard anything
12 about prejudice, nothing, and I would point out that
13 Telenor has its rights if Eco is below 44 per cent or
14 above 44 per cent. They have their rights. Their rights
15 will be retained and not be taken away from them under
16 our proposal. There is no prejudice, and if Eco is above
17 44 per cent, one thing happens. If Eco is below 44 per
18 cent, Telenor has its rights.
19     MR. SILLS: Mr. Chairman, I think —
20     MR. SCHORR: Excuse me. I would also point out
21 that in every filing, I won't get into securities law
22 issues, but in every filing Eco states, and you can look
23 at them, Eco is increasing its shareholding. I mean that
24 is said throughout and you are free to look at what they
25 said, and obviously as other purchases are made there

63

1 will be statements made once you get closer, et cetera.
2 Again, no prejudice. If you're below the 44 per cent,
3 Telenor has its rights.
4     MR. AKSEN: Has there been any board meeting
5 discussion about whether or not they intend to purchase
6 more than 44 per cent of the shares?
7     MR. MUSATOV: You mean board meetings of whom?
8     MR. AKSEN: Of the company.
9     MR. MUSATOV: VimpelCom?
10     MR. AKSEN: Yes.
11     MR. MUSATOV: At the VimpelCom level I don't
12 think — you mean —
13     MR. AKSEN: My only concern is, getting back to
14 the practical, we're spending a lot of time and money
15 with a lot of people in this room. If somebody could
16 show me that it is the intent to purchase more than 44
17 per cent, we would have that and then we could maybe come
18 to an easier practical decision. If we now have to wait
19 for a month and a half to see what, if anything, is going
20 to happen, we've wasted a lot of time coming here.
21     MR. SCHORR: One of the issues, Mr. Aksen,
22 without going into detail is as you get closer in
23 shareholding there are certain requirements of what you
24 do and don't say, and I will say that it is obvious with
25 the amounts that have been expended and the shares that

64

**Page 65**

1  have been purchased, when a certain threshold is then
2  released, we make another statement, so it's pretty
3  clear.
4         Again I would point out to the Tribunal in
5  its deliberations to take into account the undertakings
6  that we have obtained from the candidates. I believe
7  that's very important, and I hope that you take that into
8  account because that is part of the solution and indeed
9  is part of the solution that we propose, and again
10 accords all the parties their rights.
11       THE CHAIRMAN: Shall we? Half an hour.
12          (Recess.)
13       THE CHAIRMAN: We're back on the record. The
14 Tribunal has taken the opportunity to deliberate with
15 respect to the matters earlier discussed, and again in
16 the interests of practicality we thought it better to
17 share with you what the Tribunal has decided, to share it
18 with you here and now even though naturally this will be
19 put into a formal order in the coming days.
20         The Tribunal is of the view that Eco
21 Telecom is not in compliance with the requirements of the
22 Interim Award, it having failed to have withdrawn on or
23 before March 28 the fifth of its nominees.
24         The Tribunal will issue a further directive
25 that Eco Telecom place itself in compliance with the

**Page 66**

1  Interim Award, and that it do so within 30 days from
2  today's date, which is to say on or before May 14, 2007,
3  with the further indication that if on such date Eco
4  Telecom is in a position to trigger the circumstance
5  referenced in Section 4.01 of the Shareholders Agreement
6  in respect of the nomination of four non-independent
7  directors, that it will have full scope to exercise such
8  right if by then in fact matured and acquired.
9         Now, we are going to ask for a formal
10 written undertaking from both parties that compliance
11 with the Interim Award be fully achieved in the manner
12 that I have just indicated on or before May 14, 2007, and
13 I will ask for a formal representation on the record here
14 and now from both parties that the order to be
15 forthcoming in written form on Monday will in fact be
16 fulfilled.
17         On behalf of the Claimant, Mr. Sills, are
18 you prepared to make that formal representation and
19 undertaking?
20       MR. SILLS: I am, Mr. Chairman, but I do have
21 two requests of the Tribunal with respect to the relief
22 that's been proposed. The first is I would ask, given
23 that we are in compliance and there has been no
24 suggestion that Telenor is in any manner out of
25 compliance, I would ask that the parties' nominee

**Page 67**

1  directors be required to act in such a way as to
2  effectuate the Tribunal's further directive. That is to
3  say that they should carry out their responsibilities as
4  directors in such a manner as to make the withdrawal of
5  that fifth candidate effective, and I think it's
6  appropriate that that be made a part of the order.
7         Second, although one always hopes that
8  there are will be compliance with a written undertaking,
9  that is a serious and important obligation, given
10 everything that has gone on to date there is certainly
11 some possibility that there will not be, for whatever
12 reason, compliance at which point we would, of course,
13 seek further relief.
14         Given the exigencies of the situation that
15 would arise if that were to happen and then on the 14th,
16 for whatever reason, there was a ballot with more than
17 four Eco nominees on it, whether all party related or
18 with one independent, as the case might be, we would ask
19 that now a meeting tentatively be scheduled of the
20 Tribunal. If there is compliance, then there is no need
21 to hold that meeting, but if there is a need for urgent
22 relief, I don't think there should be a long period of
23 time. There were difficulties in scheduling today's
24 meeting, as I'm sure the Tribunal recalls, so that I
25 would ask that we now set a date and a place for a

