# EXHIBIT G



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
666 FIFTH AVENUE
NEW YORK, NY 10103-0001

tel 212-506-5000
fax 212-506-5151
WWW.ORRICK.COM

June 20, 2007

Robert L. Sills
(212) 506-5110
rsills@orrick.com

**By Hand (With Enclosures) and
By Facsimile (Without Enclosures)**

Hon. Denny Chin
United States District Judge for
  the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1020
New York, New York 10007

<u>Telenor East Invest AS v. Eco Telecom Limited, et al.</u>

Dear Judge Chin:

On behalf of plaintiff Telenor East Invest AS ("Telenor East"), I write in response to the letters requesting a pre-motion conference, both dated June 19, 2007, from Ronald S. Rolfe, Esq., on behalf of defendants Altimo Holdings & Investments Limited ("Altimo"), Crown Finance Foundation ("Crown") and Rightmarch Limited ("Rightmarch"), and from Edward T. Schorr, Esq., on behalf of defendants Eco Telecom Limited ("Eco Telecom") and CTF Holdings Limited ("CTF").

1.  Altimo, Crown and Rightmarch state that they intend to seek a stay pending arbitration, and Eco Telecom and CTF state that they intend to move to compel arbitration, all based on the arbitration clause in a shareholders agreement between Telenor East and Eco Telecom, dated as of May 30, 2001 (the "Shareholders Agreement"), with respect to their holdings in OJSC Vimpel Communications ("VimpelCom"). Any such motion would be groundless.

The Shareholders Agreement, a copy of which is attached at Tab A, does not govern the general relationship between Telenor East and Eco Telecom, nor does it address, in any manner at all, the conduct by defendants in violation of the securities laws described in the complaint in this action. Rather, it is a narrowly drawn agreement, which addresses only three substantive topics: the transfer of the parties' holdings of VimpelCom shares to third parties; the procedures relating to the nomination of candidates for election to VimpelCom's Board; and a prohibition on the parties' granting proxies to third parties for their VimpelCom shares or



entering into any agreement or understanding with third parties that would circumvent the limitations on the permitted number of nominations.[1]

Section 4.01(a) of the Shareholders Agreement limits Eco Telecom to nominating four candidates for the VimpelCom board of directors. The arbitration to which defendants refer was brought by Telenor East solely to enforce that provision, after Eco nominated five candidates for election to the 2005 board and seven candidates for election to the 2006 board. Following hearings in Geneva and London, the arbitration tribunal (the "Tribunal") issued its interim award on January 25, 2007 (a copy of which is attached at Tab B), directing Eco Telecom to withdraw all but four of the nine candidates it had nominated for the 2007 board on or before March 28, 2007. When Eco withdrew only four of its nominees by that date, leaving five Eco Telecom-nominated candidates, there were further enforcement proceedings before the arbitrators, resulting in an order to Eco Telecom, dated April 18, 2007 (a copy which is attached at Tab C), to withdraw one additional candidate on or before May 14, 2007. Eco Telecom finally complied, and withdrew one additional candidate on that date. Following that withdrawal, by order dated May 29, 2007, the Tribunal stated that its "jurisdiction over this matter, unless otherwise extended by the parties, is to expire immediately after the board elections scheduled to be held at the [Annual General Meeting] on June 29, 2007, whereupon the Tribunal will render its Final Award."[2] Accordingly, the arbitration has concluded, and a new counterclaim, even one within the scope of the arbitration clause, could not be asserted at this point. More importantly, there is nothing in the arbitration or in the arbitration clause concerning the securities law violations set out in the complaint in this action, let alone Eco Telecom's vaguely described new counterclaim, and there simply is no relationship between the matters raised in Telenor East's complaint and the substantive provisions of the Shareholders Agreement.[3] Such alleged actions do not "arise under," "relate to" or occur "in connection with" the Shareholders Agreement, and accordingly are not arbitrable. *See Sprecht v. Netscape Communications Corp.*, 306 F.3d 17, 25, 35-36 (2d Cir. 2002); *Sammarco v. Pepsi-Cola Bottling Co.*, 1 A.D.3d 341, 342, 767 N.Y.S.2d 59, 60 (2d Dep't 2003).

