# EXHIBIT H

IN THE MATTER OF AN ARBITRATION UNDER
THE UNCITRAL ARBITRATION RULES BETWEEN:

TELENOR EAST INVEST AS,

      Claimant,

      Snarøyveien 30
      N-1331 Fornebu
      Norway

   -and-

ECO TELECOM LIMITED,
ECO HOLDINGS LIMITED, and
CTF HOLDINGS LIMITED

      Respondents,

      10/8 International
      Commercial Centre
      Casemates Square
      Gibraltar

NOTICE OF ARBITRATION

-2-

Claimant Telenor East Invest AS ("Telenor East" or "Claimant") hereby demands of Respondent Eco Telecom Limited ("Eco Telecom"), Respondent Eco Holdings Limited ("Eco Holdings") and Respondent CTF Holdings Limited ("CTF") that the dispute between Claimant and Respondents, as described below, be referred to arbitration pursuant to Section 6.13 of the Shareholders Agreement dated as of May 30, 2001 (the "Shareholders Agreement") between Telenor East and Eco Telecom, Section 7.9 of the Guarantee Agreement dated as of May 30, 2001 (the "Guarantee Agreement") between and among Open Joint Stock Company "Vimpel-Communications", Telenor East, Closed Joint Stock Company "VimpelCom-Region", Eco Holdings and CTF, and Article 3 of the United Nations Commission on International Trade Law ("UNCITRAL") Arbitration Rules.

## THE DEMAND

Telenor East hereby demands that the dispute between it and the Respondent be referred to arbitration under the UNCITRAL Arbitration Rules.

## THE PARTIES

Name and Address of Claimant:

    Telenor East Invest AS
    Snarøyveien 30
    N-1331 Fornebu
    Norway

Name and Address of Respondents:

    Eco Telecom Limited
    Eco Holdings Limited
    CTF Holdings Limited
    10/8 International
    Commercial Centre
    Casemates Square
    Gibraltar

## ARBITRATION CLAUSE

Telenor East relies upon Section 6.13 of the Shareholders Agreement and Section 7.9 of the Guarantee Agreement as authority for the arbitration.

## REFERENCE TO CONTRACT

This dispute concerns Eco Telecom's breach of Section 4.01 of the Shareholders Agreement, Eco Holdings' breach of Section 2.1 and Section 3.1(d) of the Guarantee Agreement and CTF's breach of Section 3.1(d) of the Guarantee Agreement.

## GENERAL NATURE OF CLAIM

As the two largest shareholders in Open Joint Stock Company "Vimpel-Communications" ("VimpelCom"), Telenor East and Eco Telecom entered into the Shareholders Agreement, which governs, among other things, the nomination of candidates for election to VimpelCom's nine-member board of directors (the "Board"). Telenor East alleges that Eco Telecom has breached its obligations under the Shareholders Agreement by nominating more candidates for election to the Board than it is entitled to nominate.

As part of the transactions contemplated by Eco Telecom's purchase of shares in VimpelCom in 2001, Eco Holdings, CTF and Telenor East also entered into the Guarantee Agreement. Under the Guarantee Agreement, Eco Holdings, among other things, guaranteed the performance by Eco Telecom of all of its obligations under the Shareholders Agreement, including the nomination-related provisions in Section 4.01 thereof. In May 2001 when the Shareholders Agreement and Guarantee Agreement were executed, Eco Holdings was the parent company of Eco Telecom. However, pursuant to a Sale and Purchase Agreement dated August 19, 2004 among Alfa Telecom Limited ("Alfa Telecom"), Eco Holdings, CTF and Grand Financial Holdings S.A., Eco Holdings sold to Alfa Telecom all of Eco Holdings' shares in Eco Telecom. Under Section 3.1(d) of the Guarantee Agreement, CTF and Eco Holdings agreed to cause a transferee of Eco Holdings' entire direct or indirect interest in VimpelCom to execute and deliver to Telenor East and the other beneficiaries of the Guarantee Agreement an endorsement

to the Guarantee Agreement as a condition to any such transfer. CTF and Eco Holdings failed to cause Alfa Telecom to execute and deliver such an endorsement in connection with Alfa Telecom's purchase of Eco Holdings' shares of Eco Telecom.

Under Article 53.1 of the Joint Stock Company Law of the Russian Federation, a holder of 2% or more of the voting shares of a Russian joint stock company has the right to nominate such number of candidates for election to the board of directors of such company as does not exceed the total number of board seats. In the absence of the Shareholders Agreement, each of Eco Telecom and Telenor East would have the ability to nominate nine candidates for election to the Board. Telenor East and Eco Telecom entered into the Shareholders Agreement to voluntarily reduce the number of candidates each would otherwise be entitled to nominate for election to the Board, thereby increasing the likelihood that, in any election of Board members, no more than nine candidates for election to the Board are nominated.

