# EXHIBIT L

**HOGAN &
HARTSON**

Hogan & Hartson LLP
3, rue François Bellot
1206 Geneva, Switzerland
+41 (0)22 787 40 00 Tel
+41 (0)22 787 40 10 Fax

www.hhlaw.com

August 3, 2006

Robert L. Sills, Esq.
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10103-0001
U.S.A

Pieter Van Tol, Esq.
Lisa Fried, Esq.
Lovells
590 Madison Avenue
New York, NY 10022
U.S.A

Re:    *Telenor East Invest AS v. Eco Telecom Limited et al.*

Dear Counsel:

The Tribunal has carefully considered the issues raised in the Claimant's Memorandum in Support of Claimant's Objection to Request for Production of Documents on Grounds of Relevance, dated June 12, 2006, and in the Respondents' Memorandum in Opposition to Claimant's Objection to Requests for Production of Documents, dated June 21, 2006. The categories of documents whose production is sought by the Respondents, pursuant to Requests 4, 5 and 6 set forth in their letter to the Claimant dated May 22, 2006, pertain generally to the value of WellCom, to the views of the Claimant and of its parents and affiliates regarding the acquisition of WellCom by VimpelCom, and to the actions taken by the Claimant's nominees to the VimpelCom Board of Directors in connection with the acquisition. It is asserted by the Respondents that the foregoing categories of documents are relevant to their response to the Claimant's allegations, stated at ¶¶ 25-28 and 46-54 of the Claimant's Amended Statement of Claim dated March 31, 2006, to the general effect that Eco Telecom took inappropriate action to cause VimpelCom to acquire WellCom.

It is unquestionably the case that the matter of VimpelCom's acquisition of WellCom, and of the commercial advisability *vel non* of this transaction, is referenced in, and thus placed into controversy by, the above-referenced allegations of the Amended Statement of Claim. The Tribunal is inclined to view such allegations as irrelevant to the Points At Issue and to the Relief

Sought herein, as described by the Claimant at pp. 21-22 of its Amended Statement of Claim. Nevertheless, if these allegations are to be maintained by the Claimant, then it appears to the Tribunal that the Respondents are entitled to the discovery of documents potentially germane to their response thereto. But for the inclusion of these allegations in the Claimant's Amended Statement of Claim, however, the Tribunal might well have some difficulty in discerning wherein the categories of documents whose production is sought by the Respondents are "relevant and material to the outcome of the case", in the sense of Rule 3.3 of the IBA Rules. The Tribunal is at present unpersuaded that it would be within its arbitral jurisdiction to delve, at the instance of either party, into the soundness of the business judgment of the members of the VimpelCom Board of Directors in voting for or against, as the case may have been, the acquisition of WellCom. The Tribunal is accordingly not at this point prepared to assume jurisdiction over the Respondent's Counterclaim in respect of such matters.

The Tribunal hereby invites the Claimant to consider whether it wishes to withdraw altogether, and to strike from the record, the entirety of the allegations stated in its Amended Statement of Claim concerning VimpelCom's acquisition of WellCom. The Claimant is requested to advise the Tribunal and the Respondents, within ten (10) days of the date hereof, of its determination in this regard. Should the Claimant elect to withdraw the said allegations, then the Tribunal will invite the Respondents to consider whether they in turn wish to withdraw their counterclaim predicated upon such matters, and the corresponding elements of their document production requests. In the event the Claimant elects to maintain its aforesaid allegations, or that the Respondents, notwithstanding the Claimant's withdrawal thereof, elect to maintain their counterclaim and their corresponding document production requests, then the Tribunal shall timely issue a dispositive ruling on the Claimant's objection to the Respondents' document production requests.

Very truly yours,

For the Tribunal:

Charles C. Adams, Jr.