**EXHIBIT  Q**



# OPEN JOINT STOCK CO VIMPEL COMMUNICATIONS (VIP)

10 12 8TH MARCH ST
MOSCOW RUSSIA, U2 125083
70959745888
http://www.vimpelcom.com/

# SC 13D/A

**SCHEDULE 13D/A AMENDMENT NO.11**
**Filed on 06/14/2005**
File Number 005-48091



LIVEDGAR® Information Provided by Global Securities Information, Inc.
800.669.1154
www.gsionline.com

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
Washington, D.C. 20549

# SCHEDULE 13D

Under the Securities Exchange Act of 1934
(Amendment No. 11)

---

**OPEN JOINT STOCK COMPANY**
**"VIMPEL–COMMUNICATIONS"**

---

(Name of Issuer)

Common Stock, 0.005 rubles nominal value

---

(Title of Class of Securities)

68370R109

---

(CUSIP Number)

Franz Wolf
Eco Telecom Limited
Suite 2
4 Irish Place
Gibraltar
(350) 41977

---

(Name, Address and Telephone Number of Person Authorized to Receive Notices and Communications)

June 14, 2005

---

(Date of Event which Requires Filing of this Statement)

With a Copy to:

Pavel Kulikov
OOO Alfa Telecom
21 Novy Arbat
121019 Moscow, Russia
(7–095) 981 4449

If the filing person has previously filed a statement on Schedule 13G to report the acquisition that is the subject of this Schedule 13D, and is filing this schedule because of Rule 13d–1(e), 13d–1(f) or 13d–1(g), check the following box.  ☐

*Note*:  Schedules filed in paper format shall include a signed original and five copies of the schedule, including all exhibits. *See* Rule 13d–7 for other parties to whom copies are to be sent.

\* The remainder of this cover page shall be filled out for a reporting person's initial filing on this form with respect to the subject class of securities, and for any subsequent amendment containing information which would alter disclosures provided in a prior cover page.

The information required on the remainder of this cover page shall not be deemed to be "filed" for the purpose of Section 18 of the Securities Exchange Act of 1934 ("Act") or otherwise subject to the liabilities of that section of the Act but shall be subject to all other provisions of the Act (however, *see* the Notes).

CUSIP No. 68370R109                  **13D**                 Page

| | |
|---|---|
| 1. Name of Reporting Person:<br>I.R.S. Identification No. of Above Persons (Entities Only):<br><br>Eco Telecom Limited<br>000–00–0000 | |
| 2. Check the Appropriate Box If a Member of a Group<br>  a. ☐<br>  b. ☒ | |
| 3. SEC Use Only | |
| 4. Source of Funds<br><br>AF; OO | |
| 5. Check Box If Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e).     ☐<br><br>N/A | |
| 6. Citizenship or Place of Organization:<br><br>Gibraltar | |

| Number of Shares Beneficially Owned By Each Reporting Person With | | |
|---|---|---|
| | 7. Sole Voting Power<br><br>    12,563,782 Common Stock* | |
| | 8. Shared Voting Power<br><br>    0 | |
| | 9. Sole Dispositive Power<br><br>    12,563,782 Common Stock* | |
| | 10. Shared Dispositive Power<br><br>    0 | |

| | |
|---|---|
| 11. Aggregate Amount Beneficially Owned by Each Reporting Person<br><br>12,563,782 Common Stock* | |
| 12. Check Box If the Aggregate Amount in Row (11) Excludes Certain Shares:     ☐ | |
| 13. Percent of Class Represented By Amount in Row (11)<br><br>24.5% of Common Stock* | |
| 14. Type of Reporting Person<br><br>OO; HC | |

\* Eco Telecom is also the direct beneficial owner of 6,426,600 (100%) shares of the Issuer's type–A voting preferred stock, which, together with the total number of shares of the Issuer's common stock owned by Eco Telecom represents approximately 32.9% of the Issuer's outstanding voting capital stock. See Item 5.

1

CUSIP No. 68370R109                                          13D                                                    Page

| | |
|---|---|
| 1. | Name of Reporting Person:<br>I.R.S. Identification No of Above Persons (Entities Only):<br><br>Alfa Telecom Limited<br>000–00–0000 |
| 2. | Check the Appropriate Box If a Member of a Group<br>a. ☐<br>b. ☒ |
| 3. | SEC Use Only |
| 4. | Source of Funds<br><br>OO |
| 5. | Check Box If Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e):          ☐ |
| 6. | Citizenship or Place of Organization:<br><br>British Virgin Islands |

| Number of Shares Beneficially Owned By Each Reporting Person With | 7. | Sole Voting Power<br><br>12,563,782 Common Stock* |
|---|---|---|
| | 8. | Shared Voting Power<br><br>0 |
| | 9. | Sole Dispositive Power<br><br>12,563,782 Common Stock* |
| | 10. | Shared Dispositive Power<br><br>0 |

| | |
|---|---|
| 11. | Aggregate Amount Beneficially Owned by Each Reporting Person<br><br>12,563,782 Common Stock* |
| 12. | Check Box If the Aggregate Amount in Row (11) Excludes Certain Shares          ☐ |
| 13. | Percent of Class Represented By Amount in Row (11)<br><br>24.5 % of Common Stock* |
| 14. | Type of Reporting Person<br><br>OO; HC |

\*  The Reporting Person may be deemed to beneficially own 6,426,600 (100%) shares of the Issuer's type–A voting preferred stock, which, together with the total number of shares of the Issuer's common stock that the Reporting Person may be deemed to beneficially own, represents approximately 32.9% of the Issuer's outstanding voting capital stock. See Item 5.

