# EXHIBIT W



# OPEN JOINT STOCK CO VIMPEL COMMUNICATIONS (VIP)

10 12 8TH MARCH ST
MOSCOW RUSSIA, U2 125083
70959745888
http://www.vimpelcom.com/

## SC 13D/A

SCHEDULE 13D AMENDMENT NO. 25
Filed on 11/30/2006
File Number 005-48091



EDGAR information provided by Global Securities Information, Inc.
800-303-1350
www.gsionline.com

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

# SCHEDULE 13D

Under the Securities Exchange Act of 1934
(Amendment No. 25)*

OPEN JOINT STOCK COMPANY
"VIMPEL–COMMUNICATIONS"

(Name of Issuer)

Common Stock, nominal value 0.005 rubles per share

(Title of Class of Securities)

68370R109

(CUSIP Number)

Franz Wolf
Eco Telecom Limited
Suite 2
4 Irish Place
Gibraltar
(350) 41977

(Name, Address and Telephone Number of Person Authorized to Receive Notices and Communications)

November 29, 2006

(Date of Event which Requires Filing of this Statement)

With a copy to:

Alexey Reznikovich
Altimo Holdings & Investments Limited
Str. Novy Arbat, build. 21
GSP–2
119992 Moscow, Russia
(7–495) 981–4449

If the filing person has previously filed a statement on Schedule 13G to report the acquisition that is the subject of this Schedule 13D, and is filing this schedule because of Rule 13d–1(e), 13d–1(f) or 13d–1(g), check the following box. ☐

Note: Schedules filed in paper format shall include a signed original and five copies of the schedule, including all exhibits. See §240.13d–7 for other parties to whom copies are to be sent.

* The remainder of this cover page shall be filled out for a reporting person's initial filing on this form with respect to the subject class of securities, and for any subsequent amendment containing information which would alter disclosures provided in a prior cover page.

The information required on the remainder of this cover page shall not be deemed to be "filed" for the purpose of Section 18 of the Securities Exchange Act of 1934 (the "Act") or otherwise subject to the liabilities of that section of the Act but shall be subject to all other provisions of the Act (however, see the Notes).

1. Name of Reporting Persons
   I.R.S. Identification Nos. of above persons (entities only)

   **Eco Telecom Limited**
   **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**

2. Check the Appropriate Box if a Member of a Group
   (a) ☐
   (b) ☒

3. SEC Use Only

4. Source of Funds

   **AF; OO**

5. Check if Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e)    ☐

6. Citizenship or Place of Organization

   **Gibraltar**

Number of Shares Beneficially Owned by Each Reporting Person With

7. Sole Voting Power

   **14,213,257 shares of Common Stock***

8. Shared Voting Power

   **0**

9. Sole Dispositive Power

   **14,213,257 shares of Common Stock***

10. Shared Dispositive Power

    **0**

11. Aggregate Amount Beneficially Owned by Each Reporting Person

    **14,213,257 shares of Common Stock***

12. Check If the Aggregate Amount in Row (11) Excludes Certain Shares    ☐

13. Percent of Class Represented by Amount in Row (11)

    **27.7% of Common Stock***

14. Type of Reporting Person

    **OO, HC**

---

\* Eco Telecom is also the direct beneficial owner of 6,426,600 (100%) shares of the Issuer's type-A voting preferred stock, which, together with the total number of shares of the Issuer's common stock owned by Eco Telecom, represents approximately 35.8% of the Issuer's outstanding voting capital stock. See Item 5.

-2-

| | |
|---|---|
| 1. Name of Reporting Persons<br>I.R.S. Identification Nos. of above persons (entities only)<br><br>**Altimo Holdings & Investments Limited**<br>000—00—0000 | |
| 2. Check the Appropriate Box if a Member of a Group<br>(a) ☐<br>(b) ☒ | |
| 3. SEC Use Only | |
| 4. Source of Funds<br><br>**OO** | |
| 5. Check if Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e) | ☐ |
| 6. Citizenship or Place of Organization<br><br>**British Virgin Islands** | |

