**Федеральный закон от 26 июля 2006 г. N 135-ФЗ
"О защите конкуренции"
Принят Государственной Думой 8 июля 2006 года
Одобрен Советом Федерации 14 июля 2006 года**

**Статья 28.** Сделки с акциями (долями), имуществом коммерческих организаций, правами в отношении коммерческих организаций с предварительного согласия антимонопольного органа

1. В случае, если суммарная стоимость активов по последним балансам лиц (групп лиц), приобретающих акции (доли), права и (или) имущество, и лица (группы лиц), акции (доли) и (или) имущество которого и (или) права в отношении которого приобретаются, превышает три миллиарда рублей или если их суммарная выручка от реализации товаров за последний календарный год превышает шесть миллиардов рублей и при этом стоимость активов по последнему балансу лица (группы лиц), акции (доли) и (или) имущество которого и (или) права в отношении которого приобретаются, превышает сто пятьдесят миллионов рублей, либо если одно из указанных лиц включено в реестр, с предварительного согласия антимонопольного органа осуществляются следующие сделки с акциями (долями), правами и (или) имуществом:

1) приобретение лицом (группой лиц) голосующих акций акционерного общества, если такое лицо (группа лиц) получает право распоряжаться более чем двадцатью пятью процентами указанных акций при условии, что до этого приобретения такое лицо (группа лиц) не распоряжалось голосующими акциями данного акционерного общества или распоряжалось менее чем двадцатью пятью процентами голосующих акций данного акционерного общества. Указанное требование не распространяется на учредителей акционерного общества при его создании;

2) приобретение лицом (группой лиц) долей в уставном капитале общества с ограниченной ответственностью, если такое лицо (группа лиц) получает право распоряжаться более чем одной третью долей в уставном капитале данного общества при условии, что до этого приобретения такое лицо (группа лиц) не распоряжалось долями в уставном капитале данного общества или распоряжалось менее чем одной третью долей в уставном капитале данного общества. Указанное требование не распространяется на учредителей общества с ограниченной ответственностью при его создании;

3) приобретение долей в уставном капитале общества с ограниченной ответственностью лицом (группой лиц), распоряжающимся не менее чем одной третью долей и не более чем пятьюдесятью процентами долей в уставном капитале этого общества, если такое лицо (группа лиц) получает право распоряжаться более чем пятьюдесятью процентами указанных долей;

4) приобретение голосующих акций акционерного общества лицом (группой лиц), распоряжающимся не менее чем двадцатью пятью процентами и не более чем пятьюдесятью процентами голосующих акций акционерного общества, если это лицо (группа лиц) получает право распоряжаться более чем пятьюдесятью процентами таких голосующих акций;

5) приобретение долей в уставном капитале общества с ограниченной ответственностью лицом (группой лиц), распоряжающимся не менее чем пятьюдесятью процентами и не более чем двумя третями долей в уставном капитале этого общества, если такое лицо (группа лиц) получает право распоряжаться более чем двумя третями указанных долей;

6) приобретение голосующих акций акционерного общества лицом (группой лиц), распоряжающимся не менее чем пятьюдесятью процентами и не более чем семьюдесятью пятью процентами голосующих акций акционерного общества, если это лицо (группа лиц) получает право распоряжаться более чем семьюдесятью пятью процентами таких голосующих акций;

7) получение в собственность, пользование или во владение хозяйствующим субъектом (группой лиц) основных производственных средств и (или) нематериальных активов другого хозяйствующего субъекта (за исключением финансовой организации), если балансовая стоимость имущества, составляющего предмет сделки или взаимосвязанных сделок, превышает двадцать процентов балансовой стоимости основных производственных средств и нематериальных активов хозяйствующего субъекта, осуществляющего отчуждение или передачу имущества;

8) приобретение лицом (группой лиц) в результате одной или нескольких сделок (в том числе на основании договора доверительного управления имуществом, договора о совместной деятельности или договора поручения) прав, позволяющих определять условия осуществления

хозяйствующим субъектом (за исключением финансовой организации) предпринимательской деятельности или осуществлять функции его исполнительного органа.

2. Предусмотренное частью 1 настоящей статьи требование о получении предварительного согласия антимонопольного органа на осуществление сделок не применяется, если указанные в части 1 настоящей статьи сделки осуществляются с соблюдением условий, предусмотренных статьей 31 настоящего Федерального закона, или их осуществление предусмотрено актами Президента Российской Федерации или актами Правительства Российской Федерации либо если сделки осуществляются с акциями (долями) финансовых организаций.

