

ФЕДЕРАЛЬНАЯ
АНТИМОНОПОЛЬНАЯ
СЛУЖБА
(ФАС России)

ЗАМЕСТИТЕЛЬ
РУКОВОДИТЕЛЯ

Садовая Кудринская, 11
Москва, Д-242, ГСП-5, 123995
тел. 252-76-52, факс 254-83-00

03.11.06 № ЦА/18929

На № _____ от _____

О предварительном порядке
согласования сделок
в ФАС России

ООО «АЛЬФА-ЭКО М»

Краснопресненская наб., д.12,
ЦМТ-2, 7 подъезд, г.Москва,
123610

Федеральная антимонопольная служба рассмотрела запрос ООО «АЛЬФА-ЭКО М» (№ 101м-114/06 от 27.10.06) о порядке согласования в ФАС России приобретения акций хозяйствующих субъектов и сообщает.

В соответствии с пунктом 1 статьи 84.2 Федерального закона «Об акционерных обществах» (далее – Закон об АО) лицо, которое приобрело более 30% общего количества голосующих акций открытого акционерного общества, с учетом акций, принадлежащих этому лицу и его аффилированным лицам, в течение 35 дней с момента внесения соответствующей приходной записи по лицевому счету (счету депо) обязано направить акционерам – владельцам остальных акций соответствующих категорий (типов) и владельцам эмиссионных ценных бумаг, конвертируемых в такие акции, публичную оферту о приобретении у них таких ценных бумаг. В соответствии с пунктом 7 статьи 84.2 Закона об АО указанные действия распространяются на приобретение доли акций открытого акционерного общества, превышающей 50% и 75% общего количества таких акций открытого акционерного общества.

Поскольку указанное предложение о приобретении акций направляется в отношении всех акций общества, принадлежащих другим акционерам, в результате акцепта такого предложения о приобретении всеми или большинством акционеров, владеющих в совокупности соответствующим количеством акций, у такого акционера возникнет обязанность по приобретению более 75% акций общества.

В соответствии с Федеральным законом «О защите конкуренции» (далее – Закон о защите конкуренции) приобретение акций, в результате которого лицо получает право распоряжаться более чем 25, 50, 75 процентов голосующих акций акционерного общества осуществляется с предварительного согласия

2

антимонопольного органа (в случаях, предусмотренных статьями 28 и 29 Закона о защите конкуренции) либо с уведомлением антимонопольного органа (в случаях, предусмотренных статьями 30 и 31 Закона о защите конкуренции).

На основании изложенного, до момента приобретения более 30%, 50% или 75%, соответственно, общего количества голосующих акций, приобретатель (акционер) обязан получить предварительное согласие антимонопольного органа, если суммарная стоимость активов или выручка от реализации его группы лиц, стоимость активов лица (группы лиц), акции которого приобретаются, превышают значения, установленные в соответствии с пунктом 1 статьи 28 либо пунктом 1 статьи 29 Закона о защите конкуренции.

При этом ходатайство на совершение указанных сделок подается акционером – приобретателем акций в силу обязанностей, возложенных на него статьей 84 Закона об АО в отношении приобретения как более чем 50%, так и более чем 75% голосующих акций общества, исходя из фактической доли акций, принадлежащих акционерам, в отношении которых направляется оферта.

В соответствии с пунктом 2 статьи 34 Закона о защите конкуренции сделки, указанные в статьях 28 и 29 Закона о защите конкуренции, осуществленные без предварительного согласия антимонопольного органа признаются недействительными в судебном порядке по иску антимонопольного органа, если такие сделки привели или могут привести к ограничению конкуренции, в том числе в результате возникновения или усиления доминирующего положения.

Кроме того, за совершение сделок без предварительного согласия антимонопольного органа установлена административная ответственность.

Согласно пункту 8 статьи 33 Закона о защите конкуренции решение антимонопольного органа о даче согласия на осуществление сделок, иных действий прекращает свое действие, если такие сделки, иные действия не осуществлены в течение года с даты принятия указанного решения. Лицо, получившее разрешение антимонопольного органа на приобретение пакета акций какого-либо хозяйственного общества, не обязано приобретать указанные акции в полном объеме, а может приобрести указанные акции поэтапно.

При этом обращаем ваше внимание, что требования Главы 7 Закона о защите конкуренции в части государственного контроля за экономической концентрацией не имеют отраслевых или иных исключений и распространяются на подлежащие контролю сделки на всех товарных рынках, в том числе и в обрабатывающей, химической промышленности, машиностроении, пищевой промышленности или телекоммуникациях.

