SC 13D/A 1 u50016sc13dza.htm AMENDMENT NO. 33 TO SCHEDULE 13D

| OMB APPROVAL |
| --- |
| OMB Number: 3235-0145 |
| Expires: December 31, 2005 |
| Estimated average burden hours per response...15 |

# UNITED STATES
## SECURITIES AND EXCHANGE COMMISSION
### Washington, D.C. 20549

# SCHEDULE 13D

### Under the Securities Exchange Act of 1934
### (Amendment No. 33)*

# OPEN JOINT STOCK COMPANY "VIMPEL-COMMUNICATIONS"
(Name of Issuer)

Common Stock, 0.005 rubles nominal value

(Title of Class of Securities)

68370R 10 9

(CUSIP Number)

Bjørn Hogstad
Telenor ASA
Snarøyveien 30
N-1331 Fornebu, Norway
47-97-77-8806

(Name, Address and Telephone Number of Person
Authorized to Receive Notices and Communications)

March 17, 2006

(Date of Event which Requires Filing
of this Statement)

Copy to:

Peter O'Driscoll
Orrick, Herrington & Sutcliffe
Tower 42, Level 35
25 Old Broad Street
London EC2N 1HQ
England
44-20-7562-5000

If the filing person has previously filed a statement on Schedule 13G to report the acquisition which is the subject of this Schedule 13D, and is filing this schedule because of §§ 240.13d-1(e) or 240.13d-1(f) or 240.13d-1(g), check the following box. ☐

Note: Schedules filed in paper format shall include a signed original and five copies of the schedule, including all exhibits. See § 240.13d-7 for other parties to whom copies are to be sent.

*The remainder of this cover page will be filled out for a reporting person's initial filing on this form with respect to the subject class of securities, and for any subsequent amendment containing information which would alter disclosures provided in a prior cover page.

The information required on the remainder of this "cover page" shall not be deemed "filed" for the purpose of Section 18 of the Securities Exchange of 1934 (the "Act") or otherwise subject to the liabilities of that section of the Act but shall be subject to all other provisions of the Act (however, see the Notes).

**Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB control number.**

CUSIP No. 68370R 10 9

---

| 1. | Name of Reporting Person:<br>Telenor East Invest AS | I.R.S. Identification Nos. of above persons (entities only):<br>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 |

---

2. Check the Appropriate Box if a Member of a Group (See Instructions):

(a)  ☐

(b)  ☐

---

3. SEC Use Only:

---

4. Source of Funds (See Instructions):
   N/A

---

5. Check if Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e):  ☐
   N/A

---

6. Citizenship or Place of Organization:
   Norway

---

| Number of Shares Beneficially Owned by Each Reporting Person With | 7. | Sole Voting Power:<br>15,337,854 |
| | 8. | Shared Voting Power:<br>-0- |
| | 9. | Sole Dispositive Power:<br>15,337,854 |
| | 10. | Shared Dispositive Power:<br>-0- |

---

11. Aggregate Amount Beneficially Owned by Each Reporting Person:
    15,337,854

---

12. Check if the Aggregate Amount in Row (11) Excludes Certain Shares (See Instructions):
    ☐

---

13. Percent of Class Represented by Amount in Row (11):
    29.9% of the outstanding Common Stock (26.6% of the outstanding voting capital stock)

14. Type of Reporting Person (See Instructions):
    CO

CUSIP No. 68370R 10 9

---

| 1. | Name of Reporting Person: | I.R.S. Identification Nos. of above persons (entities only): |
|---|---|---|
| | Telenor Mobile Holding AS | 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 |

---

2.    Check the Appropriate Box if a Member of a Group (See Instructions):

(a) ☐

(b) ☐

---

3.    SEC Use Only:

---

4.    Source of Funds (See Instructions):
N/A

---

5.    Check if Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e): ☐
N/A

---

6.    Citizenship or Place of Organization:
Norway

---

|  | 7. | Sole Voting Power:<br>15,337,854[1] |
|---|---|---|
| Number of Shares Beneficially Owned by Each Reporting Person With | 8. | Shared Voting Power:<br>-0- |
| | 9. | Sole Dispositive Power:<br>15,337,854[1] |
| | 10. | Shared Dispositive Power:<br>-0- |

---

11.    Aggregate Amount Beneficially Owned by Each Reporting Person:
15,337,854[1]

---

12.    Check if the Aggregate Amount in Row (11) Excludes Certain Shares (See Instructions):
☐

---

13.    Percent of Class Represented by Amount in Row (11):
29.9% of the outstanding Common Stock (26.6% of the outstanding voting capital stock)

14.  Type of Reporting Person (See Instructions):
     CO

[1]The Reporting Person disclaims beneficial ownership of all shares.