**Page 68**

1  meeting at which exigent relief could be requested should
2  the need arise, with the hope and the expectation that
3  there would not be any such meeting. With those two
4  caveats, we're certainly prepared to enter into that
5  undertaking.
6        THE CHAIRMAN: Thank you, Mr. Sills.
7           Mr. Schorr.
8        MR. SCHORR: Thank you, Mr. Chairman. I would
9  just like to have a moment to speak to Mr. Musatov about
10 some of the things that were just discussed before I —
11       THE CHAIRMAN: By all means.
12       MR. SCHORR: May we take five minutes?
13       THE CHAIRMAN: Yes. Let me simply add that in
14 addition to your own response to my invitation to confirm
15 and undertake on the record as described, that I would be
16 very grateful if Mr. Musatov would do so as well.
17       MR. SCHORR: Thank you, Mr. Adams. I take it
18 that that would also mean the representative from Telenor
19 as there is of course a possibility they may not comply.
20       THE CHAIRMAN: Absolutely.
21       MR. SCHORR: Thank you very much.
22       THE CHAIRMAN: Five minutes.
23          (Recess.)
24       THE CHAIRMAN: The floor is yours.
25       MR. SCHORR: Thank you, Mr. Adams. You have

1  Lovells' representation and you will be obtaining the
2  representation of our client, the Respondent.
3         I would just like to make one small
4  request, and that is that the parties keep these matters
5  confidential and they will not be publicized because
6  certain things can happen if information gets out, and we
7  will undertake not to do that and we would ask that
8  Telenor also not publicize what is going on here.
9         THE CHAIRMAN: The Tribunal joins in urging both
10 parties to maintain the strictest confidentiality with
11 respect to these matters. Our attention was drawn to
12 various references, anecdotal, unofficial, to these
13 proceedings in press items and so on. By and large these
14 are not conducive, shall we say, to maintaining the sort
15 of atmosphere of constructive cooperation that any
16 arbitration tribunal would like to promote.
17        MR. SILLS: Mr. Adams, of course we respect that
18 and share that view, but I'll just note for the record
19 that as a public company and a US registrant Telenor has
20 certain obligations regarding public disclosure that it
21 cannot waive, and if we were advised by securities
22 counsel that there was a need to make some form of
23 disclosure of these proceedings, I think we would have no
24 choice but to do that.
25        The same would be true, I imagine, of
                                                        69

1  VimpelCom, which is likewise a US registrant. Altimo
2  does have some public securities, though I believe they
3  are issued in Europe and I'm not familiar with European
4  disclosure obligations, but we do not only understand but
5  embrace the need for confidentiality. We understand the
6  confidentiality provisions of the UNCITRAL Rules as well
7  as the common practice in international arbitration and
8  we will honor and respect that except as we may be
9  required by positive securities law to make some form of
10 disclosure, and as to that there is really nothing we can
11 do.
12        THE CHAIRMAN: And the same naturally would
13 apply to Eco Telenor.
14        MR. SCHORR: Yes. It would be my hope and
15 expectation that the securities laws would not be
16 utilized in a way to lead to publicity with could be used
17 to frustrate the purposes of either of the parties.
18        THE CHAIRMAN: The Tribunal would endorse also
19 that wish.
20        MR. SILLS: I'm sorry, Mr. Chairman. I should
21 say given that VimpelCom is not a party to the
22 Shareholders Agreement or a party to these proceedings
23 but is a vital participant here, I think whatever
24 confidentiality obligations the parties have or take upon
25 themselves, there is obviously a need to deal with
                                                        70

1  VimpelCom and its legal representatives in making sure
2  that this second interim award be enforced smoothly. I
3  think to work with Mr. McGhie, the general counsel of
4  VimpelCom, their outside counsel and the existing board
5  members, without disclosure to them of what the Tribunal
6  has ordered, it's going to be difficult or impossible to
7  effectuate the award.
8         MR. AKSEN: You raise a question. You are
9  calling this ruling an interim award.
10        MR. SILLS: I didn't mean to presume on that.
11        MR. AKSEN: I just assumed it would be like a
12 procedural order —
13        THE CHAIRMAN: Procedural order.
14        MR. AKSEN: — or a clarification, which may in
15 and of itself not require reporting under SEC. There's
16 no money changing hands. It's just a clarification of
17 what already has been issued. I would think good SEC
18 counsel could in good conscience say there is nothing
19 really to report.
20        MR. SILLS: That could well be.
21        MR. AKSEN: It's not an interim award.
22        MR. SILLS: I understand.
23        MR. AKSEN: The next award will be a final award
24 at the end of the day and that will be reported, but I'm
25 not securities counsel.
                                                        71

1         MR. FONTANET: Neither am I.
2         THE CHAIRMAN: I would like to ask Mr. Rusten,
3  if I may, on behalf of Telenor for an undertaking simply
4  to confirm.
5         MR. SILLS: Mr. Adams, although we are in
6  compliance we are happy to give a further undertaking,
7  but Mr. Rusten has recently been reassigned within
8  Telenor and now works for the Hungarian subsidiary.
9  Perhaps if we could call upon Mr. Hogstad, who is an
10 attorney who is employed by Telenor, it would be more
11 appropriate.
12        THE CHAIRMAN: Thank you for that clarification.
13        MR. HOGSTAD: Okay. That's of course absolutely
14 in order. However, it is also important to note that
15 it's really only directors that can be the frustrating
16 party to any non-compliance of this order, so we might
17 just as well keep Mr. Rusten in.
18        MR. RUSTEN: Yes, I support what's been said
19 there, and we will, as a director of the board we will do
20 whatever we can to comply with the Chairman's Award,
21 naturally.
22        THE CHAIRMAN: Mr. Musatov?
23        MR. MUSATOV: I'm more than very happy to
24 confirm our undertaking.
25        THE CHAIRMAN: Thank you very much indeed. One
                                                        72