2. With respect to defendants' proposed motion to dismiss, the question of whether defendants have engaged in a tender offer or a going private transaction without complying with the applicable rules and regulations of the Securities and Exchange Commission involves complex factual issues that cannot be resolved on a Rule 12 motion. *See Hanson Trust*

---

[1] The Guarantee Agreement to which defendants refer merely obligates CTF and Eco Holdings Limited (the predecessor in interest to Altimo) to cause Eco Telecom to perform certain of its obligations under the Shareholders Agreement, and creates no additional rights or obligations.

[2] The interim award expressly provides, at pages 37 and 38, that the Tribunal would exercise continuing jurisdiction only in order to ensure compliance with the directives of the interim award itself and to make a final decision allocating costs and fees.

[3] In fact, Eco Telecom previously attempted to broaden the scope of the arbitration, asserting a purported counterclaim against Telenor East for allegedly promoting the interests of Telenor East's corporate parent, Telenor ASA, to the detriment of VimpelCom and its shareholders. After briefing, the arbitration tribunal determined, by order dated on August 3, 2006 (a copy of which is attached at Tab D), that there was no basis for it to exercise jurisdiction over the counterclaim, which was thereafter withdrawn on August 18, 2006.

OHS East:160246160.2

Case 1:07-cv-04829-DC    Document 12-8    Filed 08/27/2007    Page 4 of 4


ORRICK

*PLC v. SCM Corp.*, 774 F.2d 47, 54-57 (2d Cir. 1985) (tender offer); *E.ON AG v. Acciona, S.A.*, 468 F. Supp.2d 559 (S.D.N.Y. 2007) (tender offer); *In re William A. Wilkerson*, SEC Litigation Release No. 48703 (October 27, 2003) (going private transaction). *See, generally,* 1. M. Lipton and E. Steinberger, Takeovers and Freezeouts, Chs. 2 and 9 (2006). Here, the complaint more than adequately sets out claims for relief that defendants have engaged in such unlawful conduct, and the proposed motion to dismiss would merely delay these proceedings.

        3.     Defendants assert that Telenor East lacks standing to pursue its insider trading claim. First, because Eco Telecom was purchasing shares during a tender offer while in possession of material inside information, its conduct violates SEC Rule 14e-3, 17 C.F.R. §240.14e-3. Telenor East clearly has standing to seek equitable relief for defendants' violation of that rule. *See E.ON,* 468 F.Supp. at 584. Second, while Telenor East agrees that it lacks standing to pursue an individual damage claim arising out of defendants' insider trading under SEC Rule 10b-5, 17 C.F.R. §240.10b-5, or under Section 20A of the Securities Exchange Act of 1934, 15 U.S.C. §78t-1, because Telenor East was not a seller of VimpelCom shares while Eco Telecom was making its unlawful purchases, Telenor East does have standing under Rule 10b-5 to pursue the equitable relief sought in the complaint. *Compare Mutual Shares Corp. v. Genesco, Inc.*, 384 F.2d 540, 546-47 (2d Cir. 1967) (permitting corporation's shareholders to seek injunctive relief under Rule 10b-5, in order to prevent controlling persons from manipulating market price of stock, even though plaintiffs did not purchase or sell shares) and *E.ON AG v. Acciona, S.A.*, 468 F.Supp.2d 537, 553 (S.D.N.Y. 2006) (holding that tender offeror had standing to assert 10(b) claim for injunctive relief), *with Simon deBartolo Group, L.P. v. The Richard E. Jacobs Group, Inc.*, 186 F.3d 157 (2d Cir. 1999) (noting that question of whether purchaser-seller status is necessary for standing to assert claims for injunctive relief is unresolved by the Second Circuit). As for the suggestion that the allegations of the complaint do not meet the standard set by Rule 9(b), the complaint describes the information disclosed in confidence to and the trades executed by Eco Telecom while in possession of that information, which more than complies with the rule.

    We are available for the requested conference at the Court's convenience.

                                                   Respectfully,

                                                   Robert L. Sills

Copies (by email) (w/encls.)
   Ronald S. Rolfe, Esq.
   Edwin T. Schorr, Esq.

OHS East:160246160.2