The right to nominate a specific number of candidates for election to the Board is one of the principal subjects of the Shareholders Agreement, and was a material inducement for Telenor East to enter into the Shareholders Agreement.

Section 4.01 of the Shareholders Agreement contains express provisions for the nomination of candidates for election to the Board. In relevant part, it provides as follows:

> (a) So long as the Telenor Shareholders and the Eco Shareholders each beneficially own at least the Specified Percentage of Shares, then the Telenor Shareholders and the Eco Shareholders shall each nominate up to four (4) candidates for election to the Board, with at least one (1) candidate in each such group of four (4) candidates being an Independent; provided that if either the Telenor Shareholders or the Eco Shareholders beneficially own more than forty-four percent (44%) but not more then fifty percent (50%) of the voting capital stock of the Company (a "Plurality Shareholder"), none of the candidates nominated by such Plurality Shareholder is required to be an Independent. In the event of an Eco Telecom Contribution Default, Eco Telecom shall cause such number of the four (4) directors nominated for election to the Board by Eco Telecom to resign from the Board with immediate effect so that Eco Telecom's remaining nominees on the Board will be only those whom it could elect based on cumulative voting at such time (without taking into

>       account any extraordinary rights).
>
> (b)   So long as the Telenor Shareholders beneficially own at least the Specified Percentage of Shares, then the Telenor Shareholders shall nominate one (1) additional candidate for election to the Board, who shall be an Independent and who shall, so long as the Eco Shareholders beneficially own at least the Specified Percentage of Shares, be approved by Eco Telecom.

The Shareholders Agreement also contains a waiver of certain defenses to the specific enforcement of the nomination-related provisions in Section 4.01. Section 6.01 of the Shareholders Agreement provides:

> The Shareholders hereby declare that it is impossible to measure in money the damages that will accrue to a party hereto by reason of a failure to perform any of the obligations under this Agreement. Therefore, if any Shareholder shall, in accordance with Section 6.13, institute any proceeding to enforce specifically the provisions hereof, any Shareholder against whom such proceeding is brought hereby waives the claim or defense therein that the Shareholder instituting such proceeding has an adequate remedy at law or in damages, and the Shareholder against whom such proceeding is brought shall not urge in any such proceeding the claim or defense that such remedy at law or in damages exists.

Despite the fact that, as described above, Section 4.01 of the Shareholders Agreement only permits Eco Telecom to nominate four candidates for election to the Board, Eco Telecom ultimately nominated seven candidates for election to the Board at VimpelCom's June 2005 annual general meeting of shareholders. Eco Holdings took no steps to cause Eco Telecom to perform Eco Telecom's obligations under the Shareholders Agreement.

As a direct result, Eco Telecom was able to allocate its votes so as to elect five members of the Board, all of whom were nominated by Eco Telecom, two of whom were Independents (as such term is defined in the Shareholders Agreement). Telenor East allocated its votes to elect four members of the Board, all of whom were nominated by Telenor East and one of whom was an Independent.

On July 11, 2005, the newly-elected Board held its first meeting, and David Haines, an Independent candidate nominated by Eco Telecom, was elected Chairman of the Board. Under VimpelCom's charter, the Chairman of the Board has a casting vote in the event of a deadlock.

### RELIEF SOUGHT

Telenor East seeks:

1. An award (a) compelling Eco Telecom to nominate candidates for election to the Board in a manner consistent with the terms of the Shareholders Agreement; (b) restraining and enjoining Eco Telecom, together with its officers, agents, servants and employees, and all persons in active concert or participation with them, from violating, or causing or inducing any other person to violate, directly or indirectly, the provisions of Section 4.01 of the Shareholders Agreement; and (c) compelling Eco Holdings and CTF to comply with their respective obligations under Section 2.1 and Section 3.1(d) of the Guarantee Agreement, including without limitation the delivery to Telenor East of Alfa Telecom's endorsement of the Guarantee Agreement;

2. Its costs and disbursements in this action, including, without limitation, Telenor East's reasonable attorneys' and expert fees, in accordance with Article 38 of the UNCITRAL Arbitration Rules;

3. Interest on the sums claimed in subparagraph (2) until paid; and

4. Such other and further relief as the Arbitrators deem just and proper.

### STATEMENT OF CLAIM

Attached hereto as Schedule 2 is Telenor East's Statement of Claim.

### ARBITRATOR

Telenor East will nominate an arbitrator in accordance with Section 6.13 of the Shareholders

-7-

Agreement, Section 7.9 of the Guarantee Agreement and the UNCITRAL Arbitration Rules.

Dated: November 14, 2005.

By: /s/ Robert L. Sills
Robert L. Sills
Adam S. Zimmerman
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

- and -

Peter O'Drisoll
ORRICK, HERRINGTON & SUTCLIFFE LLP
25 Old Broad Street
London EC2N 1HQ
DX: 557 London/ City
United Kingdom
Telephone: +44 20 7562 5000
Facsimile: +44 20 7628 0078

Attorneys for Claimant