2

CUSIP No. 68370R109          **13D**          Page

| | | |
|---|---|---|
| 1. | Name of Reporting Person:<br>I.R.S. Identification No. of Above Persons (Entities Only):<br><br>    **CTF Holdings Limited**<br>    000–00–0000 | |
| 2. | Check the Appropriate Box If a Member of a Group<br>  a. ☐<br>  b. ☒ | |
| 3. | SEC Use Only | |
| 4. | Source of Funds<br><br>    AF; OO | |
| 5. | Check Box If Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e) | ☐ |
| 6. | Citizenship or Place of Organization:<br><br>    Gibraltar | |

| Number of Shares Beneficially Owned By Each Reporting Person With | 7. | Sole Voting Power<br><br>    12,563,782 Common Stock* |
|---|---|---|
| | 8. | Shared Voting Power<br><br>    0 |
| | 9. | Sole Dispositive Power<br><br>    12,563,782 Common Stock* |
| | 10. | Shared Dispositive Power<br><br>    0 |

| | | |
|---|---|---|
| 11. | Aggregate Amount Beneficially Owned by Each Reporting Person<br><br>    12,563,782 Common Stock* | |
| 12. | Check Box If the Aggregate Amount in Row (11) Excludes Certain Shares | ☐ |
| 13. | Percent of Class Represented By Amount in Row (11)<br><br>    24.5% Common Stock | |
| 14. | Type of Reporting Person<br><br>    OO; HC | |

\* The Reporting Person may be deemed to beneficially own 6,426,600 (100%) shares of the Issuer's type–A voting preferred stock, which, together with the total number of shares of the Issuer's common stock that the Reporting Person may be deemed to beneficially own, represents approximately 32.9% of the Issuer's outstanding voting capital stock. See Item 5.

3

CUSIP No. 68370R109                                    **13D**                                    Page

| | | |
|---|---|---|
| 1. | Name of Reporting Person:<br>I.R.S. Identification No. of Above Persons (Entities Only):<br><br>Crown Finance Foundation<br>000–00–0000 | |
| 2. | Check the Appropriate Box If a Member of a Group<br>a. ☐<br>b. ☒ | |
| 3. | SEC Use Only | |
| 4. | Source of Funds<br><br>AF; OO | |
| 5. | Check Box If Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e) | ☐ |
| 6. | Citizenship or Place of Organization:<br><br>Liechtenstein | |

| | | |
|---|---|---|
| Number of Shares Beneficially Owned By Each Reporting Person With | 7. Sole Voting Power<br><br>12,563,782 Common Stock* | |
| | 8. Shared Voting Power<br><br>0 | |
| | 9. Sole Dispositive Power<br><br>12,563,782 Common Stock* | |
| | 10. Shared Dispositive Power<br><br>0 | |

| | | |
|---|---|---|
| 11. | Aggregate Amount Beneficially Owned by Each Reporting Person<br><br>12,563,782 Common Stock* | |
| 12. | Check Box If the Aggregate Amount in Row (11) Excludes Certain Shares | ☐ |
| 13. | Percent of Class Represented By Amount in Row (11)<br><br>24.5% of Common Stock* | |
| 14. | Type of Reporting Person<br><br>OO | |

\* The Reporting Person may be deemed to beneficially own 6,426,600 (100%) shares of the Issuer's type–A voting preferred stock, which, together with the total number of shares of the Issuer's common stock that the Reporting Person may be deemed to beneficially own, represents approximately 32.9% of the Issuer's outstanding voting capital stock. See Item 5.

4

**Item 1. Security and Issuer**

This Amendment Number 11 (the "Amendment") to the Statement on Schedule 13D relates to the common stock, 0.005 rubles nominal value (the "Common Stock"), of Open Joint Stock Company "Vimpel–Communications" ("VimpelCom"), a Russian open joint stock company. The initial Statement on Schedule 13D as previously filed jointly by Eco Telecom Limited ("Eco Telecom"), Eco Holdings Limited, CTF Holdings Limited ("CTF Holdings") and Crown Finance Foundation ("Crown Finance") on June 11, 2001, as amended and supplemented by Amendment Numbers 1 through 10 (collectively, the "Statement") is hereby amended and supplemented with respect to the items set forth below. Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Statement.

**Item 2. Identity and Background**

This Amendment is being filed on behalf of each of the following persons (collectively, the "Reporting Persons"):

    (i)     Eco Telecom;

    (ii)    Alfa Telecom Limited ("Alfa Telecom");

    (iii)   CTF Holdings; and

    (iv)   Crown Finance.