| Number of Shares Beneficially Owned by Each Reporting Person With | 7. Sole Voting Power<br><br>**14,213,257 shares of Common Stock*** |
|---|---|
| | 8. Shared Voting Power<br><br>**0** |
| | 9. Sole Dispositive Power<br><br>**14,213,257 shares of Common Stock*** |
| | 10. Shared Dispositive Power<br><br>**0** |

| | |
|---|---|
| 11. Aggregate Amount Beneficially Owned by Each Reporting Person<br><br>**14,213,257 shares of Common Stock*** | |
| 12. Check If the Aggregate Amount in Row (11) Excludes Certain Shares | ☐ |
| 13. Percent of Class Represented by Amount in Row (11)<br><br>**27.7% of Common Stock*** | |
| 14. Type of Reporting Person<br><br>**OO, HC** | |

\* The Reporting Person may be deemed to beneficially own 6,426,600 (100%) shares of the Issuer's type–A voting preferred stock, which, together with the total number of shares of the Issuer's common stock that the Reporting Person may be deemed to beneficially own, represents approximately 35.8% of the Issuer's outstanding voting capital stock. See Item 5.

– 3 –

| | |
|---|---|
| 1. Name of Reporting Persons<br>I.R.S. Identification Nos. of above persons (entities only)<br><br>**CTF Holdings Limited**<br>**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** | |
| 2. Check the Appropriate Box if a Member of a Group<br>(a) ☐<br>(b) ☒ | |
| 3. SEC Use Only | |
| 4. Source of Funds<br><br>**AF; OO** | |
| 5. Check if Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e) | ☐ |
| 6. Citizenship or Place of Organization<br><br>**Gibraltar** | |

| Number of Shares Beneficially Owned by Each Reporting Person With | 7. Sole Voting Power<br>**14,213,257 shares of Common Stock*** |
| | 8. Shared Voting Power<br>**0** |
| | 9. Sole Dispositive Power<br>**14,213,257 shares of Common Stock*** |
| | 10. Shared Dispositive Power<br>**0** |

| | |
|---|---|
| 11. Aggregate Amount Beneficially Owned by Each Reporting Person<br><br>**14,213,257 shares of Common Stock*** | |
| 12. Check If the Aggregate Amount in Row (11) Excludes Certain Shares | ☐ |
| 13. Percent of Class Represented by Amount in Row (11)<br><br>**27.7% of Common Stock*** | |
| 14. Type of Reporting Person<br><br>**OO, HC** | |

\* The Reporting Person may be deemed to beneficially own 6,426,600 (100%) shares of the Issuer's type-A voting preferred stock, which, together with the total number of shares of the Issuer's common stock that the Reporting Person may be deemed to beneficially own, represents approximately 35.8% of the Issuer's outstanding voting capital stock. See Item 5.

– 4 –

1. Name of Reporting Persons
   I.R.S. Identification Nos. of above persons (entities only)

   **Crown Finance Foundation**
   **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**

2. Check the Appropriate Box if a Member of a Group
   (a) ☐
   (b) ☒

3. SEC Use Only

4. Source of Funds

   **AF; OO**

5. Check if Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e)    ☐

6. Citizenship or Place of Organization

   **Liechtenstein**

Number of Shares Beneficially Owned by Each Reporting Person With

7. Sole Voting Power
   **14,213,257 shares of Common Stock***
8. Shared Voting Power
   **0**
9. Sole Dispositive Power
   **14,213,257 shares of Common Stock***
10. Shared Dispositive Power
    **0**

11. Aggregate Amount Beneficially Owned by Each Reporting Person

    **14,213,257 shares of Common Stock***

12. Check If the Aggregate Amount in Row (11) Excludes Certain Shares    ☐

13. Percent of Class Represented by Amount in Row (11)

    **27.7% of Common Stock***

14. Type of Reporting Person

    **OO**

---

* The Reporting Person may be deemed to beneficially own 6,426,600 (100%) shares of the Issuer's type–A voting preferred stock, which, together with the total number of shares of the Issuer's common stock that the Reporting Person may be deemed to beneficially own, represents approximately 35.8% of the Issuer's outstanding voting capital stock. See Item 5.