Статья 29. Сделки с акциями (долями), активами финансовых организаций и правами в отношении финансовых организаций с предварительного согласия антимонопольного органа

1. В случае, если стоимость активов по последнему балансу финансовой организации превышает величину, установленную Правительством Российской Федерации (при осуществлении сделок с акциями (долями), активами кредитной организации или правами в отношении кредитной организации такая величина устанавливается Правительством Российской Федерации по согласованию с Центральным банком Российской Федерации), с предварительного согласия антимонопольного органа осуществляются следующие сделки с акциями (долями), активами финансовой организации или правами в отношении финансовой организации:

1) приобретение лицом (группой лиц) голосующих акций акционерного общества, если такое лицо (группа лиц) получает право распоряжаться более чем двадцатью пятью процентами указанных акций при условии, что до этого приобретения такое лицо (группа лиц) не распоряжалось голосующими акциями данного акционерного общества или распоряжалось менее чем двадцатью пятью процентами голосующих акций данного акционерного общества. Это требование не распространяется на учредителей финансовой организации при ее создании;

2) приобретение лицом (группой лиц) долей в уставном капитале общества с ограниченной ответственностью, если такое лицо (группа лиц) получает право распоряжаться более чем одной третью долей в уставном капитале данного общества при условии, что до этого приобретения такое лицо (группа лиц) не распоряжалось долями данного общества или распоряжалось менее чем одной третью долей в уставном капитале данного общества. Это требование не распространяется на учредителей финансовой организации при ее создании;

3) приобретение долей в уставном капитале общества с ограниченной ответственностью лицом (группой лиц), распоряжающимся не менее чем одной третью долей и не более чем пятьюдесятью процентами долей в уставном капитале этого общества, если такое лицо (группа лиц) получает право распоряжаться более чем пятьюдесятью процентами указанных долей;

4) приобретение голосующих акций акционерного общества лицом (группой лиц), распоряжающимся не менее чем двадцатью пятью процентами и не более чем пятьюдесятью процентами голосующих акций акционерного общества, если это лицо (группа лиц) получает право распоряжаться более чем пятьюдесятью процентами таких голосующих акций;

5) приобретение долей в уставном капитале общества с ограниченной ответственностью лицом (группой лиц), распоряжающимся не менее чем пятьюдесятью процентами и не более чем двумя третями долей в уставном капитале этого общества, если такое лицо (группа лиц) получает право распоряжаться более чем двумя третями указанных долей;

6) приобретение голосующих акций акционерного общества лицом (группой лиц), распоряжающимся не менее чем пятьюдесятью процентами и не более чем семьюдесятью пятью процентами голосующих акций акционерного общества, если это лицо (группа лиц) получает право распоряжаться более чем семьюдесятью пятью процентами таких голосующих акций;

7) приобретение лицом (группой лиц) в результате одной сделки или нескольких сделок активов финансовой организации, размер которых превышает величину, установленную Правительством Российской Федерации;

8) приобретение лицом (группой лиц) в результате одной сделки или нескольких сделок (в том числе на основании договора доверительного управления имуществом, договора о совместной деятельности или договора поручения) прав, позволяющих определять условия осуществления

предпринимательской деятельности финансовой организацией или осуществлять функции ее исполнительного органа.

2. Предусмотренное частью 1 настоящей статьи требование о получении предварительного согласия антимонопольного органа на осуществление сделок не применяется, если указанные в части 1 настоящей статьи сделки осуществляются с соблюдением условий, предусмотренных статьей 31 настоящего Федерального закона, либо их осуществление предусмотрено актами Президента Российской Федерации или актами Правительства Российской Федерации.

**Статья 30.** Сделки, иные действия, об осуществлении которых должен быть уведомлен антимонопольный орган

1. Антимонопольный орган должен быть уведомлен:

1) коммерческой организацией о ее создании в результате слияния коммерческих организаций (за исключением слияния финансовых организаций), если суммарная стоимость активов по последним балансам или суммарная выручка от реализации товаров за календарный год, предшествующий году слияния, коммерческих организаций, деятельность которых прекращается в результате слияния, превышает двести миллионов рублей, - не позднее чем через сорок пять дней после даты слияния;

2) коммерческой организацией о присоединении к ней другой коммерческой организации (за исключением присоединения финансовой организации), если суммарная стоимость активов указанных организаций по последнему балансу или их суммарная выручка от реализации товаров за календарный год, предшествующий году присоединения, превышает двести миллионов рублей, - не позднее чем через сорок пять дней после даты присоединения;

3) финансовой организацией о ее создании в результате слияния финансовых организаций, если стоимость ее активов по последнему балансу не превышает величину, установленную Правительством Российской Федерации (при создании в результате слияния кредитной организации такая величина устанавливается Правительством Российской Федерации по согласованию с Центральным банком Российской Федерации), - не позднее чем через сорок пять дней после даты слияния;

4) финансовой организацией о присоединении к ней другой финансовой организации, если стоимость активов по последнему балансу созданной в результате присоединения финансовой организации не превышает величину, установленную Правительством Российской Федерации (при создании в результате присоединения кредитной организации такая величина устанавливается Правительством Российской Федерации по согласованию с Центральным банком Российской Федерации), - не позднее чем через сорок пять дней после даты присоединения;

5) лицами, приобретающими акции (доли), права и (или) имущество (за исключением акций (долей) и (или) активов финансовых организаций), об осуществлении сделок, иных действий, указанных в статье 28 настоящего Федерального закона, если суммарная стоимость активов по последнему балансу или суммарная выручка от реализации товаров лиц (группы лиц), указанных в статье 28 настоящего Федерального закона, за календарный год, предшествующий году осуществления таких сделок, иных действий, превышает двести миллионов рублей и при этом суммарная стоимость активов по последнему балансу лица (группы лиц), акции (доли) и (или) имущество которого приобретаются или в отношении которого приобретаются права, превышает тридцать миллионов рублей либо если одно из таких лиц включено в реестр, - не позднее чем через сорок пять дней после даты осуществления таких сделок, иных действий.