А.Г.Цыганов

Вершинин
252-75-41

/ Перевод с русского языка на английский язык

| | |
|---|---|
| **FEDERAL ANTIMONOPOLY SERVICE** (FAS) DEPUTY HEAD 11 Sadovaya Kudrinskaya Street, GSP-5, D-242, Moscow 123995 Tel: 252 7652, fax: 254 8300 | To: Alfa-Eco M LLC<br><br>7th entrance, World Trade Center 2, 12 Krasnopresnenskaya Embankment, Moscow 123610 |

No. TsA/18929 dated 3 November 2006
In response to No. _____ dated \_\_\_\_\_

Re:  Procedure for obtaining preliminary approval from FAS

The Federal Antimonopoly Service has considered a query from ALFA-ECO M Limited Liability Company (No. 101-m-114/06 dated 27 October 2006) about the procedure for obtaining FAS consent to the purchase of shares in business entities, and hereby reports as follows.

In accordance with Article 84.2(1) of the Federal Law "On Joint Stock Companies" (the "**JSC Law**"), the purchaser of more than 30% of the total number of voting shares in an open joint stock company (with account taken of the shares already owned by such person and its affiliates) is required – within 35 days of the corresponding entry in the register / depo account – to send a public offer to the other shareholders owning the remaining shares in the corresponding classes or categories and to the holders of securities convertible into such shares to buy such securities from them. In accordance with Article 84.2(7) of the JSC Law, the above requirement also applies to the purchase of such shareholding in an open joint stock company as exceeds 50% or 75% of the total number of its respective shares.

Considering that the above offer to buy shares is to be submitted in respect of all shares in the company that are owned by the other shareholders and that once the offer is taken up by all or a majority of the shareholders owning, together, the corresponding amount of the shares, the purchaser will become obliged to buy more than 75% of the company's shares.

Under the Federal Law "On Protection of Competition" (the "**Competition Law**"), that purchase of shares as a result of which the buyer obtains the right to dispose of more than 25%, 50%, or 75% of the joint stock company's voting shares is subject to prior consent from the antimonopoly authority (in the cases provided for in Articles 28 and 29 of the Competition Law) or to appropriate notification to be given to the antimonopoly authority (in the cases stipulated in Articles 30 and 31 of the Competition Law).

This is why before acquiring more than 30%, 50%, or 75% of all voting shares in a company, the purchaser / shareholder is required to obtain prior consent from the antimonopoly authority if the combined asset value or the sales revenue of its group of persons, the asset value of the person (or group of persons) whose shares are being acquired exceeds any of the thresholds set out in Article 28.1 or 29.1 of the Competition Law.

That purchaser / shareholder is to file its application for consent to the execution of the respective transactions, as required under Article 84 of the JSC Law, to the extent concerning the purchase of both over 50% and over 75% of the voting shares in the company proceeding from the actual percentage of the shares owned by the shareholders addressed by the offer.

Pursuant to Article 34.2 of the Competition Law, the transactions specified in Articles 28 and 29 of the Competition Law and executed other than upon obtaining prior consent from the antimonopoly authority are to be invalidated through judicial procedure upon an action brought by the antimonopoly authority in the event that such transactions have led or may lead to a restriction

of competition, including, but not limited to, that resultant from the purchaser acquiring or enhancing its dominant position in the market.

In addition, execution of transactions without prior consent from the antimonopoly authority entails administrative liability.

According to Article 33.8 of the Competition Law, the antimonopoly authority's decision to grant consent to the execution of transactions and to the performance of other acts will become ineffective if such transactions or such other acts fail to be effected within one year of the date of such decision. The person having obtained consent from the antimonopoly authority to the acquisition of shares in any business entity is not obliged to acquire all of such shares, but may acquire them on a piecemeal basis.

Please note that the requirements of Chapter 7 of the Competition Law regarding government control over economic concentration are subject to no industrial or other exception, and extend to the transactions to be monitored in all markets, among them those in the processing, chemical, mechanical engineering, food, and telecommunications industries.

[signature]   A. G. Tsyganov


[officer responsible] Vershinin
[tel] 252 7541


Перевод с русского языка на английский язык сделан мною, переводчиком, **Булыгиным Михаилом Сергеевичем**

[signature and stamp: Certified to be a correct translation of the original. 23.10.04]