CUSIP No. 68370R 10 9

---

| 1. | Name of Reporting Person: | I.R.S. Identification Nos. of above persons (entities only): |
|    | Telenor ASA | 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 |

---

2. Check the Appropriate Box if a Member of a Group (See Instructions):

    (a) ☐

    (b) ☐

---

3. SEC Use Only:

---

4. Source of Funds (See Instructions):
AF

---

5. Check if Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e): ☐
N/A

---

6. Citizenship or Place of Organization:
Norway

---

| Number of Shares Beneficially Owned by Each Reporting Person With | 7. | Sole Voting Power: 15,337,854 [2] |
| | 8. | Shared Voting Power: -0- |
| | 9. | Sole Dispositive Power: 15,337,854 [2] |
| | 10. | Shared Dispositive Power: -0- |

---

11. Aggregate Amount Beneficially Owned by Each Reporting Person:
15,337,854 [2]

---

12. Check if the Aggregate Amount in Row (11) Excludes Certain Shares (See Instructions):
☐

---

13. Percent of Class Represented by Amount in Row (11):
29.9% of the outstanding Common Stock (26.6% of the outstanding voting capital stock)

14. Type of Reporting Person (See Instructions):
    CO

(2)The Reporting Person disclaims beneficial ownership of all shares.

**SCHEDULE 13D**

**Item 1. <u>Security and Issuer</u>**

The statement on Schedule 13D relating to the common stock, 0.005 rubles nominal value (the "Common Stock"), of Open Joint Stock Company "Vimpel-Communications," a Russian open joint stock company ("VimpelCom"), as previously jointly filed by Telenor East Invest AS, Telenor Mobile Holding AS and Telenor ASA (as amended by Amendment Nos. 1 through 32, the "Statement"), is hereby amended and supplemented with respect to the items set forth below.

Except as provided herein, this Amendment does not modify any of the information previously reported in the Statement.

**Item 2. <u>Identity and Background</u>**

This amendment to the Statement on Schedule 13D is being jointly filed by Telenor East Invest AS, Telenor Mobile Holding AS and Telenor ASA (collectively, the "Reporting Persons").

TELENOR EAST INVEST AS

(a)    Telenor East Invest AS, a corporation formed under the laws of Norway.

(b)    Snarøyveien 30
       N — 1331 Fornebu
       Norway

(c)    Telenor East Invest AS is engaged principally in the business of investing in the telecommunications industry outside of Norway.

(d)    During the last five years, Telenor East Invest AS has not been convicted in a criminal proceeding.

(e)    During the last five years, Telenor East Invest AS was not a party to a civil proceeding of a judicial or administrative body as a result of which Telenor East Invest AS was or is subject to a judgment, decree or final order enjoining future violations of, or prohibiting or mandating activities subject to, federal or state securities laws or finding any violation with respect to such laws.

EXECUTIVE OFFICERS AND DIRECTORS OF TELENOR EAST INVEST AS

(a), (b), (c) and (f) The following information sets forth the name, citizenship, business address and present principal occupation of each of the directors and executive officers of Telenor East Invest AS. Except as otherwise indicated, the business address

of each of such persons is Telenor East Invest AS, c/o Telenor ASA, Snarøyveien 30, N-1331 Fornebu, Norway.

### DIRECTORS OF TELENOR EAST INVEST AS

| Name and Business Address | Citizenship | Present Principal Occupation |
| --- | --- | --- |
| Ragnar Korsaeth (Oslo, Norway) | Norway | Executive Vice President of Telenor ASA and Head of Global Coordination; and Chief Operating Officer of Telenor Mobile Communications AS |
| Bjorn Hogstad (Oslo, Norway) | Norway | Attorney, Advokatene i Telenor |
| Gunn Margethe Logith Ringoen (Oslo, Norway) | Norway | Senior Business Manager of Telenor ASA |

### EXECUTIVE OFFICERS OF TELENOR EAST INVEST AS

| Name and Business Address | Citizenship | Present Principal Occupation |
| --- | --- | --- |
| Kenneth Bolsoy (Oslo, Norway) | Norway | Financial Controller, Telenor ASA |

(d) During the last five years, none of the above executive officers and directors of Telenor East Invest AS has been convicted in a criminal proceeding.

(e) During the last five years, none of the above executive officers and directors of Telenor East Invest AS was a party to a civil proceeding of a judicial or administrative body as a result of which Telenor East Invest AS was or is subject to a judgment, decree or final order enjoining future violations of, or prohibiting or mandating activities subject to, federal or state securities laws or finding any violation with respect to such laws.

TELENOR MOBILE HOLDING AS

(a) Telenor Mobile Holding AS, a corporation formed under the laws of Norway.