This Statement relates to the shares of Common Stock held for the account of Eco Telecom.

The Reporting Persons

Eco Telecom is a Gibraltar company, with its principal business address at 10/8 International Commercial Centre, Casemates Square, Gibraltar. The principal business of Eco Telecom is to function as a holding company. Current information concerning the identity and background of the directors and officers of Eco Telecom is set forth in Annex A hereto, which is incorporated by reference in response to this Item 2.

Alfa Telecom is a British Virgin Islands company, with its principal address at P.O. Box 3339, Geneva Place, Second Floor, 333 Waterfront Drive, Road Town, Tortola, British Virgin Islands. The principal business of Alfa Telecom is to function as a holding company. Alfa Telecom is the sole shareholder of Eco Telecom and, in such capacity, may be deemed to be the beneficial owner of the Common Stock held for the account of Eco Telecom. Current information concerning the identity and background of the directors and officers of Alfa Telecom is set forth in Annex A hereto, which is incorporated by reference in response to this Item 2.

CTF Holdings is a Gibraltar limited liability company with its principal address at Suite 2, 4 Irish Place, Gibraltar. The principal business of CTF Holdings is to function as a holding company. CTF Holdings indirectly owns a majority of the shares of Alfa Telecom and, in such capacity, may be deemed to be the beneficial owner of the Common Stock held for the account of Eco Telecom. Current information concerning the identity and background of the directors and officers of CTF Holdings is set forth in Annex A hereto, which is incorporated by reference in response to this Item 2.

Crown Finance is a Liechtenstein foundation with its principal address at Am Schragen Weg 14, P.O. Box 1618, FL–9490, Vaduz, Liechtenstein. The principal business of Crown Finance is investment and management of the assets and capital of the foundation. Crown Finance is the sole shareholder of CTF Holdings and, in such capacity, may be deemed to be the beneficial owner of the Common Stock held for the account of Eco Telecom. Current information concerning the identity and background of the directors and officers of Crown Finance is set forth in Annex A hereto, which is incorporated by reference in response to this Item 2.

The "Supervisory Board" coordinates the strategic development of a group of affiliated entities, often referred to as the "Alfa Group Consortium," which group includes the Reporting Persons. In certain instances, the Supervisory Board issues recommendations regarding strategic business decisions to the entities that are members of the Alfa Group Consortium. Current information regarding the identity and background of the members of the Supervisory Board is set forth in Annex A hereto, which is incorporated by reference in response to this Item 2.

5

During the past five years, none of the Reporting Persons and, to the best of the Reporting Persons' knowledge, no other person identified in response to this Item 2 has been (a) convicted in a criminal proceeding or (b) a party to any civil proceeding of a judicial or administrative body of competent jurisdiction as a result of which it or he or she is subject to a judgment, decree, or final order enjoining future violations of, or prohibiting or mandating activities subject to, federal or state securities laws, or finding any violation with respect to such laws.

**Item 3. Source and Amount of Funds or Other Consideration**

No material change.

**Item 4. Purpose of Transaction**

Item 4 is hereby supplemented as follows:

On June 14, 2005, Alfa Telecom Limited sent a letter to VimpelCom's shareholders, a copy of which is attached hereto as Exhibit 1 (the "June 14 Letter to VimpelCom's Shareholders"), accompanied by a proxy card, a copy of which is attached hereto as Exhibit 2.

The Reporting Persons' current intentions with respect to their investment in VimpelCom are described herein and in the June 14 Letter to VimpelCom's Shareholders. The Reporting Persons may, from time to time, and reserve the right to, change their plans or intentions and to take any and all actions that they deem appropriate to maximize the value of their investment in VimpelCom. In order to maximize the value of their investment in VimpelCom, the Reporting Persons may, from time to time, consider, evaluate or propose various possible transactions involving VimpelCom or its subsidiaries or affiliates, which could include, among other things:

    (i)    the possible acquisition of additional securities of VimpelCom from time to time in the open market, in privately negotiated transactions or otherwise, including, without limitation, through entry into and exercise of call options or other derivative transactions;

    (ii)    the possible acquisition or disposition of debt securities or other debt instruments of third parties, in each case, that are secured by, convertible into or exchangeable for securities of VimpelCom, and the enforcement of any such security interest or the exercise of any such exchange or conversion right;

    (iii)    the possible disposition or exchange of any securities of VimpelCom owned by them;

    (iv)    possible extraordinary corporate transactions (such as a merger, consolidation, reorganization or restructuring) involving VimpelCom or any of its subsidiaries, including with other telecommunication companies which may be affiliated with the Reporting Persons;

    (v)    the possible acquisition by VimpelCom or its subsidiaries of assets or interests in one or more telecommunication companies, including other telecommunication companies which may be affiliated with the Reporting Persons, or the possible sale of assets or operations by VimpelCom or its subsidiaries;

    (vi)    making or seeking to make changes in or affecting the Board of Directors or management of VimpelCom including, without limitation, the nomination and election of five out of the nine members of the Board of Directors of VimpelCom should Eco Telecom obtain 50% + 1 of the outstanding voting securities of VimpelCom.