−5−

**Item 1. Security and Issuer.**

This Amendment No. 25 (this "Amendment") to the Statement on Schedule 13D relates to the common stock, nominal value 0.005 rubles per share (the "Common Stock"), of Open Joint Stock Company "Vimpel-Communications" ("VimpelCom"). The initial Statement on Schedule 13D, previously filed jointly by Eco Telecom Limited ("Eco Telecom"), Eco Holdings Limited, CTF Holdings Limited ("CTF Holdings") and Crown Finance Foundation ("Crown Finance") on June 11, 2001 (as amended and supplemented by Amendment Nos. 1 through 24, the "Statement"), is hereby amended and supplemented with respect to the items set forth in this Amendment. Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Statement.

**Item 2. Identity and Background.**

This Amendment is being filed on behalf of each of the following persons (each, a "Reporting Person" and, collectively, the "Reporting Persons"):

(i)   Eco Telecom;

(ii)  Altimo Holdings & Investments Limited (formerly known as Alfa Telecom Limited) ("Altimo");

(iii) CTF Holdings; and

(iv)  Crown Finance.

The Statement, as amended hereby, relates to the shares of Common Stock held for the account of Eco Telecom.

<u>The Reporting Persons</u>

Eco Telecom is a Gibraltar company, with its principal business address at 10/8 International Commercial Centre, Casemates Square, Gibraltar. The principal business of Eco Telecom is to function as a holding company. Current information concerning the identity and background of the directors and officers of Eco Telecom is set forth in Annex A hereto, which is incorporated by reference in response to this Item 2.

Altimo is a British Virgin Islands company, with its principal address at P.O. Box 3339, Geneva Place, Second Floor, 333 Waterfront Drive, Road Town, Tortola, British Virgin Islands. The principal business of Altimo is to function as a holding company. Altimo is the sole shareholder of Eco Telecom and, in such capacity, may be deemed to be the beneficial owner of the shares of Common Stock held for the account of Eco Telecom. Current information concerning the identity and background of the directors and officers of Altimo is set forth in Annex A hereto, which is incorporated by reference in response to this Item 2.

CTF Holdings is a Gibraltar limited liability company, with its principal address at Suite 2, 4 Irish Place, Gibraltar. The principal business of CTF Holdings is to function as a holding company. CTF Holdings indirectly owns a majority of the shares of Altimo and, in such capacity, may be deemed to be the beneficial owner of the shares of Common Stock held for the account of Eco Telecom. Current information concerning the identity and background of the directors and officers of CTF Holdings is set forth in Annex A hereto, which is incorporated by reference in response to this Item 2.

Crown Finance is a Liechtenstein foundation, with its principal address at Am Schragen Weg 14, P.O. Box 1618, FL-9490, Vaduz, Liechtenstein. The principal business of Crown Finance is investment and management of the assets and capital of the foundation. Crown Finance is the sole shareholder of CTF Holdings and, in such capacity, may be deemed to be the beneficial owner of the shares of Common Stock held for the account of Eco Telecom. Current information concerning the identity and background of the directors and officers of Crown Finance is set forth in Annex A hereto, which is incorporated by reference in response to this Item 2.

The "Supervisory Board" coordinates the strategic development of a group of affiliated entities, often referred to as the "Alfa Group Consortium," which group includes the Reporting Persons. In certain instances, the Supervisory Board issues recommendations regarding strategic business decisions to the entities that are members of the Alfa Group Consortium. Current information regarding the identity and background of the members of the Supervisory Board is set forth in Annex A hereto, which is incorporated by reference in response to this Item 2.

During the past five years, none of the Reporting Persons and, to the best of the Reporting Persons' knowledge, no other person identified in response to this Item 2, has been (a) convicted in a criminal proceeding or (b) a party to any civil proceeding or a judicial or administrative body of competent jurisdiction as a result of which such person was or is subject to a judgment, decree or final order enjoining future violations of, or prohibiting or mandating activities subject to, federal or state securities laws, or finding any violation with respect to such laws.

**Item 3. Source and Amount of Funds or Other Consideration.**

No material change.

**Item 4. Purpose of Transaction.**

Item 4 is hereby supplemented as follows:

As described in Item 6, below, Eco Telecom has entered into an Amendment No. 1 to Collateral Agreement relating to a Collateral Agreement (each as defined in Item 6) that was appended as Exhibit 99.3 to Amendment No. 9 to Schedule 13D filed by the Reporting Persons on May 3, 2005.