2. Предусмотренное частью 1 настоящей статьи требование об уведомлении антимонопольного органа не применяется в случае осуществления сделок, иных действий с предварительного согласия антимонопольного органа.

**Статья 31.** Особенности государственного контроля за экономической концентрацией, осуществляемой группой лиц

1. Сделки, иные действия, указанные в статьях 27-29 настоящего Федерального закона, осуществляются без предварительного согласия антимонопольного органа, но с последующим его уведомлением об их осуществлении в порядке, предусмотренном статьей 32 настоящего Федерального закона, в случае, если соблюдаются в совокупности следующие условия:

1) сделки, иные действия, указанные в статьях 27-29 настоящего Федерального закона, осуществляются лицами, входящими в одну группу лиц;

2) перечень лиц, входящих в одну группу, с указанием оснований, по которым такие лица входят в эту группу, был представлен любым входящим в эту группу лицом (заявителем) в федеральный антимонопольный орган в утвержденной им форме не позднее чем за один месяц до осуществления сделок, иных действий;

3) перечень лиц, входящих в эту группу, на момент осуществления сделок, иных действий не изменился по сравнению с представленным в федеральный антимонопольный орган перечнем таких лиц.

2. Федеральный антимонопольный орган в течение десяти дней со дня получения перечня лиц, входящих в одну группу, с указанием оснований, по которым такие лица входят в эту группу, направляет заявителю одно из следующих уведомлений о:

1) получении такого перечня и размещении его на официальном сайте федерального антимонопольного органа в сети "Интернет", если такой перечень был представлен в форме, утвержденной федеральным антимонопольным органом;

2) нарушении формы представления такого перечня и несоблюдении условий, указанных в части 1 настоящей статьи.

3. Антимонопольный орган должен быть уведомлен о сделках, об иных действиях, осуществляемых с соблюдением условий, предусмотренных настоящей статьей, лицом, которое было заинтересовано в осуществлении указанных в статьях 28 и 29 настоящего Федерального закона сделок, иных действий, или лицом, которое было создано в результате осуществления сделок, иных действий, указанных в статье 27 настоящего Федерального закона, - не позднее чем через сорок пять дней после даты осуществления таких сделок, иных действий.

4. Федеральным антимонопольным органом утверждается форма представления перечня лиц, входящих в одну группу лиц, с указанием оснований, по которым такие лица входят в эту группу.

**Статья 33.** Принятие антимонопольным органом решения по результатам рассмотрения ходатайства, выдача антимонопольным органом предписания лицу, представившему уведомление

1. В течение тридцати дней с даты получения ходатайства, предусмотренного статьей 32 настоящего Федерального закона, антимонопольный орган обязан рассмотреть это ходатайство и сообщить в письменной форме заявителю о принятом решении.

2. По результатам рассмотрения ходатайства о даче согласия на осуществление сделки, иного действия, подлежащих государственному контролю, антимонопольный орган принимает следующее решение:

1) об удовлетворении ходатайства, если сделка, иное действие, заявленные в ходатайстве, не приведут к ограничению конкуренции;

2) о продлении срока рассмотрения ходатайства в связи с необходимостью его дополнительного рассмотрения, а также получения дополнительной информации для принятия предусмотренного пунктами 1, 3, 4 и 5 настоящей части решения по результатам рассмотрения ходатайства, если установлено, что заявленные в ходатайстве сделка, иное действие могут привести к ограничению конкуренции, в том числе в результате возникновения или усиления доминирующего положения лица (группы лиц);

3) о продлении срока рассмотрения ходатайства о даче согласия на слияние коммерческих организаций, присоединение к коммерческой организации одной или нескольких коммерческих организаций, создание коммерческой организации в случаях, указанных в статье 27 настоящего Федерального закона, в связи с определением условий, после выполнения которых заявителем и (или) иными лицами, участвующими в таком слиянии, присоединении или создании, антимонопольный орган принимает решение об удовлетворении ходатайства, и определением

срока выполнения таких условий, который не может превышать девять месяцев. Такие условия являются неотъемлемой частью решения о продлении срока рассмотрения этого ходатайства;

4) об удовлетворении ходатайства о даче согласия на осуществление сделки, иного действия, указанных в статьях 28 и 29 настоящего Федерального закона, и одновременной выдаче заявителю предписания, предусмотренного пунктом 2 части 1 статьи 23 настоящего Федерального закона, об осуществлении действий, направленных на обеспечение конкуренции, в случае осуществления им заявленных в ходатайстве сделок, иных действий;

5) об отказе в удовлетворении ходатайства, если сделка, иное действие, заявленные в ходатайстве, приведут к ограничению конкуренции, в том числе в результате возникновения или усиления доминирующего положения заявителя, а также доминирующего положения лица, которое будет создано в результате осуществления заявленных в ходатайстве сделки, иного действия, и если при рассмотрении представленных документов антимонопольный орган обнаружит, что информация, содержащаяся в них и имеющая значение для принятия решения, является недостоверной.

3. Указанный в части 1 настоящей статьи срок может быть продлен решением, предусмотренным пунктом 2 части 2 настоящей статьи, не более чем на два месяца. В случае принятия такого решения антимонопольный орган на своем официальном сайте в сети "Интернет" размещает сведения о сделке, об ином действии, заявленных в ходатайстве о даче согласия на осуществление сделки, иного действия. Заинтересованные лица вправе представить в антимонопольный орган сведения о влиянии на состояние конкуренции таких сделок, иного действия.