(b) Snarøyveien 30
N — 1331 Fornebu
Norway

(c)      Telenor Mobile Holding AS is engaged principally in the development of and investment in the field of telecommunications through direct and indirect ownership of companies and entering into agreements relating to telecommunications.

(d)      During the last five years, Telenor Mobile Holding AS has not been convicted in a criminal proceeding.

(e)      During the last five years, Telenor Mobile Holding AS was not a party to a civil proceeding of a judicial or administrative body as a result of which Telenor Mobile Holding AS was or is subject to a judgment, decree or final order enjoining future violations of, or prohibiting or mandating activities subject to, federal or state securities laws or finding any violation with respect to such laws.

EXECUTIVE OFFICERS AND DIRECTORS OF TELENOR MOBILE HOLDING AS

(f)      (a), (b), (c) and (f) The following information sets forth the name, citizenship, business address and present principal occupation of each of the directors and executive officers of Telenor Mobile Holding AS. The address of the directors and executive officers is Telenor Mobile Holding AS, c/o Telenor ASA, Snarøyveien 30, N — 1331 Fornebu, Norway.

DIRECTORS OF TELENOR MOBILE HOLDING AS

| Name and Business Address | Citizenship | Present Principal Occupation |
|---|---|---|
| Jon Fredrik Baksaas (Sandvika, Norway) | Norway | President and Chief Executive Officer of Telenor ASA and Chairman of the Board of Telenor Mobile Holding AS |
| Trond Westlie (Oslo, Norway) | Norway | Executive Vice President and Chief Financial Officer of Telenor ASA |
| Jan Edvard Thygesen (Nesbru, Norway) | Norway | Executive Vice President of Telenor ASA and Head of Telenor in Eastern/Central Europe |
| Berit Svendsen (Oslo, Norway) | Norway | Executive Vice President of Telenor ASA |

| Name and Business Address | Citizenship | Present Principal Occupation |
|---|---|---|
| Morten Fallstein (Oslo, Norway) | Norway | Employee Representative |
| Tore Haugland (Bergen, Norway) | Norway | Employee Representative |
| Arnhild Londal (Oslo, Norway) | Norway | Employee Representative |
| Kirsten Dalholt (Oslo, Norway) | Norway | Senior Advisor of Telenor ASA Nordic Division |

## EXECUTIVE OFFICERS OF TELENOR MOBILE HOLDING AS

| Name and Business Address | Citizenship | Present Principal Occupation |
|---|---|---|
| Arve Johansen (Oslo, Norway) | Norway | Senior Executive Vice President of Telenor ASA and Head of Telenor in Asia; and Chief Executive Officer of Telenor Mobile Holding AS |
| Jon Fredrik Baksaas (Sandvika, Norway) | Norway | President and Chief Executive Officer of Telenor ASA and Chairman of the Board of Telenor Mobile Holding AS |

(d) During the last five years, none of the above executive officers and directors of Telenor Mobile Holding AS has been convicted in a criminal proceeding.

(e) During the last five years, none of the above executive officers and directors of Telenor Mobile Holding AS has been a party to a civil proceeding of a judicial or administrative body as a result of which such executive officer or director was or is subject to a judgment, decree or final order enjoining future violations of, or prohibiting or mandating activities subject to, federal or state securities laws or finding any violation with respect to such laws.

TELENOR ASA

(a)     Telenor ASA, a corporation formed under the laws of Norway.

(b)     Snarøyveien 30
        N — 1331 Fornebu
        Norway

(c) Telenor ASA is engaged principally in the business of production and supply of services in the fields of telecommunications, data services and media distribution.

(d) During the last five years, Telenor ASA has not been convicted in a criminal proceeding.

(e) During the last five years, Telenor ASA was not a party to a civil proceeding of a judicial or administrative body as a result of which Telenor ASA was or is subject to a judgment, decree or final order enjoining future violations of, or prohibiting or mandating activities subject to, federal or state securities laws or finding any violation with respect to such laws.

EXECUTIVE OFFICERS AND DIRECTORS OF TELENOR ASA

(a), (b), (c) and (f) The following information sets forth the name, citizenship, business address and present principal occupation of each of the directors and executive officers of Telenor ASA. Except as otherwise indicated, the business address of each of such persons is c/o Telenor ASA, Snarøyveien 30, N — 1331 Fornebu, Norway.