    (vii)    possible litigation involving VimpelCom, its Board of Directors and/or its management; or

    (viii)    entering into and unwinding derivative transactions with respect to the securities of VimpelCom.

6

The Reporting Persons may also, from time to time, formulate other plans or proposals regarding VimpelCom or its securities to the extent deemed advisable in light of market conditions, subsequent developments affecting VimpelCom, the general business and future prospects of VimpelCom, tax considerations, or other factors.

**Item 5. Interest in Securities of the Issuer**

Item 5 is hereby supplemented as follows:

(a) No material change.

(b) No material change.

(c) To the best of the Reporting Persons' knowledge, there have been no transactions effected with respect to shares of Common Stock during the past 60 days by any of the persons named in response to Item 2, other than the transactions described in this Amendment.

(d) No material change.

(e) Not applicable.

**Item 6. Contracts, Arrangements, Understandings or Relationships with Respect to Securities of the Issuer**

No material change.

**Item 7. Material to be Filed as Exhibits**

The Exhibit Index is incorporated herein by reference.

SIGNATURES

After reasonable inquiry and to the best of my knowledge and belief, each of the undersigned certifies that the information set forth in this Statement is true, complete and correct.

Date: June 14, 2005                          ECO TELECOM LIMITED

                                             By:  /s/ Pavel Kulikov
                                             _____

                                                  Pavel Kulikov
                                                  Attorney–in–Fact

Date: June 14, 2005                          ALFA TELECOM LIMITED

                                             By:  /s/ Franz Wolf
                                             _____

                                                  Franz Wolf
                                                  Director

Date: June 14, 2005                          CTF HOLDINGS LIMITED

                                             By:  /s/ Franz Wolf
                                             _____

                                                  Franz Wolf
                                                  Director

Date: June 14, 2005                          CROWN FINANCE FOUNDATION

                                             By:  /s/ Franz Wolf
                                             _____

                                                  Franz Wolf
                                                  Attorney–in–Fact

8

## ANNEX A

### Directors and Officers of Eco Telecom Limited

| Name/Title/Citizenship | Principal Occupation | Business Address |
| --- | --- | --- |
| Pavel Volitskiy, Director (Russia) | Manager, CTF Holdings Limited | Suite 2, 4 Irish Place, Gibraltar |

### Directors and Officers of Alfa Telecom Limited

| Name/Title/Citizenship | Principal Occupation | Business Address |
| --- | --- | --- |
| Geoffrey Piers Hemy, Director (United Kingdom) | Director, Grand Financial Holding S.A. | 11 Boulevard Royale, L−2449 Luxembourg |
| Georgia Karydes, Director (Cypriot) | Director, Feldmans Management (Overseas) Ltd. | 6, Nikou Georgiou street, Block C, office 704, Nicosia 1098, Cyprus |
| Alla Kudryavtseva, Director (Russia) | Director of CTF Holdings Limited | Suite 2, 4 Irish Place, Gibraltar |
| Pavel Volitskiy, Director (Russia) | Manager, CTF Holdings Limited | Suite 2, 4 Irish Place, Gibraltar |
| Franz Wolf, Director (Germany) | Director of CTF Holdings Limited | Suite 2, 4 Irish Place, Gibraltar |

### Directors and Officers of CTF Holdings Limited

| Name/Title/Citizenship | Principal Occupation | Business Address |
| --- | --- | --- |
| Alla Kudryavtseva, Director (Russia) | Director of CTF Holdings Limited | Suite 2, 4 Irish Place, Gibraltar |
| Franz Wolf, Director (Germany) | Director of CTF Holdings Limited | Suite 2, 4 Irish Place, Gibraltar |

### Directors and Officers of Crown Finance Foundation

| Name/Title/Citizenship | Principal Occupation | Business Address |
| --- | --- | --- |
| Christian Rosenov, Director (Switzerland) | Financial Adviser | Talacker 35, 8001<br>Zurich, Switzerland |
| Dr. Norbert Seeger, Director, (Liechtenstein) | Attorney, Arcomm Trust Company | Am Schragen Weg 14, P.O. Box 1618 FL−9490<br>Vaduz, Liechtenstein |
| Dr. Christian Zangerle, Director, (Austria) | Attorney, Law Office of Dr. Norbert Seeger | Am Schragen Weg 14, P.O. Box 1618 FL−9490<br>Vaduz, Liechtenstein |