**Item 5. Interest in Securities of the Issuer.**

Item 5 is hereby supplemented as follows:

(a) No material change.

(b) No material change.

(c) No material change.

(d) No material change.

(e) Not applicable.

**Item 6. Contracts, Arrangements, Understandings or Relationships with Respect to Securities of the Issuer.**

As stated in the Reporting Person's Amendment 9 to Schedule 13D, Eco Telecom issued $350,000,000 floating rate bonds due April 28, 2008 (the "Bonds") pursuant to an Indenture, dated as of April 28, 2005 (the "Indenture"), by and among Eco Telecom, Altimo (f/k/a Alfa Telecom Limited), Deutsche Bank AG London branch and Deutsche International Corporate Services Limited, as trustee (the "Trustee"). Pursuant to a Collateral Agreement, dated April 28, 2005 (the "Collateral Agreement"), among Eco Telecom, The Bank of New York ("BNY") and Deutsche International Corporate Services Limited (the "Collateral Agent"), Eco Telecom granted to the Collateral Agent a security interest in 5,120,000 shares of Common Stock or security entitlements in respect thereof to secure the performance of its obligations under the Bonds and the Indenture. Eco Telecom, the Collateral Agent and BNY, entered into Amendment No. 1 to Collateral Agreement, dated November 29, 2006 ("Amendment No. 1 to Collateral Agreement"), to correct a scrivener's error in the Collateral Agreement. Amendment No. 1 to Collateral Agreement clarifies the circumstances in which Eco Telecom and the Trustee, respectively, may give instructions to BNY, in its capacity as Securities Intermediary, as to the disposition of funds and security entitlements that serve as collateral. Amendment No. 1 to Collateral Agreement is attached hereto as Exhibit 99.1.

Except as provided in the documents described in the Statement on Schedule 13D and Amendments Nos. 1 through 24 hereto (inclusive), or as set forth herein, neither Eco Telecom, Altimo, CTF Holdings or Crown Finance, nor to the best of Eco Telecom's, Altimo's, CTF Holdings' or Crown Finance's knowledge, any of the individuals named in Item 2 hereof has entered into any contracts, arrangements, understandings or relationships (legal or otherwise) with any person with respect to any securities of VimpelCom, including, but not limited to, transfer or voting of any securities, finder's fees, joint ventures, loan or option arrangement, puts or calls, guarantees of profits, division of profits or losses, or the giving or withholding of proxies.

**Item 7. Material to be Filed as Exhibits.**

The Index of Exhibits attached hereto is incorporated herein by reference.

–7–

SIGNATURES

After reasonable inquiry and to the best of his or her knowledge and belief, each of the undersigned certifies that the information in this Amendment is true, complete and correct.

Date: November 30, 2006                ECO TELECOM LIMITED

                                       By:    /s/ Marina Kushnareva
                                       Name:  Marina Kushnareva
                                       Title: Director

Date: November 30, 2006                ALTIMO HOLDINGS & INVESTMENTS LIMITED

                                       By:    /s/ Franz Wolf
                                       Name:  Franz Wolf
                                       Title: Director

Date: November 30, 2006                CTF HOLDINGS LIMITED

                                       By:    /s/ Franz Wolf
                                       Name:  Franz Wolf
                                       Title: Director

Date: November 30, 2006                CROWN HOLDINGS LIMITED

                                       By:    /s/ Franz Wolf
                                       Name:  Franz Wolf
                                       Title: Attorney-in-Fact

– 8 –

## ANNEX A
### Directors and Officers of Eco Telecom Limited

| Name/Citizenship | Principal Occupation | Business Address |
|---|---|---|
| Marina Kushnareva, Director (Russia) | Manager, CTF Holdings Limited | Suite 2, 4 Irish Place, Gibraltar |