4. Решение о продлении срока рассмотрения ходатайства, предусмотренное пунктом 3 части 2 настоящей статьи, принимается антимонопольным органом в случае, если слияние коммерческих организаций, присоединение к коммерческой организации одной или нескольких коммерческих организаций либо создание коммерческой организации приведет или может привести к ограничению конкуренции, в том числе в результате возникновения или усиления доминирующего положения лица (группы лиц), которое будет создано в результате осуществления таких действий.

5. В целях обеспечения конкуренции условия, предусмотренные пунктом 3 части 2 настоящей статьи, в том числе могут содержать:

1) порядок доступа к производственным мощностям, инфраструктуре или информации, которыми распоряжается заявитель, а также иные лица, участвующие в слиянии коммерческих организаций, присоединении к коммерческой организации одной или нескольких коммерческих организаций, создании коммерческой организации;

2) порядок предоставления другим лицам прав на объекты охраны промышленной собственности, которыми распоряжается заявитель, а также иные лица, участвующие в слиянии коммерческих организаций, присоединении к коммерческой организации одной или нескольких коммерческих организаций, создании коммерческой организации;

3) требования к заявителю, а также к иным лицам, участвующим в слиянии коммерческих организаций, присоединении к коммерческой организации одной или нескольких коммерческих организаций, создании коммерческой организации, о передаче имущества другому лицу, не входящему в одну группу лиц с указанными заявителем и (или) иными лицами, об уступке прав требований и (или) обязательств указанных заявителя и (или) иных лиц другому лицу, не входящему в одну группу лиц с указанными заявителем и (или) иными лицами;

4) требования к составу группы лиц, в которую входит заявитель, а также иные лица, участвующие в слиянии коммерческих организаций, присоединении к коммерческой организации одной или нескольких коммерческих организаций, создании коммерческой организации.

6. После выполнения условий, указанных в пункте 3 части 2 настоящей статьи, заявитель представляет в антимонопольный орган документы, подтверждающие их выполнение. В течение тридцати дней с момента получения указанных документов в случае подтверждения на их основании выполнения в установленный срок таких условий антимонопольный орган принимает решение об удовлетворении ходатайства о даче согласия на слияние коммерческих организаций, присоединение к коммерческой организации одной или нескольких коммерческих организаций, создание коммерческой организации, в ином случае - решение об отказе в

удовлетворении ходатайства.

7. Предусмотренное пунктом 4 части 2 настоящей статьи решение об удовлетворении ходатайства о даче согласия на осуществление сделки, иного действия и одновременной выдаче предписания принимается антимонопольным органом в случае, если заявленные в этом ходатайстве сделки, иные действия приведут к ограничению конкуренции.

8. Решение антимонопольного органа о даче согласия на осуществление сделок, иных действий прекращает свое действие, если такие сделки, иные действия не осуществлены в течение года с даты принятия указанного решения.

9. Лица, на которых статьей 30 настоящего Федерального закона возложена обязанность уведомлять антимонопольный орган об осуществлении сделок, иных действий, подлежащих государственному контролю, до осуществления таких сделок, иных действий вправе представить вместо уведомления ходатайство о даче согласия на их осуществление в антимонопольный орган, который обязан рассмотреть это ходатайство в порядке, установленном настоящей статьей.

10. В случае, если предусмотренные статьей 30 настоящего Федерального закона сделки, иные действия привели или могут привести к ограничению конкуренции, в том числе в результате возникновения или усиления доминирующего положения хозяйствующего субъекта, заявитель, представивший соответствующее уведомление в антимонопольный орган, или группа лиц, в которую входит заявитель, обязаны осуществить действия, направленные на обеспечение конкуренции, по предписанию антимонопольного органа, выданному в соответствии с пунктом 2 части 1 статьи 23 настоящего Федерального закона.

**Статья 34.** Последствия нарушения порядка получения предварительного согласия антимонопольного органа на осуществление сделок, иных действий, а также порядка представления в антимонопольный орган уведомлений об осуществлении сделок, иных действий, подлежащих государственному контролю

1. Коммерческая организация, созданная без получения предварительного согласия антимонопольного органа, в том числе в результате слияния или присоединения коммерческих организаций, в случаях, указанных в статье 27 настоящего Федерального закона, ликвидируется либо реорганизуется в форме выделения или разделения в судебном порядке по иску антимонопольного органа, если ее создание привело или может привести к ограничению конкуренции, в том числе в результате возникновения или усиления доминирующего положения.

2. Сделки, указанные в статьях 28 и 29 настоящего Федерального закона и осуществленные без получения предварительного согласия антимонопольного органа, признаются недействительными в судебном порядке по иску антимонопольного органа, если такие сделки привели или могут привести к ограничению конкуренции, в том числе в результате возникновения или усиления доминирующего положения.

3. Коммерческая организация, на которую возложена обязанность уведомлять антимонопольный орган об осуществлении действий, указанных в пунктах 1-4 части 1 статьи 30 настоящего Федерального закона, и которая нарушила порядок уведомления антимонопольного органа об осуществлении таких действий, ликвидируется либо реорганизуется в форме выделения или разделения в судебном порядке по иску антимонопольного органа, если такие действия привели или могут привести к ограничению конкуренции, в том числе в результате возникновения или усиления доминирующего положения.