<u>DIRECTORS OF TELENOR ASA</u>

| Name and Business Address | Citizenship | Present Principal Occupation |
|---|---|---|
| Torleif Enger (Ostre Toten, Norway) | Norway | Chief Executive Officer of Yara International ASA and Chairman of the Board of Telenor ASA |
| Bjorg Ven (Oslo, Norway) | Norway | Partner, Haavind Vislie Law Firm; Deputy Chairman of the Board of Telenor ASA; and Member of the Boards of Cermaq ASA, Vital Insurance AS and Dagbladet AS |
| Hanne de Mora (Erlenbach, Switzerland) | Switzerland | Principal of A-Connect and Member of the Board of Tomra ASA |
| Jorgen Lindegaard (Stockholm, Sweden) | Denmark | President and Chief Executive Officer of the SAS Group and Member of the Boards of Finansieringsinstituttet for Industri og Haandvaerk AS and Superfos AS |
| John Giverholt (Asker, Norway) | Norway | Chief Financial Officer of Ferd AS |

| Name and Business Address | Citizenship | Present Principal Occupation |
| --- | --- | --- |
| Paul Bergqvist (Stockholm, Sweden) | Sweden | Managing Director of Carlsberg Sweden |
| Liselott Kilaas (Oslo, Norway) | Norway | Managing Director of ZENITEL ASA |
| Per Gunnar Salomonsen (Skien, Norway) | Norway | Employee Representative |
| Harald Stavn (Kongsberg, Norway) | Norway | Employee Representative |
| Irma Ruth Tystad (Trysil, Norway) | Norway | Employee Representative |

### EXECUTIVE OFFICERS OF TELENOR ASA

| Name and Business Address | Citizenship | Present Principal Occupation |
| --- | --- | --- |
| Jon Fredrik Baksaas (Sandvika, Norway) | Norway | President and Chief Executive Officer of Telenor ASA and Chairman of the Board of Telenor Mobile Holding AS |
| Arve Johansen (Oslo, Norway) | Norway | Senior Executive Vice President of Telenor ASA and Head of Telenor in Asia; and Chief Executive Officer of Telenor Mobile Holding AS |
| Trond Westlie (Oslo, Norway) | Norway | Executive Vice President and Chief Financial Officer of Telenor ASA |
| Jan Edvard Thygesen (Nesbru, Norway) | Norway | Executive Vice President of Telenor ASA and Head of Telenor in Eastern/Central Europe |
| Stig Eide Sivertsen (Oslo, Norway) | Norway | Executive Vice President of Telenor ASA and Head of Telenor Broadcast; Chief Executive Officer of Telenor Broadband Services AS; and Chairman of the Board of Canal Digital AS |
| Morten Karlsen Sorby (Hammaro, Sweden) | Norway | Executive Vice President of Telenor ASA and Head of Telenor in the Nordic Region; and Chief Executive Officer of Telenor Norway |
| Ragnar Korsaeth (Oslo, Norway) | Norway | Executive Vice President of Telenor ASA and Head of Global Coordination; and Chief Operating Officer of Telenor Mobile Communications AS |
| Bjørn Magnus Kopperud (Drammen, Norway) | Norway | Executive Vice President of Telenor ASA and Head of Human Resources |

(d) During the last five years, none of the above executive officers and directors of Telenor ASA has been convicted in a criminal proceeding.

(e) During the last five years, none of the above executive officers and directors of Telenor ASA has been a party to a civil proceeding of a judicial or administrative body as a result of which such executive officer or director was or is subject to a judgment, decree or final order enjoining future violations of, or prohibiting or mandating activities subject to, federal or state securities laws or finding any violation with respect to such laws.

## Item 4.  Purpose of the Transaction

On March 17, 2006, Telenor ASA sent a letter to VimpelCom and Altimo (formerly known as Alfa Telecom), a conformed copy of which is attached hereto as Exhibit 99.1 and incorporated herein in its entirety (the "**Proposal Letter**"), in which Telenor ASA, in response to letters from VimpelCom dated February 8, 2006 and March 2, 2006 concerning VimpelCom's proposed acquisition of Closed Joint Stock Company "Kyivstar G.S.M.", a company in which Telenor Mobile Communications AS, a wholly-owned subsidiary of Telenor ASA ("**Telenor Mobile**"), and four of Telenor Mobile's wholly-owned subsidiaries together own 56.5% of the shares of common stock, proposed that VimpelCom acquire 100% of Kyivstar for cash, on the terms and subject to the conditions specified in such letter (the "**Proposed Transaction**").

On March 20, 2006, Telenor East Invest AS amended its application to the Federal Antimonopoly Service of the Russian Federation (the "**FAS**"), which Telenor East Invest AS had filed on May 12, 2005. In its original application, Telenor East Invest AS requested that the FAS approve an increase in Telenor East Invest AS's permitted ownership of voting capital stock of VimpelCom from 26.6% to 45%. Such approval has not yet been granted by the FAS. As described in the press release referred to below, to ensure it can comply with the new mandatory tender offer requirements in the Joint Stock Company Law of the Russian Federation that will become effective on July 1, 2006 and will apply if the market-based separation mechanism described in the Proposal Letter is implemented and later triggered, as well as to have the flexibility to acquire additional securities of VimpelCom from time to time, Telenor East Invest AS has, in the amendment to its application to the FAS, requested that the FAS grant Telenor East Invest AS an approval to acquire up to 100% of the voting capital stock of VimpelCom. If granted, such approval will be effective for a period of twelve months from the date of grant.