9

## Directors of the Supervisory Board of Alfa Group Consortium

| Name/Title/Citizenship | Principal Occupation | Business Address |
| --- | --- | --- |
| Peter Aven, Director (Russia) | President of OJSC Alfa Bank | 11 Mashy Poryvaevoy Street 107078 Moscow, Russia |
| Alexandr Fain, Director (Russia) | Chief Executive Officer of LLC Alfa Eco | 21 Novy Arbat Street 121019 Moscow, Russia |
| Mikhail Fridman, Director (Russia) | Chairman of the Board of Directors of OJSC Alfa Bank | 9 Mashy Poryvayevoy Street 107078 Moscow, Russia |
| Michail Gamzin, Director (Russia) | Director General, OAO Russian Technologies | 3rd Golutvinsky Pereulok, 10 Building 6 109180 Moscow, Russia |
| German Khan, Director (Russia) | Executive Director of TNK—BP Management | 18/2, Schipok Street 115093 Moscow, Russia |
| Alexander Kosiyanenko, Director (Russia) | Chief Executive Officer of JSC Perekrestok | 14817 Moscow Region District of Mytischy Paveltsevo Village, Russia |
| Alexey Kuzmichev, Director (Russia) | Chairman of Board of Directors of Alfa Eco Group | 21 Novy Arbat Street 121019 Moscow, Russia |
| Nigel John Robinson, Director (United Kingdom) | Director of Corporate Development, Finance and Control for Alfa Group | 6 Sechenovskiy Pereulok, Building #3, Floor #3 119034 Moscow, Russia |
| Alexei Reznikovich, Director (Russia) | Director for Asset Management and Control, Alfa Group | 6 Sechenovskiy Pereulok, Building #3, Floor #3 119034 Moscow, Russia |
| Alexander Savin, Director (Russia) | Chief Executive Officer, Alfa Eco Group | 12 Krasnopresenskaya Nab. World Trade Center 2, Entrance 7 123610 Moscow, Russia |

To the best of the Reporting Persons' knowledge:

    (a) None of the above persons hold any Shares.

    (b) None of the above persons has any contracts, arrangements, understandings or relationships with respect to the Shares.

**Index to Exhibits**

Exhibit 1       Letter to VimpelCom's shareholders dated June 14, 2005

Exhibit 2       Form of proxy card

Exhibit 24.1    A conformed copy of the Power of Attorney authorizing Pavel Kulikov to sign this Amendment on behalf of Eco Telecom Limited, incorporated herein by reference to Exhibit 24.2 to Amendment Number 3 to the Statement on Schedule 13D filed by Eco Telecom Limited, *inter alios*, with the Securities and Exchange Commission on June 05, 2002

Exhibit 24.2    A conformed copy of the Power of Attorney authorizing Franz Wolf to sign this amendment on behalf of Crown Finance Foundation, incorporated herein by reference to Exhibit 24.1 to Amendment Number 7 to the Statement on Schedule 13D filed by Eco Telecom Limited, *inter alios*, with the Securities and Exchange Commission on August 23, 2004

Exhibit 99.1    A conformed copy of the joint filing agreement by and among the Reporting Persons, inter alios, dated August 19, 2004, incorporated herein by reference to Exhibit 99.1 to Amendment Number 7 to the Statement on Schedule 13D filed by the Reporting Persons, *inter alios*, with the Securities and Exchange Commission on August 23, 2004

11



# OPEN JOINT STOCK CO VIMPEL COMMUNICATIONS (VIP)

10 12 8TH MARCH ST
MOSCOW RUSSIA, U2 125083
70959745888
http://www.vimpelcom.com/

# EX−1

**LETTER TO VIMPELCOM'S SHAREHOLDERS DATED JUNE 14, 2005**
**SC 13D/A Filed on 06/14/2005**
File Number 005−48091



Exhibit 1

# ALFA TELECOM

June 14, 2005

Dear Fellow VimpelCom Shareholder

As the recently appointed CEO of Alfa Telecom, I wanted to bring some clarity and a fresh perspective to the ongoing dispute between Telenor and Alfa Telecom regarding VimpelCom's corporate governance and expansion strategy.

I am well aware that some members of the media and some within the analyst community have typified the ongoing disagreement we have with Telenor as a corporate battle. I wish this was not the case and I wanted to assure you that Alfa Telecom is working very hard to resolve the situation. We want to put this disagreement behind us quickly so that the business can move forward and focus on delivering value for its customers and shareholders.

Unlike Telenor, Alfa Telecom is not a strategic telecommunications company. Alfa Telecom is a private equity investment group and looks for financial returns from its investments. It maintains no majority control over the companies in which it makes an investment and its interests are aligned with those of the other independent minority shareholders.

As an active financial investor, Alfa Telecom also brings significant expertise and experience to the business of investing in Russia and the former CIS. It acts as a strong local partner in these markets resolving local issues, understanding the nature of local competition and identifying opportunities for further local growth. We believe Vimpelcom has benefited and will continue to benefit from having Alfa Telecom as a shareholder in the future.

We urge you to vote your shares for our independent director
nominees on the enclosed GOLD proxy card.

## The Independent Directors

As we have said many times, we also remain fully committed to driving the best possible corporate governance structures for the companies we invest in since we believe that this creates the foundations upon which to drive the best financial returns. We think that Vimpelcom's best interests will be served if there are truly independent directors working on the Board of Directors of Vimpelcom. This is why we are proposing the following for the Board of Directors:

> **Peter Watson** is currently President and CEO of the Dwight Group. He is a former Chairman, President and CEO of the US Overseas Private Investment Corporation (OPIC) and is a former Chairman of the US International Trade Commission.