### Directors and Officers of Altimo Holdings & Investments Limited

| Name/Citizenship | Principal Occupation | Business Address |
|---|---|---|
| Geoffrey Piers Hemy, Director (United Kingdom) | Director, Grand Financial Holding S.A. | 11 Boulevard Royale L-2449 Luxembourg |
| Georgia Karydes, Director (Cyprus) | Director, Feldmans Management (Overseas) Ltd. | 6 Nikou Georgiou Street Block C, Office 704 Nicosia 1098, Cyprus |
| Alla Kudryavtseva, Director (Russia) | Director, CTF Holdings Limited | Suite 2, 4 Irish Place, Gibraltar |
| Alexey Reznikovich, Chief Executive Officer (Russia) | Chief Executive Officer, OOO ALTIMO Limited | Str. Novy Arbat, build. 21 GSP-2 119992 Moscow, Russia |
| Pavel Volitskiy, Director (Russia) | Manager, CTF Holdings Limited | Suite 2, 4 Irish Place, Gibraltar |
| Franz Wolf, Director (Germany) | Director, CTF Holdings Limited | Suite 2, 4 Irish Place, Gibraltar |

### Directors and Officers of CTF Holdings Limited

| Name/Citizenship | Principal Occupation | Business Address |
|---|---|---|
| Alla Kudryavtseva, Director (Russia) | Director, CTF Holdings Limited | Suite 2, 4 Irish Place, Gibraltar |
| Franz Wolf, Director (Germany) | Director, CTF Holdings Limited | Suite 2, 4 Irish Place, Gibraltar |

### Directors and Officers of Crown Finance Foundation

| Name/Citizenship | Principal Occupation | Business Address |
|---|---|---|
| Christian Rosenow, Director (Switzerland) | Financial Adviser | Talacker 35, 8001 Zurich, Switzerland |
| Dr. Norbert Seeger, Director (Liechtenstein) | Attorney, Arcomm Trust Company | Am Schragen Weg 14 P.O. Box 1618 FL-9490 Vaduz, Liechtenstein |
| Dr. Christian Zangerle, Director (Austria) | Attorney, Law Office of Dr. Norbert Seeger | Am Schragen Weg 14 P.O. Box 1618 FL-9490 Vaduz, Liechtenstein |

### Members of the Supervisory Board of Alfa Group Consortium

| Name/Citizenship | Principal Occupation | Business Address |
|---|---|---|
| Peter Aven, Director (Russia) | President, OJSC Alfa Bank | 11 Mashy Poryvaevoy Street 107078 Moscow, Russia |
| Alexandr Fain, Director (Russia) | Chief Executive Officer, Alfa Eco LLC | 21 Novy Arbat Street 121019 Moscow, Russia |

—9—

| | | |
|---|---|---|
| Mikhail Fridman,<br>Director (Russia) | Chairman of the Board of<br>Directors, OJSC Alfa Bank | 9 Mashy Poryvayevoy Street<br>107078 Moscow, Russia |
| Michail Gamzin,<br>Director (Russia) | Director General,<br>OAO Russian Technologies | 3 rd Golutvinsky Pereulok<br>10 Building 6<br>109180 Moscow, Russia |
| German Khan,<br>Director (Russia) | Executive Director,<br>TNK-BP Management | 18/2, Schipok Street<br>115093 Moscow, Russia |
| Lev Khasis,<br>Director (Russia) | Chief Executive Officer,<br>X 5 Retail Group N.V. | Kapranova Pereulok 3<br>123242 Moscow, Russia |
| Alexander Kosiyanenko,<br>Director (Russia) | Member of the Supervisory<br>Board of X 5 Retail Group N.V. | Apt. 421 Mozhayskoye shosse 2, B<br>121356 Moscow, Russia |
| Andrei Kosogov<br>Director (Russia) | Chairman of the Board of Directors of Alfa Asset<br>Management | 12 Prospect Academic Sakharov<br>107078 Moscow, Russia |
| Alexey Kuzmichev,<br>Director (Russia) | Chairman of Board of Directors,<br>Alfa Eco LLC | 21 Novy Arbat Street<br>121019 Moscow, Russia |
| Nigel John Robinson,<br>Director (United Kingdom) | Director of Corporate Development,<br>Finance and Control,<br>Alfa Group Consortium | 6 Sechenovskiy Pereulok<br>Building 3, Floor 3<br>119034 Moscow, Russia |
| Alexey Reznikovich,<br>Director (Russia) | Chief Executive Officer,<br>OOO ALTIMO Limited | Str. Novy Arbat, build. 21<br>GSP-2<br>119992 Moscow, Russia |
| Alexander Savin,<br>Director (Russia) | Managing Director,<br>A1 LLC | 12 Krasnopresenskaya Nab.<br>International Trade Center 2,<br>Entrance 7<br>123610 Moscow, Russia |

To the best of the Reporting Persons' knowledge:

(a)   None of the above persons holds any shares of Common Stock.