4. Сделки, иные действия, указанные в пункте 5 части 1 статьи 30 настоящего Федерального закона и осуществленные с нарушением порядка уведомления антимонопольного органа, признаются недействительными в судебном порядке по иску антимонопольного органа, если такие сделки, иные действия привели или могут привести к ограничению конкуренции, в том числе в результате возникновения или усиления доминирующего положения.

5. Неисполнение предписания антимонопольного органа, которое выдано в порядке, предусмотренном пунктом 4 части 2 статьи 33 настоящего Федерального закона, является основанием для признания соответствующих сделок недействительными в судебном порядке по иску антимонопольного органа.

6. Неисполнение предписания антимонопольного органа, которое выдано в порядке, предусмотренном статьей 33 настоящего Федерального закона, иное нарушение требований статей 27-32 настоящего Федерального закона наряду с последствиями, указанными в настоящей статье, влекут за собой ответственность в случаях, установленных законодательством Российской Федерации об административных правонарушениях.

**FEDERAL LAW
NO. 135-FZ OF JULY 26, 2006
ON PROTECTION OF COMPETITION
Adopted by the State Duma on July 8, 2006
Endorsed by the Federation Council on July 14, 2006**

**Article 28.** Transactions with Stocks (Shares) and Property of Profit-Making Organisations in Respect of Profit-Making Organisations with the Preliminary Consent of the Antimonopoly Body

1. If the total value of assets according to the last balance sheets of the persons (groups of persons) acquiring stocks (shares), rights and (or) property and of the person (the group of persons), whose stocks (shares) and (or) property and (or) the rights in respect of such are acquired, exceeds three billion roubles or if their total proceeds from the sale of commodities within the last calendar year exceed six billion dollars and, with this, the value of assets according to the last balance sheet of the person (the group of persons) whose stocks (shares) and (or) property and (or) the rights in respect of such are acquired, exceeds one hundred and fifty million roubles, or if one of the said persons is included into the register, the following transactions with stocks (shares), rights and (or) property shall be made with the preliminary consent of the antimonopoly body:

1) acquisition by a person (a group of persons) of voting stocks of a joint-stock company, if such person (group of persons) acquires the right to dispose of over twenty five of the said stocks, provided that prior to this acquisition such person (such group of persons) had not disposed of voting stocks of this joint-stock company or had disposed of less than twenty five per cent of voting stocks of the joint-stock company. The said demand shall not extend to founders of a joint-stock company when it is being established;

2) acquisition by a person (group of persons) of shares in the authorised capital of a limited liability company, if such person (the group of persons) acquires the right of disposing of over one third of the shares in the authorised capital of the limited liability company, provided that prior to this acquisition this person (group of persons) had not disposed of shares in the authorised capital of the company or had disposed of less than one third of shares in the authorised capital of the company. The said demand shall not extend to founders of a limited liability company when it is being established;

3) acquisition of shares in the authorised capital of a limited liability company by a person (a group of persons) disposing of at least one third of shares and of at most fifty per cent of shares in the authorised capital of this company, if such person (such group of persons) acquires the right to dispose of over fifty per cent of the said shares;

4) acquisition of voting stocks of a joint-stock company by the person (group of persons) disposing of at least twenty five per cent and of at most fifty per cent of voting stocks of the joint-stock company, if this person (the group of persons) acquires the right to dispose of more than fifty per cent of such voting stocks;

5) acquisition of shares in the authorised capital of a limited liability company by the person (the group of persons) disposing of at least fifty per cent and of at most of two thirds of shares in the authorised capital of this company, if such person (such group of persons) acquires the right to dispose of over two thirds of the said shares;

6) acquisition of voting stocks of a joint-stock company by the person (group of persons) disposing of at least fifty per cent and of at most seventy five per cent of voting stocks of the joint-stock company, if this person (group of persons) acquires the right of disposing of over seventy five per cent of such voting stocks;

7) acquisition for ownership, use or possession by an economic unit (a group of persons) of basic production facilities and (or) intangible assets of another economic unit (except for a financial organisation), if the balance sheet value of the property constituting the object of the transaction or of interrelated transactions exceeds twenty per cent of the balance sheet value of the basic production facilities and intangible assets of the economic unit alienating or transferring the property;

8) acquisition by a person (group of persons) as a result of one or several transactions (in particular on the basis of a contract of property trust management, contract of joint activities or contract of agency) of the rights entitling to determine the terms of exercising by an economic unit (except for a financial organisation) business activities or to exercise the functions of its executive body.

2. The demand for obtaining of the preliminary consent of the antimonopoly body for making the transactions provided for by Part 1 of this Article shall not apply if the transactions specified in Part 1

of this Article are made subject to the terms and conditions provided for by Article 31 of this Federal Law, or their making is provided for by acts of the President of the Russian Federation or acts of the Government of the Russian Federation, or if transactions are made with stocks (shares) of financial organisations.