In addition, on March 20, 2006, Telenor ASA issued a press release, a copy of which is attached hereto as Exhibit 99.2 and incorporated herein in its entirety, concerning the Proposal Letter, the Proposed Transaction and the amendment of Telenor East Invest AS's application to the FAS.

The Reporting Persons may, from time to time, and reserve the right to, change their plans or intentions and to take any and all actions that they deem appropriate to maximize the value of their investment in VimpelCom. In order to maximize the value of their investment in VimpelCom, the Reporting Persons may, from time to time, consider, evaluate or propose various possible transactions involving VimpelCom or its subsidiaries or affiliates, which could include, among other things:

(i) the possible acquisition of additional securities of VimpelCom from time to time in the open market, in privately negotiated transactions or otherwise, including, without limitation, through entry into and exercise of call options or other derivative transactions;

(ii) the possible acquisition or disposition of debt securities or other debt instruments of third parties, in each case, that are secured by, convertible into or exchangeable for securities of VimpelCom, and the enforcement of any such security interest or the exercise of any such exchange or conversion right;

(iii) the possible disposition or exchange of any securities of VimpelCom owned by them, including the possible disposition of all of the shares of Common Stock of VimpelCom owned by them;

(iv) possible extraordinary corporate transactions (such as a merger, consolidation, reorganization or restructuring) involving VimpelCom or any of its subsidiaries, including with other telecommunication companies which may be affiliated with the Reporting Persons;

(v) in addition to the Proposed Transaction, the possible acquisition by VimpelCom or its subsidiaries of assets or interests in one or more telecommunication companies, including other telecommunication companies which may be affiliated with the Reporting Persons, or the possible sale of assets or operations by VimpelCom or its subsidiaries;

(vi) making or seeking to make changes in or affecting the Board of Directors or management of VimpelCom;

(vii) in addition to ongoing litigation and arbitration proceedings previously described in the Statement, possible litigation or arbitration involving VimpelCom, its Board of Directors and/or its management and/or one or more of Eco Telecom Limited, Eco Holdings Limited, CTF Holdings Limited, Alfa Telecom Limited and their respective affiliates;

(viii) entering into and unwinding derivative transactions with respect to the securities of VimpelCom; or

(ix) soliciting the votes of VimpelCom's shareholders in relation to any annual or extraordinary general meeting of shareholders of VimpelCom.

The Reporting Persons may also, from time to time, formulate other plans or proposals regarding VimpelCom or its securities to the extent deemed advisable in light of market conditions, subsequent developments affecting VimpelCom, the general business and future prospects of VimpelCom, tax considerations, or other factors.

## Item 6.   Contracts, Arrangements, Understandings or Relationships with Respect to Securities of the Issuer

The Reporting Persons may, from time to time, enter into and unwind cash settled equity swap or other similar derivative transactions with respect to the securities of VimpelCom, which transactions may be significant in amount. These arrangements do not and will not give the Reporting Persons voting or investment control over the securities of VimpelCom to which these transactions relate and, accordingly, the Reporting Persons disclaim beneficial ownership of any such securities.

Except as provided in the documents described in the Statement on Schedule 13D and Amendments Nos. 1 through 32 hereto (inclusive), or as set forth herein, neither Telenor East Invest AS, Telenor Mobile Holding AS or Telenor ASA, nor to the best of Telenor East Invest AS's, Telenor Mobile Holding AS's or Telenor ASA's knowledge, any of the individuals named in Item 2 hereof has entered into any contracts, arrangements, understandings or

relationships (legal or otherwise) with any person with respect to any securities of VimpelCom, including, but not limited to, transfer or voting of any securities, finder's fees, joint ventures, loan or option arrangement, puts or calls, guarantees of profits, division of profits or losses, or the giving or withholding of proxies.

**Item 7.**   <u>**Material to be Filed as Exhibits**</u>

99.1.  Letter dated March 17, 2006 from Telenor ASA addressed to VimpelCom and Altimo
99.2.  Press release dated March 20, 2006 issued by Telenor ASA

SIGNATURES

After reasonable inquiry and to the best of my knowledge and belief, I certify that the information set forth in this Amendment to the Statement on Schedule 13D is true, complete and correct and that such Statement, as amended hereby, is true, complete and correct.