12

> **David Haines** is currently CEO of GROHE Water Technology. He is a telecommunications specialist and worked at Vodafone for many years – he is currently a non–executive director at D2–Vodafone Deutschland GmbH. He is also a non–executive director of Camelot Group plc.

> **Alex Sozonoff** held various positions at Hewlett–Packard for 35 years and continues to serve as a Senior Adviser to the CEO of Hewlett–Packard. He is Chairman of the Board of Directors of Hewlett–Packard OY (Finland) as well as Stonesoft Corp. and the European Wholesale Group Ltd.

> **Natalia Tsukanova** is a senior executive at JP Morgan, the US investment bank and has significant experience in the Russian telecoms sector.

All of these individuals bring a wealth of experience and know how to Vimpelcom from the telecommunications sector and international business and government. As you would expect, they have had no connection whatsoever to Alfa Telecom or Telenor and will look after the best interests of all the shareholders if they are elected to the Vimpelcom Board as independent directors.

Their experience contrasts dramatically with two of the independent directors nominated by Telenor, both of whom, while being highly respected businessmen in Norway, are former senior employees of Telenor, continue to enjoy very close links with Telenor and can therefore not be seen as being truly independent.

We therefore urge you to vote for the truly independent directors that Alfa Telecom has nominated for election to the VimpelCom Board of Directors and **which you are being asked to vote upon by proxy vote or in person at Vimpelcom's AGM on the 22nd of June.**

**Expansion into the Ukraine**

Alfa Telecom has always thought that the regions of Russia, the Ukraine and the other CIS countries provide the greatest opportunities for VimpelCom's expansion and therefore a high level of return on investment for all shareholders.

Vimpelcom's interests and growth strategy will be best served if it expands quickly into the Ukraine.

Ukraine has one of the most rapidly growing cellular markets of all the CIS countries. There are potentially 35 to 40 million potential subscribers there. GDP has grown at an average of 10% a year over the last 5 years and this growth is set to continue. The competitive landscape is dominated by 2 principal players: UMC and Kyivstar, which together control 98% of the market, and which makes it the most consolidated cellular market in Europe. However, many analysts agree that the Ukrainian market can accommodate up to 4 different operators and this model has already worked well in Russia.

13

Alfa Telecom has long supported the management of Vimpelcom in advocating the merger of Kyivstar and Vimpelcom. We believe this would be in the best interests of Vimpelcom shareholders. However, Telenor own a majority stake in Kyivstar and they want to develop the Ukrainian market through Kyivstar alone and without Vimpelcom. Such a merger would mean that their majority holding in Kyivstar would be diluted to a minority position in the merged group and this would not allow them to consolidate the Kyivstar numbers into their own financials, which would work to their disadvantage. They have consistently demanded a majority stake in the merged entity if the groups were merged, something which would give them the burden of driving the strategic, operational and day to day business of both Vimpelcom in Russia and Kyivstar in the Ukraine. We believe wholeheartedly that this would destroy value for all shareholders and would only work in the best interests of our competitors.

As it became clear to the management of Vimpelcom that a merger with Kyivstar would not be possible, so the management began to look for other opportunities to expand into the Ukraine. MTS, Vimpelcom's main competitor, have a shareholding in UMC and are already enjoying the growth in the Ukraine that their investment provides. As a result, the Vimpelcom management decided that the best way forward would be to acquire Ukraine Radio Systems (URS).

In its current state URS represents an excellent platform for entry into the Ukrainian cellular market. As of March 2005, URS had over 100,000 subscribers and its network is fully operational with over 400 base stations installed and approximately 350 in the process of being installed. We expect that in due course it will succeed in gaining 8 million subscribers and up to a 15–20% market share. The management board of Vimpelcom believes that the acquisition of URS makes strong business sense for Vimpelcom and has the potential to yield considerable shareholder value. Alfa Telecom agrees with management and supports its proposals to acquire URS. It fully supports their analysis of the strategic opportunity that would come with the acquisition of URS and acknowledges the separate analysis from two international investment houses which have confirmed independently that the management's intention to enter the market via URS would create value and makes excellent strategic sense.

However, as you know, Telenor have now also blocked VimpelCom's proposed acquisition of URS at the Board of Directors. As well as blocking the decision through the Board of Vimpelcom, Telenor have now formally written to the Anti–Monopoly Commission of the Ukraine in an attempt to get them to block the acquisition of URS by Vimpelcom. By doing so, Telenor are not acting in the interests of the Vimpelcom shareholders.

You should also know that even though they continue to block Vimpelcom's acquisition of URS, Telenor recently approached Alfa Telecom with a proposal to purchase URS with them as independent acquirers and investors. We turned it down since we believe that the best investment vehicle for this acquisition is Vimpelcom itself.

14

The fact is that it is obvious that Telenor remain severely conflicted in the Ukraine. In this situation Telenor is putting its interests above the interests of Vimpelcom's shareholders. This should not be acceptable to Vimpelcom's shareholders.