(b)   None of the above persons has any contracts, arrangements, understandings or relationships with respect to any shares of Common Stock.

-10-

**Index of Exhibits**

Exhibit 99.1   Amendment No. 1 to Collateral Agreement, dated as of November 29, 2006, among Eco Telecom, Deutsche International Corporate Services Limited and The Bank of New York.

– 11 –



# OPEN JOINT STOCK CO VIMPEL COMMUNICATIONS (VIP)

10 12 8TH MARCH ST
MOSCOW RUSSIA, U2 125083
70959745888
http://www.vimpelcom.com/

# EX-99.1

AMENDMENT NO. 1 TO COLLATERAL AGREEMENT, DATED AS OF NOVEMBER 29, 20
SC 13D/A Filed on 11/30/2006
File Number 005-48091



LIVEDGAR Information Provided by Global Securities Information, Inc.
800.669.1154
www.gsionline.com

Exhibit 99.1

## AMENDMENT NO. 1 TO COLLATERAL AGREEMENT

AMENDMENT dated as of November 29, 2006 to the Collateral Agreement dated as of April 28, 2005 (the "Collateral Agreement") among Eco Telecom Limited, a company organized under the laws of Gibraltar, as Pledgor (the "Pledgor"), Deutsche International Corporate Services Limited, a Jersey company, as Collateral Agent (in such capacity, together with its successors in such capacity, the "Collateral Agent") for the benefit of Deutsche International Corporate Services Limited, as trustee under the Indenture referred to therein (in such capacity, together with its successors in such capacity, the "Trustee"), the Trustee, The Bank of New York, as Securities Intermediary (as defined therein) (the "Securities Intermediary") and, solely with respect to Section 11 of the Collateral Agreement, The Bank of New York, in its capacity as depositary under the ADR Program (as defined therein) (in such capacity, together with its successors in such capacity, the "Depositary").

WHEREAS, the parties hereto have recognized that the Collateral Agreement in the written version executed on April 28, 2005 (the "Closing Date") contains a scrivener's error and does not fully reflect the agreement and understanding of the parties thereto;

WHEREAS, the Securities Intermediary agreed on the Closing Date to comply with any "entitlement order" (as defined in Section 8-102 of the UCC) originated by the Collateral Agent and relating to the Collateral Account or any financial asset credited thereto without further consent by the Pledgor or any other person, and the Pledgor consented to the foregoing agreement by the Securities Intermediary; and

WHEREAS, the parties hereto desire to correct such omission in the written version of the Collateral Agreement executed on the Closing Date by executing this Amendment;

NOW, THEREFORE, the parties hereto agree as follows:

SECTION 1. *Defined Terms; References.* Unless otherwise specifically defined herein, each term used herein that is defined in the Collateral Agreement has the meaning assigned to such term in the Collateral Agreement. Each reference to "hereof", "hereunder", "herein" and "hereby" and each other similar reference and each reference to "this Agreement" and each other similar reference contained in the Collateral Agreement shall, after this Amendment becomes effective, refer to the Collateral Agreement as amended hereby.

1

SECTION 2. *Entitlement Orders*. (a) The following provisions shall be added in Section 4(b) of the Collateral Agreement as a new subsections (v) and (vi):

"(v) <u>Entitlement Orders</u>. The Securities Intermediary agrees to comply with any "entitlement order" (as defined in Section 8-102 of the UCC) originated by the Collateral Agent and relating to the Collateral Account or any financial asset credited thereto without further consent by the Pledgor or any other person. The Pledgor consents to the foregoing agreement by the Securities Intermediary.