**Article 29.** Transactions with Stocks (Shares), Assets of Financial Organisations and Rights in Respect Financial Organisations Made with the Preliminary Consent of the Antimonopoly Body

1. If the value of assets according to the last balance sheet of a financial organisation exceeds the value established by the Government of the Russian Federation (when making transactions with stocks (shares), assets of a credit organisation or rights in respect of a credit organisation, such value shall be established by the Government of the Russian Federation by approbation of the Central Bank of the Russian Federation), the following transactions with stocks (shares), assets of a financial organisation or rights in respect of a financial organisation shall be made with the preliminary consent of the antimonopoly body:

1) acquisition by a person (group of persons) of voting stocks of a joint-stock company, if such person (such group of persons) acquires the right to dispose of over twenty five per cent of the said stocks, provided that before this acquisition such person (group of persons) had not disposed of voting stocks of this joint-stock company or had disposed of less than twenty five per cent of voting stocks of this joint-stock company. This demand shall not extend to founders of a financial organisation when it is being established;

2) acquisition by a person (group of persons) of shares in the authorised capital of a limited liability company, if such person (group of persons) acquires the right of disposing of over one third of shares in the authorised capital of this company, provided that prior to this acquisition such person (group of persons) had not disposed of shares of this company or had disposed of less that one third of shares in the authorised capital of this company. This demand shall not extend to founders of a financial organisation when it is being established;

3) acquisition of shares in the authorised capital of a limited liability company by the person (group of persons) disposing of at least one third of shares and of at most fifty per cent of shares in the authorised capital of this company, if such person (group of persons) acquires the right to dispose of over fifty per cent of the said shares;

4) acquisition of voting stocks of a joint-stock company by the person (group of persons) disposing of at least twenty five per cent and of at most fifty per cent of voting stocks of the joint-stock company, if this person (group of persons) acquires the right of disposing of over fifty per cent of such voting stocks;

5) acquisition of shares in the authorised capital of a limited liability company by the person (group of persons) disposing of at least fifty per cent and of at most two thirds of shares in the authorised capital of this company, if such person (group of persons) acquires the right to dispose of over two thirds of the said shares;

6) acquisition of voting stocks of a joint-stock company by the person (group of persons) disposing of at least fifty per cent and of at most seventy five per cent of voting stocks of the joint-stock company, if this person (group of persons) acquires the right to dispose of over seventy five per cent of such voting stocks;

7) acquisition by a person (group of persons) as a result of one or several transactions the assets of a financial organisation whose amount exceeds the rate established by the Government of the Russian Federation;

8) acquisition by a person (group of persons) as a result of one transaction or several transactions (in particular on the basis of a contract of property trust management, a contract of joint activities or contract of agency) of the rights entitling to determine the terms of exercising business activities by a financial organisation or to exercise the functions of its executive body.

2. The demand for obtaining of the preliminary consent of the antimonopoly body to making transactions provided for by Part 1 of this Article, shall apply if the transactions specified in Part 1 of this Article shall be made subject to the conditions provided for by Article 31 of this Federal Law or their making is stipulated by acts of the President of the Russian Federation or acts of the Government of the Russian Federation.

**Article 30.** Transactions or Other Actions Which the Antimonopoly Body Must Be Notified

**1.** The antimonopoly body must be notified:

1) by a profit-making organisation of its establishment as a result of a merger of profit-making organisations (except for mergers of financial organisations), if the total value of assets according to the last balance sheets or the total proceeds from the sale of commodities within the calendar year preceding the year when the merger takes place, of the profit-making organisations whose activities are terminated as a result of the merger exceed two hundred million roubles - at the latest in forty five days as of the date of the merger;

2) by a profit-making organisation of affiliation thereto of another profit-making organisation (except for affiliation of a financial organisation), if the total value of assets of the said organisations according to the last balance sheet or the total proceeds thereof from the sale of commodities within the calendar year preceding the year when the affiliation takes place exceeds two hundred million roubles - at the latest in forty five days as of the date of the affiliation;

3) by a financial organisation of its establishment as a result of a merger of financial organisations, if the value of its assets according to the last balance sheet does not exceed the rate established by the Government of the Russian Federation (when a credit organisation is established as a result of a merger, such rate shall be established by the Government of the Russian Federation by approbation of the Central Bank of the Russian Federation - at the latest in forty five days as of the date of the merger;

4) by a financial organisation of affiliation thereto of another financial organisation, if the value of assets according to the last balance sheet of the financial organisation established as result of affiliation of the financial organisation does not exceed the rate established by the Government of the Russian Federation (when a credit organisation is established as a result of affiliation, such rate shall be fixed by the Government of the Russian Federation by approbation of the Central Bank of the Russian Federation) - at the latest in forty five days as of the date of the affiliation;

5) by the persons acquiring stocks (shares), rights and (or) other property (except for stocks (shares) and (or) assets of financial organisations) of making the transaction or taking other actions specified by Article 28 of this Federal Law, if the total value of assets according to the last balance sheet or the total proceeds from the sale of commodities of the persons (of a group of the persons) specified in Article 28 of this Federal Law within the calendar year preceding the year when such transactions are made, exceed two hundred million roubles and, with this, the total value of assets according to the last balance sheet of the person (group of persons) whose stocks (shares) and (or) property is acquired or in respect of which the rights are acquired, exceeds thirty million roubles or if one of such persons is included into the register - at the latest in forty five days as of the date of making such transactions or other actions.