Dated: March 20, 2006

TELENOR EAST INVEST AS

By   /s/ Ragnar Korsaeth
      Name:   Ragnar Korsaeth
      Title:    Chairman of the Board

TELENOR MOBILE HOLDING AS

By   /s/ Jon Fredrik Baksaas
      Name:   Jon Fredrik Baksaas
      Title:    Chairman of the Board

TELENOR ASA

By   /s/ Jon Fredrik Baksaas
      Name:   Jon Fredrik Baksaas
      Title:    President and Chief
             Executive Officer

EX-99.1 2 u50016exv99w1.htm EXHIBIT 99.1

**Exhibit 99.1**

LETTER DATED MARCH 17, 2006 FROM TELENOR ASA ADDRESSED TO VIMPELCOM AND ALTIMO



**Subject to Contract**

March 17, 2006

Mr. Alexander Izosimov
General Director and CEO
OAO "Vimpel-Communications"
10, 8 Marta Street
Moscow 127083
Russian Federation

Mr. Alexey Reznikovich
CEO
Altimo
11 Savvinskaya nab.
Moscow 119435
Russian Federation

Dear Alexander and Alexey,

Based on VimpelCom's letters of February 8th and March 2nd, our reply of February 10th and Alexander's conference call with analysts on February 14th, concerning VimpelCom's proposed offer for Telenor and Storm's respective shares of Closed Joint Stock Company "Kyivstar G.S.M." ("**Kyivstar**"), Telenor is prepared to enter into concrete discussions with VimpelCom regarding a sale of Telenor's shares in Kyivstar to VimpelCom for not less than US$2.825 billion in cash, on the terms and subject to the conditions specified under "Principal Terms and Conditions" below.

Based on our experience of co-ownership with Alfa, the terms and conditions specified below are necessary to create a framework for ending Alfa's attacks on Telenor's ownership interests in VimpelCom and Kyivstar.

**Principal Terms and Conditions**

1. <u>Terms and Conditions of Sale</u>.

VimpelCom will purchase 100% of the shares in Kyivstar from Telenor Mobile Communications AS and its affiliates ("**Telenor Mobile**") and Storm LLC ("**Storm**") based on the multiple indicated in VimpelCom's offer, but for not less than US$5.0 billion in cash (the "**Proposed Transaction**"), with Telenor Mobile receiving not less than US$2.825 billion in cash for its shares and Storm receiving not less than US$2.175 billion in cash for its shares. Completion of the Proposed Transaction will be subject to satisfaction of the conditions precedent specified below.

2. <u>Conditions Precedent</u>.

   (a) <u>Market-Based Separation Mechanism</u>. Telenor East Invest AS ("**Telenor East Invest**") and Eco Telecom Limited ("**Eco Telecom**") shall enter into an agreement with respect to their shares in VimpelCom (the "**Separation Agreement**") that creates a framework in which the party which places the highest value on VimpelCom can make an offer to purchase 100% of the other party's shares in VimpelCom, and the other party will be obligated to sell its shares in VimpelCom. In addition, Telenor East Invest and Eco Telecom shall enter into arrangements to ensure the selling party fulfills its obligations under the Separation Agreement (the "**Security Agreement**").

   (b) <u>FAS Approval</u>. Telenor East Invest shall receive approval from the Federal Antimonopoly Service of the Russian Federation to purchase up to 100% of the shares of VimpelCom, and such approval shall have remained in effect and unchallenged for a period of 90 days after issuance.

   (c) <u>Definitive Agreements</u>. Telenor Mobile, Storm and VimpelCom shall enter into a definitive share purchase agreement with respect to VimpelCom's purchase of Telenor Mobile and Storm's shares in Kyivstar (the "**Kyivstar Share Purchase Agreement**"), and Telenor East Invest and Eco Telecom shall enter into the Separation Agreement and Security Agreement, and their respective ultimate parent companies shall guarantee their obligations under such agreements. The existing agreements relating to Telenor East Invest and Eco Telecom's

shareholdings in VimpelCom shall remain unchanged and in full force and effect.

(d) Other Conditions Precedents. All necessary approvals of Telenor, VimpelCom and Alfa's respective boards of directors and, where required by applicable law or charter documents, shareholders, shall be obtained, all necessary governmental and regulatory approvals shall be obtained and all other conditions precedent customary for a transaction of this type shall be satisfied in full.

**Way Forward**

If the Proposed Transaction is of interest to VimpelCom, we are prepared to meet with VimpelCom and its advisers to negotiate the Kyivstar Share Purchase Agreement. If Alfa indicates that it is interested in pursuing the Proposed Transaction, we are prepared to meet separately with Alfa and its advisers to negotiate the Separation Agreement and Security Agreement. On the Telenor side, Executive Vice President and head of our CEE operations, Mr. Jan Edvard Thygesen, will be the person leading all discussions and negotiations concerning the Proposed Transaction, and all communications from VimpelCom or Alfa concerning the Proposed Transaction should be directed to him.