**Bringing the issue directly to the shareholders**

We believe that the decision about the expansion into the Ukraine is of great strategic importance for Vimpelcom and we therefore think that this issue should be brought directly to their shareholders so that all shareholders can take a free vote on the matter.

With this in mind, taking into consideration the continuing indecision about the expansion into the Ukraine and because there seems to be little chance that Telenor will be persuaded to agree to the acquisition of URS, **Alfa Telecom (through it's subsidiary Eco Telecom) intends to bring this issue to an Extraordinary General Meeting of the shareholders, which we expect will occur some time in mid July.**

We want the decision of shareholders to be completely legitimate and we want it to be taken according to the Charter of Vimpelcom. The URS transaction represents at least 2% of the net assets of Vimpelcom and is also an interested party transaction, which means that in order for this transaction to be approved it must be brought directly to shareholders.

The URS acquisition is an interested party transaction due to the fact that Pavel Kulikov, the Managing Director of Alfa Telecom and one of the Board of Directors of Vimpelcom, wrote to the Board of Directors of Vimpelcom last week alerting them to the fact that he recently obtained a position on the board of one of the sellers of URS.

While we do not necessarily like the fact that the acquisition of URS can only be approved via an interested party transaction like this, it now provides the most practical route to the quickest resolution to the situation once and for all. We hope the shareholders will agree with the management's proposal and vote to acquire URS at the EGM.

We also know that there has been some concern about our intentions for the agenda for this EGM. Alfa Telecom wants to assure shareholders and hereby categorically states that the only issue that will be put forward at this EGM will be the decision about whether to acquire URS or not. There will be no request made to change the Charter of Vimpelcom, as has been suggested by Telenor. We believe that the current Charter provides all the right mechanisms to safeguard the rights of all shareholders.

In addition, we know there has been some concern about filings made to the Federal Anti-Monopoly Service in Russia and the subsequent filing with the SEC in the United States regarding the intention declared by Alfa Telecom to increase its shareholding in Vimpelcom to 60%. We want to reiterate our position that this was a defensive move to neutralize similar applications by Telenor. Telenor were the first party to seek such an increase in their shareholding to 45% and you should know that under the shareholders agreement an increase of their shareholding to 45% could, if 5 of their nominees were elected, provide them with the ability to control the Vimpelcom Board.

15

We want to reiterate that we only intend to pursue majority control in Vimpelcom if Telenor begins to build their own stake with a view to them taking control of the company in this way, which as we argued above is something we believe would destroy value for shareholders.

We very much hope that you will vote at the AGM in favour of the truly independent directors. We also hope that you will vote for the acquisition of URS at the subsequent EGM.

Positive outcomes on both issues will strengthen the corporate governance structures at Vimpelcom, will put in place the foundation upon which management can drive profitable expansion into the Ukraine and will ensure that this disagreement is resolved as quickly as possible. We hope that when this is resolved the disagreement can be quickly put behind us and we can move forward together to compete effectively and create value for all shareholders.

The deadline for submission of your vote is noon, New York City time, on Monday, June 20, 2005. If you have any questions, or need assistance voting your proxy, please contact:



17 State Street, 10th Floor
New York, NY 10004
(866) 357–4030 (Toll Free)

Banks and Brokerage Firms please call:
(212) 440–9800

Yours sincerely,

Alexey Reznikovich
Chief Executive Officer
Alfa Telecom

### Forward–Looking Statements

This letter contains forward–looking statements that involve risks and uncertainties. In addition, other written or oral statements which constitute forward–looking statements have been made and may in the future be made by or on behalf of Alfa Telecom Limited and/or Eco Telecom Limited (collectively, the "Senders"). In this letter, such forward–looking statements include, without limitation, statements relating to (1) the implementation of strategic initiatives, (2) the results or consequences of any meeting of shareholders of OAO "Vimpel–Communications" ("VimpelCom"), (3) the consequences of certain proposed transactions involving VimpelCom, (4) statements relating to VimpelCom's future business development and economic performance and (5) other statements regarding matters that are not historical facts. The words "believe", "expect", "will", "may", "should", "would" and similar expressions identify certain of these forward–looking statements.

16

Readers are cautioned not to put undue reliance on forward−looking statements because actual events and results may differ materially from the expected results described by such forward−looking statements. Many factors may influence the Senders' or VimpelCom's actual results and cause them to differ materially from expected results as described in such forward−looking statements. The Senders disclaim any intention or obligation to update and revise any forward−looking statements, whether as a result of new information, future events or otherwise.

**Additional Information and Where to Find It**

Eco Telecom Limited ("Eco Telecom") has filed with the Securities and Exchange Commission (the "SEC") a statement on Schedule 13D with respect to Eco Telecom's interest in the securities of VimpelCom and a number of amendments thereto (as so amended, the "Schedule 13D"). Investors and security holders are urged to read the Schedule 13D, as well as VimpelCom's filings on Form 20−F and Form 6−K, and any other relevant documents filed or to be filed with the SEC, as well as any amendments or supplements to those documents, because they contain (or will contain) important information. Investors and security holders may obtain free copies of such documents at the SEC's website (http://www.sec.gov).