(vi) <u>Pledgor Entitlement Orders</u>. In addition to, and not in lieu of, the obligation of the Securities Intermediary to honor entitlement orders as agreed in Section 4(b)(v) hereof, the Securities Intermediary agrees that except as provided in Sections 7(a) or (b) hereof, the Securities Intermediary shall not comply with any entitlement order of the Pledgor or any agent of the Pledgor with respect to the Collateral Account or any financial asset credited thereto without the prior written consent of the Collateral Agent."

(a) The following sentence shall be added between the second and third sentences of Section 7(b):

"If the Securities Intermediary has received notice from the Collateral Agent that an LTV Ratio Triggered Early Maturity has occurred or an Event of Default has occurred and is continuing and the Collateral Agent has decided to exercise its remedies under Section 8 hereof, only the Collateral Agent shall have the right, from time to time, to vote and to give all approvals, consents, ratifications, waivers and to do all actions with respect to the Collateral (including all VIP Shares)."

(b) The following provision shall be added to the Collateral Agreement as a new Section 7(c):

"(c) The Collateral Agent agrees with the Pledgor that it will not: (A) originate any entitlement orders directing the Securities Intermediary not to pay over to the Pledgor cash dividends relating to the Collateral or any other entitlement order or similar instruction relating to cash constituting Collateral, (B) direct the Securities Intermediary with respect to the voting of any financial assets credited to the Collateral Account, or (C) originate any other entitlement orders in respect of any financial assets in the Collateral Account or otherwise (including entitlement orders directing disposition of any financial assets in the Collateral Account) or give any approval, consent, ratification, waiver or do any other action with respect to the Collateral, in each case, unless an LTV Ratio Triggered Early Maturity shall have occurred or an Event of Default shall have occurred and be

2

continuing and the Collateral Agent has decided to exercise its remedies under Section 8 hereof. The parties hereto agree that the agreement contained in the foregoing sentence is solely an agreement between the Collateral Agent and the Pledgor and shall not affect the obligations of the Securities Intermediary under Section 4(b)."

SECTION 3. *Governing Law*. This Amendment shall be governed by and construed in accordance with the laws of the State of New York.

SECTION 4. *Counterparts*. This Amendment may be signed in any number of counterparts, each of which shall be an original, with the same effect as if the signatures thereto and hereto were upon the same instrument.

SECTION 5. *Effectiveness*. This Amendment shall become effective on the date when a counterpart of this Amendment is signed by each of the Pledgor, the Collateral Agent, the Trustee and the Securities Intermediary and its effect shall be retroactive to the Closing Date.

3

IN WITNESS WHEREOF, the parties hereto have caused this Amendment to be duly executed as of the date first above written.

ECO TELECOM LIMITED,
   as Pledgor

By:  /s/ Marina Kushnareva
Name: Marina Kushnareva
Title: Director

DEUTSCHE INTERNATIONAL
CORPORATE SERVICES LIMITED,
   as Collateral Agent

By:  /s/ Louise Holmes /s/ Avril Kerr
Name: Louise Holmes/Avril Kerr
Title: Authorized Signatories

DEUTSCHE INTERNATIONAL
CORPORATE SERVICES LIMITED,
   as Trustee

By:  /s/ Louise Holmes /s/ Avril Kerr
Name: Louise Holmes/Avril Kerr
Title: Authorized Signatories

THE BANK OF NEW YORK,
   as Securities Intermediary

By:  /s/ Lloyd George
Name: Lloyd George
Title: Assistant Vice President

4

The undersigned, in its capacity as holder of Securities representing 100 percent of the Securities issued under the Indenture dated as of April 28, 2005 among Eco Telecom Limited, a company organized under the laws of Gibraltar, as Issuer, Alfa Telecom Limited, as Guarantor, Deutsche Bank AG London Branch, as Calculation Agent, and Deutsche International Corporate Services Limited, as trustee, outstanding as of the date hereof, in accordance with Section 12(b) of the Collateral Agreement, hereby consents to Amendment No. 1 to the Collateral Agreement.

IN WITNESS WHEREOF, the undersigned has caused this Amendment to be duly executed as of the date first above written.

DEUTSCHE BANK AG LONDON BRANCH,
as Holder of Securities

By: /s/ Andrew Dixon-Smith /s/ Hugh Corroon
Name: Andrew Dixon-Smith/Hugh Corroon
Title: Legal Counsel

5