**2.** The demand for notifying the antimonopoly body provided for by Part 1 of this Article shall not apply in the event of making transactions or taking other actions with the preliminary consent of the antimonopoly body.

**Article 31.** Specifics of the State Control over the Economic Concentration Effected by a Group of Persons

**1.** The transactions or other actions specified by Articles 27-29 of this Federal Law shall be made without the preliminary consent of the antimonopoly body but with subsequent notification of their making in the procedure provided for by Article 32 of this Federal Law, provided that the following conditions are met in the aggregate:

1) the transactions or other actions specified by Articles 27-29 of this Federal Law are made by the persons pertaining to the same group of persons;

2) the list of persons pertaining to the same group, with the reasons for such persons' pertinence to this group stated therein was submitted by any person pertaining to this group (by the applicant) to the federal antimonopoly body in the approved form at the latest one month before making the transactions or taking other actions;

3) the list of the persons pertaining to the same group was the same at the time of making transactions or taking other actions as compared to the list of such persons submitted to the federal antimonopoly body.

2. The federal antimonopoly body within ten days of the date of receiving the list of the persons pertaining to the same group with the reasons for such persons' pertinence to this group stated therein shall send to the applicant one of the following notifications:

1) of receiving such list and placing it on the official Internet website of the federal antimonopoly body, if such list has been submitted in the form endorsed by the federal antimonopoly body;

2) of failing to comply with the form of submitting such list and of failing to meet the conditions specified by Part 1 of this Article.

3. The antimonopoly body must be notified of the transactions and other actions made subject to the conditions provided for by this Article by the person which was interested in making the transactions or taking other actions specified by Articles 28 and 29 of this Federal Law or by the person which was established as result of making the transactions or taking other actions specified by Article 27 of this Federal Law - at the latest in forty five days as of the date of making such transactions or other actions.

4. The federal antimonopoly body shall endorse the form of submitting the list of persons pertaining to the same group of persons with the reasons for such persons' pertinence to this group stated therein.

**Article 33.** Rendering by the Antimonopoly Body a Decision on the Basis of Consideration of the Application and Issuance by the Antimonopoly Body of an Order to the Person Which Has Submitted the Notification

1. The antimonopoly body shall be obliged within thirty days as of the date of receiving the application provided for by Article 32 of this Federal Law to consider this application and notify the applicant in writing of the decision rendered.

2. On the basis of the results of considering an application for giving consent to making a transaction or taking other actions subject to the state registration the antimonopoly body shall render the following decision:

1) on allowing the application, if the transaction or other action declared in the application does not lead to limitation of competition;

2) on extending the time period for considering the application because of the necessity of its additional consideration, as well as of obtaining additional information for rendering the decision on the basis of the results of considering the application provided for by Items 1, 3, 4 and 5 of this Part, if it is established that the transaction or other action declared in the application may lead to restriction of competition, in particular as a result of the emergence or strengthening of the dominant position of a person (a group of persons);

3) on extending the time period for consideration of the application for giving consent to a merger of profit-making organisations, affiliation of one or several profit-making organisations by a profit-making organisation or establishment of a profit-making organisation in the instances specified by Article 27 of this Federal Law, in connection with defining the conditions after whose meeting by the applicant and (or) other persons participating in such merger, affiliation or establishment the antimonopoly body shall decide to allow the application and in connection with defining the time period for meeting such conditions which may not exceed nine months. Such conditions shall form an integral part of the decision on extending the time period for considering such application;

4) on satisfying the application for giving consent to make the transaction or take another action specified by Articles 28 and 29 of this Federal Law and on concurrently issuing to the applicant the order provided for by Item 2 of Part 1 of Article 23 of this Federal Law to take actions aimed at securing competition in the event of its making the transactions or taking other actions declared in the application;

5) on the refusal to allow the application, if the transaction or other action declared in the application lead to restriction of competition, in particular as a result of the emergence or strengthening of the applicant's dominant position, as well as of the dominant position of the person which will be established as a result of the transaction or other actions declared in the application and if the antimonopoly body finds, when considering the submitted documents, that the information contained in them and important for decision-making is unreliable.

3. The time period mentioned in Part 1 of this Article may be prolonged by at most two months by the decision provided for by Item 2 of Part 2 of this Article. Should such decision be rendered, the antimonopoly body shall enter to its official Internet website data on the transaction or other action declared in the application for giving consent to make the transaction or other action. The persons concerned shall be entitled to submit to the antimonopoly body data on the impact of such transactions or other action on the state of competition.

4. The decision to prolong the time period for considering the application provided for by Item 3 of Part 2 of this Article shall be rendered by the antimonopoly body, if the merger of profit-making organisations affiliation by a profit-making organisation of one or several profit-making organisations or establishment of a profit-making organisation lead or can lead to limitation of competition, in particular as a result of emergence or strengthening of the dominant position of a person (a group of persons) that will be created as a result of making such actions.