The proposal set out in this letter shall remain in effect until 17:30 (Moscow time) on March 31, 2006. If by such time and date we have not received from VimpelCom and Alfa written responses to this letter indicating their respective good faith intention to pursue discussions concerning the Proposed Transaction, this proposal shall cease to have any effect at such time.

We believe that, if completed on the terms and conditions described in this letter, the Proposed Transaction would be beneficial for VimpelCom and its shareholders, and are therefore keen to move forward with discussions, with a view to entering into the relevant agreements and seeking the approval of the relevant regulatory authorities and the parties' respective boards of directors and shareholders as quickly as practicable.

This letter shall be governed by, and construed in accordance with, the laws of the State of New York, USA, without giving effect to any conflicts of laws principles thereof that would result in the application of the laws of another jurisdiction. For the avoidance of doubt, (a) this letter shall not constitute an offer or an intention to make an offer, is subject to contract and is not intended to give rise to any legal obligation, whether to make an offer, to enter into any definitive agreement or otherwise, or to be legally binding in any respect, and (b) this letter shall not constitute a preliminary agreement under Russian law.

Very truly yours,

/s/ Jon Fredrik Baksaas

Jon Fredrik Baksaas

CEO and President
Telenor ASA

cc:   Mr. David Haines, Chairman, OJSC "Vimpel-Communications"
      Mr. Mikhail Fridman, Chairman of Supervisory Board, Alfa Group
      Mr. Thorleif Enger, Chairman, Telenor ASA

**Forward-Looking Statements**

This letter contains "forward-looking statements", as such phrase is defined in Section 27A of the Securities Act of 1933 and Section 21E of the Securities Exchange Act of 1934. These statements relate, in part, to the consummation of the Proposed Transaction and the potential benefits that may result from the Proposed Transaction. There can be no assurance that the Proposed Transaction will be consummated or that, if consummated, the expected benefits from the Proposed Transaction will be realized. The Proposed Transaction involves risks and uncertainties. In addition, other written or oral statements which constitute forward-looking statements have been made and may in the future be made by or on behalf of Telenor ASA ("**Telenor**"). The words "believe", "will", "may", "could", "should", "would" and similar expressions identify certain of these forward-looking statements. Readers are cautioned not to put undue reliance on forward-looking statements because actual events and results may differ materially from the expected results described by such forward-looking statements. The actual outcome may differ materially from these statements as a result of developments from competition, governmental regulations of the wireless telecommunications industry, general political uncertainties in Russia and Ukraine and general economic developments in Russia and Ukraine, and other factors, including the parties' ability to obtain the governmental and regulatory approvals in Russia and Ukraine that are required to complete the Proposed Transaction and VimpelCom's ability to successfully integrate Kyivstar into the VimpelCom Group and the extent and timing of VimpelCom's ability to realize synergies from the Proposed Transaction. Telenor disclaims any intention or obligation to update or revise any forward-looking statements, whether as a result of new information, future events or otherwise.

**Additional Information and Where to Find It**

Telenor has filed with the Securities and Exchange Commission (the "**SEC**") a statement on Schedule 13D with respect to Telenor's interest in the securities of VimpelCom and a number of amendments thereto (as so amended, the "**Schedule 13D**"). Investors and security holders are urged to read the Schedule 13D, as well as Telenor's and VimpelCom's respective filings on Form 20-F and Form 6-K, and any other relevant documents filed or to be filed with the SEC, as well as any amendments or supplements to those documents, because they contain (or will contain) important information. Investors and security holders may obtain free copies of such documents at the SEC's website (http://www.sec.gov).

EX-99.2 3 u50016exv99w2.htm EXHIBIT 99.2

Exhibit 99.2

PRESS RELEASE DATED MARCH 20, 2006 ISSUED BY TELENOR ASA



### Telenor Proposes that VimpelCom Acquire Kyivstar for Cash

**(Fornebu, Norway, Moscow, Russia and Kyiv, Ukraine – 20 March 2006) Telenor today proposed that Russian mobile operator VimpelCom acquire 100% of Ukrainian mobile operator Kyivstar for cash. Telenor believes that if the transaction is completed as proposed, it will be beneficial for Kyivstar, VimpelCom and VimpelCom's shareholders, as well as for Telenor's shareholders, and will create a framework for ending Alfa's attacks on Telenor's ownership interests in VimpelCom and Kyivstar.**

"We have today presented a forward looking proposal that, if implemented on the terms proposed, would enable VimpelCom to continue on its path of growth in Russia and the CIS and allow Kyivstar to be part of that growth," said Telenor Executive Vice President and Head of Eastern/ Central Europe, Jan Edvard Thygesen. "However, we are not prepared to sell Kyivstar to VimpelCom unless there is a structure in place that will ensure that Alfa's attacks will end."