17



# OPEN JOINT STOCK CO VIMPEL
# COMMUNICATIONS (VIP)

10 12 8TH MARCH ST
MOSCOW RUSSIA, U2 125083
70959745888
http://www.vimpelcom.com/

## EX-2

**FORM OF PROXY CARD**
**SC 13D/A Filed on 06/14/2005**
File Number 005-48091



LIVEDGAR Information Provided by Global Securities Information, Inc.
800.669.1154
www.gsionline.com

PLEASE DETACH PROXY CARD HERE

**Proxy Solicited by Eco Telecom Limited**
**Re: Annual General Meeting of Shareholders of**
**Open Joint Stock Company "Vimpel-Communications"**
**to be held on June 22, 2005**

**P**

**R**

**O**

**X**

**Y**

The undersigned, an Owner of record as of the close of business of the registrar of Open Joint Stock Company "Vimpel-Communications" (the "Company") at 6:00 pm Moscow time or 10:00 am New York time on May 3, 2005, of Level III American Depositary Receipts (each representing one quarter (1/4) of one common share in registered form, nominal value 0.005 rubles each) of the Company, issued under the Deposit Agreement dated as of November 20, 1996, among the Company, The Bank of New York, as Depositary (the "Depositary"), and the Owners of the American Depositary Receipts issued thereunder, hereby appoints William P. Fiske and Kenneth C. Ward, and each of them, its proxies, with full power of substitution, and directs the proxies to cumulate the undersigned's votes with respect to election as directors of those nominees listed below where no vote is specified, or where the box FOR all nominees is marked, in order to elect the maximum number of such nominees as believed possible under the then prevailing circumstances, and to convey such cumulative voting instructions to the Depositary in order to be voted at the Annual General Meeting of Shareholders of the Company to be held on June 22, 2005 or at any adjournments, postponements or reschedulings thereof. If the undersigned withholds authority to vote for one or more nominees, all such votes will be cumulated for the other nominees at the discretion of the proxies, and such instructions will be conveyed to the Depositary, as provided above.

The proxies are also directed to instruct the Depositary to vote as directed herein with respect to the other matters to come before the meeting.

This proxy revokes all prior proxies and all prior instructions to The Bank of New York, as Depositary, given by the undersigned.

**4. Election of Directors**

**Peter Watson, David Haines, Alex Sozonoff, Natalia Tsukanova**

Instruction: To withhold authority to vote for one or more (but not all) of the nominees, write the nominee's name(s) in the space below:

|  |  |
|---|---|
| **FOR ALL** nominees listed below (except as marked to the contrary) | **WITHHOLD AUTHORITY** to vote for ALL nominees listed below |
| ☐ | ☐ |

PLEASE DETACH PROXY CARD HERE

| [X] | Please mark votes as in this example. | | | |
|---|---|---|---|---|

Resolutions — FOR / AGAINST / ABSTAIN

1. Approval of the 2004 VimpelCom Annual Report

2. Approval of VimpelCom's accounting statements, including Profit and Loss Statement for 2004 (prepared in accordance with Russian statutory accounting principles)

3. Allocation of profits and losses resulting from 2004 operations including non- payment of dividends to holders of common registered shares and payment of dividends to holders of preferred registered shares of type A

5. Approval of the amended and restated Procedural Regulations of the Board of Directors

6. Election of the Audit Commission

7. Approval of external auditors

8. Approval of reorganization of VimpelCom through statutory merger of CJSC "Extel" into VimpelCom and of the Merger Agreement between VimpelCom and CJSC "Extel".

9. Approval of reorganization of VimpelCom through statutory merger of CJSC "Sotovaya Company" into VimpelCom and of the Merger Agreement between VimpelCom and CJSC "Sotovaya Company"

10. Approval of reorganization of VimpelCom through statutory merger of CJSC "StavTeleSot" into VimpelCom and of the Merger Agreement between VimpelCom and CJSC "StavTeleSot"

11. Approval of reorganization of VimpelCom through Statutory Merger of CJSC "Vostok-Zapad Telecom" into VimpelCom and of the Merger Agreement between VimpelCom and CJSC "Vostok-Zapad Telecom"

12. Approval of reorganization of VimpelCom through statutory merger of OJSC "Orensot" into VimpelCom and of the Merger Agreement between VimpelCom and OJSC "Orensot"

13. Approval of reorganization of VimpelCom through statutory merger of CJSC "Beeline-Samara" into VimpelCom and of the Merger Agreement between VimpelCom and OJSC "Beeline-Samara"

14. Approval of reorganization of VimpelCom through statutory merger of OJSC "Dal Telecom International" into VimpelCom and of the Merger Agreement between VimpelCom and OJSC "Dal Telecom International"

Date _____ , 2005

_____
Share Owner Sign Here

_____
Co-Owner Sign Here

Please note that the ADR Depositary's deadline for receipt of voting instructions is June 20, 2005 at 12pm (noon) New York time. Please sign, date and return this form of proxy in the envelope provided as soon as possible.