5. For the purpose of ensuring competition the conditions provided for by Item 3 of Part 2 of this Article may contain, among other things, the following:

1) procedure for access to the production facilities, infrastructure or information which are at the disposal of the applicant, as well as of the other persons participating in the merger of profit-making organisations, affiliation of one or several profit-making organisations by a profit-making organisation or establishment of a profit-making organisation;

2) procedure for granting to other persons the rights to the objects of industrial property protection which are at the disposal of the applicant, as well as of the other persons participating the merger of profit-making organisations, affiliation of one or several profit-making organisations by a profit-making organisation or establishment of a profit-making organisation;

3) demands towards the applicant, as well as the other persons participating a merger of profit-making organisations, affiliation of one or several profit-making organisations by a profit-making organisation or establishment of a profit-making organisation for the transfer of property to another person not pertaining to the same group of persons as the said applicant and (or) the other persons, for the assignment of the rights of claim and (or) liabilities of the said applicant and (or) other persons to another person not pertaining to the same group of persons as the said applicant and (or) other persons;

4) requirements towards the composition of the group of persons where the applicant and the other persons participating the merger of profit-making organisations, affiliation of one or several profit-making organisations by a profit-making organisation or establishment of a profit-making organisation pertain to.

6. After meeting the conditions specified by Item 3 of Part 2 of this Article the applicant shall submit to the antimonopoly body the documents, that prove their meeting. The antimonopoly body within thirty days as of the time of receiving the said documents, in the event of proving on the basis of them meeting of the conditions at the established time, shall render a decision on satisfying the application for giving consent to the merger of profit-making organisations, affiliation of one or several profit-making organisations by a profitmaking organisation, or establishment of a profit-making organisation or, otherwise, a decision to reject the application.

7. The decision to allow an application for giving consent to making a transaction or taking other action and to issue concurrently an order provided for by Item 4 of Part 2 of this Article shall be rendered by the antimonopoly body if the transactions or other actions declared in the application lead to limitation of competition.

8. The operation of the antimonopoly body's decision to give consent to making transactions or taking other actions shall be terminated if such transactions or other actions are not made within a year as of the date of rendering the said decision.

9. The persons that under Article 30 of this Federal Law are charged with notifying the antimonopoly body of making transactions or taking other actions subject to state control shall be entitled, prior to making such transactions or taking other actions, to submit, instead of the notification, the application for giving consent to their making to the antimonopoly body which is obliged to consider this application in the procedure provided for by this Article.

**10.** If the transactions or other actions provided for by Article 30 of this Federal Law have led or can lead to limitation of competition, in particular as a result of emergence or strengthening of the dominant position of an economic unit, the applicant that has filed the appropriate notification with the antimonopoly body or the group of persons to which the applicant pertains shall be obliged to take actions aimed at ensuring competition on the basis of the order of the antimonopoly body issued in compliance with Item 2 of Part 1 of Article 23 of this Federal Law.

**Article 34.** Effects of Violating the Procedure for Obtaining the Preliminary Consent of the Antimonopoly Body to Carry Out Transactions or Take Other Actions, as Well as the Procedure for Submitting to the Antimonopoly Body Notifications of Making the Transactions or Other Actions Subject to State Control

**1.** A profit-making organisation established without the preliminary consent of the antimonopoly body, in particular as a result of merger or affiliation of profit-making organisations, in the instances specified by Article 27 of this Federal Law, shall be liquidated or reorganised in the form of detachment or division in the judicial procedure on the basis of a claim of the antimonopoly body, if its establishment has led or may lead to the restriction of competition, in particular as a result of the emergence or strengthening of the dominant position.

**2.** The transactions specified by Articles 28 and 29 of this Federal Law and made without obtaining the preliminary consent of the antimonopoly body shall be declared invalid in the judicial procedure on the basis of a claim made by the antimonopoly body, if such transactions have led or may lead to the restriction of competition, in particular as a result of emergence or strengthening of the dominant position.

**3.** The profit-making organisation which is charged with notifying the antimonopoly body of carrting out the actions mentioned in Items 1-4 of Part 1 of Article 30 of this Federal Law and which has failed to follow the procedure for notifying the antimonopoly body of making such actions shall be liquidated or re-organised in the form of detachment or division in the judicial procedure on the basis of a claim made by the antimonopoly body, if such actions have led or may lead to restriction of competition, in particular as a result of the emergence or strengthening of the dominant position.

**4.** The transactions or other actions specified by Item 5 of Part 1 of Article 30 of this Federal Law and made in defiance of the procedure for notifying the antimonopoly body shall be declared invalid in the judicial procedure on the basis of a claim of the antimonopoly body, if such transactions or other actions have led or may lead to the restriction of competition, in particular as a result of the emergence or strengthening of the dominant position.

**5.** A failure to follow an order of the antimonopoly body, which is issued in the procedure provided for by Item 4 of Part 2 of Article 33 of this Federal Law shall serve as a ground for declaring the appropriate transactions invalid in the judicial procedure on the basis of a claim of the antimonopoly body.

**6.** A failure to follow an order of the antimonopoly body issued in the procedure provided for by Article 33 of this Federal Law or other failure to meet the requirements of Articles 27-32 of this Federal Law, along with the effects stated by this Article shall entail liability in the instances established by the legislation of the Russian Federation on administrative offences.

Текст данного документа перевел с русского языка на английский язык

переводчик                                    Денщиков Максим Владимирович

*Город Москва, двадцать третьего октября две тысячи седьмого года. Настоящим Бюро переводов «Толмач» подтверждает верность перевода текста данного документа, выполненного официальным переводчиком Денщиковым Максимом Владимировичем.*

Всего прошнуровано тринадцать листов и скреплено печатью