Telenor's proposal is a response to VimpelCom's February 8 proposal that VimpelCom acquire Kyivstar for US$5 billion in VimpelCom shares. Telenor has proposed that VimpelCom acquire Kyivstar for not less than US$5 billion in cash, an alternative that VimpelCom CEO Alexander Izosimov indicated was a possibility in his conference call with analysts on February 14. Telenor has set a deadline of March 31 for indications from VimpelCom and Alfa of their intent to pursue discussions concerning Telenor's proposal.

One of the principal conditions of Telenor's proposal is that Telenor and Alfa enter into an agreement providing for a market-based separation mechanism. If implemented and activated, this mechanism would permit the party placing the highest value on VimpelCom to make an offer to purchase all of the other party's shares in VimpelCom, and would obligate the other party to sell all its shares in VimpelCom to the offering party. Such an arrangement could result in Telenor or Alfa holding a controlling stake in VimpelCom. Due to amendments to the Russian Joint Stock Company Law that will become effective on July 1, assuming Telenor and Alfa retain their current levels of ownership in VimpelCom, the acquiring party would be required to make a tender offer to all VimpelCom's shareholders.

To ensure it can comply with the new mandatory tender offer requirements of the Joint Stock Company Law if the proposed separation mechanism is implemented and later triggered, Telenor has today filed an amendment to its existing application to the Federal Antimonopoly Service of the Russian Federation that, if approved, would permit Telenor to acquire up to 100% of VimpelCom.

"Telenor has consistently supported a transaction involving VimpelCom and Kyivstar, but only if it makes business sense and the corporate governance of the combined entity is assured going forward," said Thygesen. "Our proposal is designed to ensure these requirements are met and, if implemented as proposed, would establish a basis for ending Alfa's attacks on Telenor's ownership interests in VimpelCom and Kyivstar. Telenor has been an investor in the Russian telecommunications sector since 1992, and our preference is to remain a long-term industrial investor in VimpelCom."

**For further information, contact:**

Kai Rosenberg, Vice President Corporate Communications, Telenor ASA, tel: (+47) 915 54 357. E-mail: kai.rosenberg@telenor.com

Kjell Morten Johnsen, Head of Telenor Russia, tel: (+47) 907 39 887. E-mail: kjell-morten.johnsen@telenor.com

**Forward-Looking Statements**

This press release contains "forward-looking statements", as such phrase is defined in Section 27A of the Securities Act of 1933 and Section 21E of the Securities Exchange Act of 1934. These statements relate, in part, to the consummation of the proposed acquisition of Kyivstar by VimpelCom on the terms described in this press release (the **"Proposed Transaction"**) and the potential benefits that may result from the Proposed Transaction. There can be no assurance that the Proposed Transaction will be consummated or that, if consummated, the expected benefits from the Proposed Transaction will be realized. The Proposed Transaction involves risks and uncertainties. In addition, other written or oral statements which constitute forward-looking statements have been made and may in the future be made by or on behalf of Telenor ASA (**"Telenor"**). The words "believe", "will", "may", "could", "should", "would" and similar expressions identify certain of these forward-looking statements. Readers are cautioned not to put undue reliance on forward-looking statements because actual events and results may differ materially from those expressed in such forward-looking statements. The actual outcome may differ materially from these statements as a result of developments from competition, governmental regulations of the wireless telecommunications industry, general political uncertainties in Russia and Ukraine and general economic developments in Russia and Ukraine, and other factors, including the parties' ability to obtain the governmental and regulatory approvals in Russia and Ukraine that are required to complete the Proposed

Transaction and VimpelCom's ability to successfully integrate Kyivstar into the VimpelCom Group and the extent and timing of VimpelCom's ability to realize synergies from the Proposed Transaction. Telenor disclaims any intention or obligation to update or revise any forward-looking statements, whether as a result of new information, future events or otherwise.

**Additional Information and Where to Find It**

Telenor has filed with the Securities and Exchange Commission (the **"SEC"**) a statement on Schedule 13D with respect to Telenor's interest in the securities of VimpelCom and a number of amendments thereto (as so amended, the **"Schedule 13D"**). Investors and security holders are urged to read the Schedule 13D, as well as Telenor's and VimpelCom's respective filings on Form 20-F and Form 6-K, and any other relevant documents filed or to be filed with the SEC, as well as any amendments or supplements to those documents, because they contain (or will contain) important information. Investors and security holders may obtain free copies of such documents at the SEC's website (http://www.sec.gov).