UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 :
TELENOR EAST INVEST AS,                                          :
                                                                 :
                            Plaintiff,                           :   ECF Case
                                                                 :
                 - against -                                     :   07 Civ. 4829 (DC)
                                                                 :
ALTIMO HOLDINGS & INVESTMENTS                                    :
LIMITED, ECO TELECOM LIMITED, CTF                                :
HOLDINGS LIMITED, CROWN FINANCE                                  :
FOUNDATION and RIGHTMARCH LIMITED,                               :
                                                                 :
                            Defendants.                          :
                                                                 :
-----------------------------------------------------------------x


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION
OF ECO TELECOM LIMITED AND CTF HOLDINGS LIMITED
TO DISMISS, OR IN THE ALTERNATIVE, TO COMPEL ARBITRATION**




                                                  LOVELLS LLP
                                                  590 Madison Avenue
                                                  New York, New York 10022
                                                  Tel: (212) 909-0600
                                                  Fax: (212) 909-0660
                                                  *Attorneys for Eco Telecom Limited and
                                                  CTF Holdings Limited*

October 23, 2007

**Table of Contents**

**Page**

TABLE OF AUTHORITIES ..................................................................................................ii

    PRELIMINARY STATEMENT ....................................................................................1

    STATEMENT OF FACTS ............................................................................................2

    ARGUMENT ................................................................................................................3

        TELENOR EAST FAILS TO ADDRESS THE SUBSTANTIVE
        ARGUMENTS SET FORTH IN DEFENDANTS ECO TELECOM'S
        AND CTF'S MOTION TO COMPEL ARBITRATION .............................3

        **A.** Because Telenor East's Allegations (Without Regard to Its
            Causes of Action) Implicate the Shareholders Agreement, Its
            Claims Must Be Arbitrated ...................................................................3

        **B.** Telenor East Has Failed to Refute Defendants' Showing that
            Telenor East's Own Actions Directly Link the Shareholders
            Agreement to the Allegations ...............................................................6

        **C.** Telenor East Has Failed to Refute Eco Telecom's Argument
            that the Relief Telenor East Seeks in this Action Will Prejudice
            Eco Telecom's Rights Under the Shareholders Agreement ..................7

    Conclusion ....................................................................................................................9

## Table of Authorities

                                 **Page**

**Cases**

*Collins & Aikman Bldg. Prods. Co. v. Bldg. Sys., Inc.*,
   58 F.3d 16 (2d Cir. 1995) ........................................................................................... 4, 5

*Genesco v. Kakiuchi & Co.*,
   815 F.2d 840 (2d Cir. 1987) ....................................................................................... 4, 5, 6

*JLM Indus., Inc.*, v. *Stolt-Nielsen SA*,
   387 F.3d 163 (2d Cir. 2004) ....................................................................................... 5, 6

*Leadertex, Inc. v. Morganton Dyeing & Finishing Corp.*,
   67 F.3d 20 (2d Cir. 1995) ............................................................................................. 5

*Mitsubishi Motors Corp. v. Soler-Chrysler Plymouth, Inc.*,
   473 U.S. 614 (1985) .................................................................................................... 4

*Oldroyd v. Elmira Savings Bank, FSB*,
   134 F.3d 72 (2d Cir. 1998) ......................................................................................... 5, 6

*Rosen v. Mega Bloks*,
   Case No. 1:06-CV-03474, 2007 WL 1958968 (S.D.N.Y. July 6, 2007) ..................... 6

*Smith/Enron Cogeneration Ltd. P'ship v. Smith Cogeneration Int'l Inc.*,
   198 F.3d 88 (2d Cir. 1999) ......................................................................................... 3, 7

**Statutes**

15 U.S.C. § 78u-4(b)(1) ..................................................................................................... 1
15 U.S.C. § 78u-4(b)(2) ..................................................................................................... 1

**Rules**

Federal Rules of Civil Procedure 12(b)(6) ....................................................................... 1
Federal Rules of Civil Procedure 9(b) .............................................................................. 1

Defendants Eco Telecom[1] and CTF (collectively, "Defendants") respectfully submit this reply memorandum of law in further support of their motion to dismiss Telenor East's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) and the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(b)(1), or in the alternative, to compel arbitration of the claims brought against them by Plaintiff Telenor East.

**Preliminary Statement**

Eco Telecom and CTF respectfully reiterate their request that the claims set forth in Telenor East's Amended Complaint be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) and the PSLRA, 15 U.S.C. § 78u-4(b)(1)-(2), for the reasons set forth in Defendants Altimo's, Crown's and Rightmarch's Reply Memorandum. Eco Telecom and CTF hereby join and incorporate by reference the arguments made in co-defendants Altimo's, Crown's, and Rightmarch's Reply Memorandum as though fully set forth herein.

In its opposition to Defendants' motion to compel arbitration ("Opp."), Telenor East avoids responding substantively to most of Defendants' arguments, and completely ignores the evidence demonstrating the relationship of Telenor East's claims to the Shareholders Agreement. Specifically, Telenor East overlooks the fact that just twelve days after commencing this action, Telenor East, through its parent ("Telenor ASA"), made a presentation to Institutional Shareholders Service (the "ISS Presentation") that cited to Telenor East's Complaint in an effort to urge other VimpelCom shareholders to block further share acquisitions by Eco Telecom. The ISS Presentation expressly links the Shareholders Agreement to the allegations in the Complaint by contending that Eco Telecom was trying to acquire a greater than 44% stake in VimpelCom "without making the disclosures required under US securities laws," "which would give it the

---

[1] Capitalized terms used herein are used as defined in Defendants' memorandum of law in support of its motion to dismiss or, in the alternative, compel arbitration.

right under the VimpelCom Shareholders Agreement to nominate 4 non-independent directors." (Mem. at 8; Zeballos Decl., Ex. E at 12.)[2]

In addition, Telenor East has failed to refute Defendants' showing that the relief Telenor East seeks in its Amended Complaint would negatively affect Eco Telecom's rights under the Shareholders Agreement. Specifically, Telenor East seeks an order (a) directing Eco Telecom to rescind its VimpelCom share purchases or sell its shares, or (b) enjoining Eco Telecom from voting its VimpelCom shares. Either of these remedies would directly restrict Eco Telecom's rights under the Shareholders Agreement.

Telenor East fails to refute Eco Telecom's arguments because it cannot. The factual circumstances, the timing of Telenor East's complaint, and the relief it seeks render clear the intent behind its action—Telenor East seeks to rehash its arbitration claims in an effort to interfere with Eco Telecom's contractual rights in the management of VimpelCom. Having failed to block Eco Telecom during the recently concluded arbitration, it now seeks to do so through this Court. Telenor East should not be allowed to waste the resources of this Court to get another bite at the apple.

**Statement of Facts**

Defendants respectfully direct the Court to the facts recited in Defendants' moving papers ("Mem."), without conceding the accuracy of Telenor East's extensive (and largely irrelevant) factual recitation. It should be noted, however, that Telenor East's characterization of the parties' prior dealings with the arbitrators is incorrect. For example, the Tribunal did not rule that Telenor East's present claims fall outside the scope of the arbitration clause in the Shareholders

---

[2] References to the "Zeballos Decl." refer to the Declaration of Gonzalo S. Zeballos filed in support of the instant motion.

Agreement. Rather, the Tribunal simply stated that because its existing mandate had come to an end, the more appropriate course of action would be to initiate a new arbitration. After unequivocally stating that it was not ruling on the merits of any new claim, the Tribunal expressed its willingness to serve as the arbitral panel for this new arbitration, should the parties so desire.

## Argument

### TELENOR EAST FAILS TO ADDRESS THE SUBSTANTIVE ARGUMENTS SET FORTH IN DEFENDANTS ECO TELECOM'S AND CTF'S MOTION TO COMPEL ARBITRATION

As set forth in Defendants' opening papers, the federal courts strongly favor arbitration. Courts in this district will compel arbitration of a dispute provided that it can be shown that: (a) the parties have a valid agreement to arbitrate; (b) the dispute falls within the scope of the arbitration clause; and (c) Congress has not affirmatively deemed any applicable statutory claims to be non-arbitrable. (Mem. at 11.) Telenor East does not dispute that the parties have a valid agreement to arbitrate, nor does it dispute that securities claims are arbitrable. Thus, the only issue that remains is whether the dispute falls within the scope of the Shareholders Agreement's arbitration clause.

### A. Because Telenor East's Allegations (Without Regard to Its Causes of Action) Implicate the Shareholders Agreement, Its Claims Must Be Arbitrated

Telenor East concedes that the arbitration clause in the Shareholders Agreement is broad (Opp. at 9-10), and thus must also concede that it agreed to arbitrate all issues that "relate to" or "touch upon" the Shareholders Agreement. *See Smith/Enron Cogeneration Ltd. P'ship v. Smith Cogeneration Int'l Inc.*, 198 F.3d 88, 99 (2d Cir. 1999) (holding that allegations that "touch matters" covered by the parties arbitration agreement "must be arbitrated").[3] In deciding whether

---
[3] *See also* Mem. at 12-13.

3

a claim "relates to" or "touches upon" the parties' arbitration agreement, the fact-finder must look to the factual allegations of the Complaint, rather than to the manner in which a party has chosen to style its cause of action. *Genesco v. Kakiuchi & Co.*, 815 F.2d 840 (2d Cir. 1987). That Telenor East has styled its claim as a violation of the securities laws, is therefore irrelevant. What matters is whether the factual "allegations underlying [its] claims 'touch matters' covered by the parties' . . . agreement[], whatever the legal labels attached to them." *Id* at 846.

Telenor East attempts to circumvent the Second Circuit's holding in *Genesco* by arguing that its securities action has nothing to do with the Shareholders Agreement because the Shareholders Agreement has nothing to do with securities actions. (Opp. at 1 ("[the Shareholders Agreement] does not in any way address the securities laws at issue in this action").) But the applicable case law does not support Telenor East's circular reasoning. In *Mitsubishi Motors Corp. v. Soler-Chrysler Plymouth, Inc.*, the Supreme Court expressly rejected the argument that an "arbitration clause must specifically mention the statute giving rise to the claims that the party to the clause seeks to arbitrate." 473 U.S. 614, 625 (1985) (compelling arbitration of Sherman Act counterclaim arising from automobile distribution contract with broad arbitration clause).

In *Collins & Aikman Bldg. Prods. Co. v. Bldg. Sys., Inc.*, 58 F.3d 16 (2d Cir. 1995), cited by Telenor East (Opp. at 10) as well as by Eco Telecom (Mem. at 14-15), the Second Circuit reiterated and confirmed the *Genesco* standard. *Id.* at 20-21. The plaintiff in *Collins & Aikman* attempted to use a contract with no arbitration clause (the "1988 Contract") as part of an alleged scheme to terminate a separate contract that did contain an arbitration clause (the "1977 Contract"). *Id.* Plaintiff argued that because the 1988 Contract did not contain an arbitration clause, and defendant's claims arose under that contract, the court could not compel arbitration of the dispute. *Id.* The Second Circuit disagreed; holding that to the extent plaintiff used the 1988 Contract to wrongfully terminate the 1977 Contract, those actions related to the 1977 Contract,

4

triggering its arbitration clause. *Id.* Because Telenor East's goal (as set forth in the ISS Presentation) in bringing this securities action is to block operation of the Shareholders Agreement and to undermine Eco Telecom's nomination rights, this lawsuit plainly "relates to" and "touches upon" that agreement, and Telenor East's invocation of the U.S. securities laws to accomplish its goal is irrelevant.

Rather than addressing the fundamental *Genesco* principle, Telenor East cites to a 1995 Second Circuit case, *Leadertex, Inc. v. Morganton Dyeing & Finishing Corp.*, 67 F.3d 20 (2d Cir. 1995). It does so for the proposition that "the use of . . . catchphrases [such as "touches upon"] is not a substitute for analysis." (Opp. at 12). But Defendants do not ask this Court to substitute catchphrases for analysis. To the contrary, Defendants' opening papers provide five pages of detailed analysis linking the securities claims to the Shareholders Agreement. (Mem. at 12-16) Moreover, the Second Circuit has rejected the interpretation of *Leadertex* that Telenor East proposes:

> JLM points out that we have doubted the utility of phrases such as "touch matters" in determining whether a broad arbitration clause is applicable to a dispute which departs from the casebook model of a contract dispute because the applicability of such an arbitration clause cannot be resolved simply through the interpretation and enforcement of contract language. Specifically, we have found that "touch matters" and like phrases do not "yield[ ] a principled way of ... deciding whether ... claims should be sent to arbitration." *Leadertex, Inc. v. Morganton Dyeing & Finishing Corp.*, 67 F.3d 20, 28 (2d Cir.1995).
>
> This point is well taken, but, based upon Supreme Court precedent and cases from our Circuit, we are confident that the district court erred in holding that the instant dispute should not be sent to arbitration. In reaching this conclusion, "*we focus on the factual allegations in the complaint rather than the legal causes of action asserted.*" *Oldroyd*, 134 F.3d at 77 (citation and quotation marks omitted). The central factual allegations of the complaint in this case posit that a price-fixing conspiracy among the Owners undermined legitimate contractual relations between the parties. These allegations are directly analogous to the facts of a number of cases in which arbitration has been ordered.

5

*JLM Indus., Inc.*, v. *Stolt-Nielsen SA*, 387 F.3d 163, 172-73 (2d Cir. 2004) (also citing *Oldroyd v. Elmira Savings Bank, FSB*, 134 F.3d 72, 77 (2d Cir. 1998), which in turn cites *Genesco*, 815 F.2d at 844) (emphasis added). In *JLM Industries*, the Second Circuit went on to find that an alleged antitrust conspiracy that had the effect of undermining the contractual relations among the parties triggered the arbitration clauses in those contracts. Here, Telenor East's allegations, and the relief it seeks, directly affect Eco Telecom's rights under the Shareholders Agreement, which likewise trigger the arbitration clause in that agreement.[4]

### B. Telenor East Has Failed to Refute Defendants' Showing that Telenor East's Own Actions Directly Link the Shareholders Agreement to the Allegations

As noted above, the ISS Presentation clearly establishes the intent behind Telenor East's action, which is to block operation of the Shareholders Agreement. Telenor East does not even dispute that it used its Complaint in a failed attempt to block Eco Telecom from attaining a 44% interest in VimpelCom. It is therefore uncontested that a mere 12 days after filing its Complaint, Telenor East, through its parent, expressly linked the Shareholders Agreement and its nomination provisions to the Complaint in an attempt to stop independent shareholders from selling VimpelCom shares to Eco Telecom:

- Alfa has increased its stake to at least 43.8% over the past year, up from 32.9% in June 2006, through illegal street sweeps, swap transactions designed to circumvent Russian law and without making the disclosures required under US securities laws. Telenor East Invest AS v. Altimo Holdings & Investments Limited, et al.

    ….

- Alfa has repeatedly made inconsistent and contradictory statements concerning its intentions with respect to VimpelCom, including that it

---

[4] Telenor's citation to *Rosen v. Mega Bloks*, Case No. 1:06-CV-03474, 2007 WL 1958968 (S.D.N.Y. July 6, 2007) (Gorenstein U.S.M.J.) is inapposite and misleading. The suggestion that *Mega Bloks* stands for the proposition that the triggering of an arbitration clause requires construction of the underlying contract is a misreading of that case. (Opp. at 14.) The language cited by Telenor East is not a statement of the law, but rather a rejection of plaintiff's argument based on facts unlike those present here. The motion to compel arbitration in *Mega Bloks* was denied for the simple reason that the allegations did not relate to an agreement with an arbitration clause.

6

> intends to increase its ownership stake above 44%, *which would give it the right under the VimpelCom Shareholders Agreement to nominate 4 non-independent directors*.

(Zeballos Decl, Ex. E at 12 (emphasis added).) Telenor East further showed the linkage between its current claims and its previous arbitration claims when it voiced concerns in the arbitration regarding Eco Telecom's 13D Registration Statements. (Mem. at 5; Zeballos Decl. Ex. D at 61:2-62:4.) Telenor East's own words and actions therefore directly connect this action to the Shareholders Agreement, easily satisfying the *Smith/Enron* "relates to" or "touches upon" requirement, mandating arbitration of this claim. 198 F.3d at 99.

### C. Telenor East Has Failed to Refute Eco Telecom's Argument that the Relief Telenor East Seeks in this Action Will Prejudice Eco Telecom's Rights Under the Shareholders Agreement

Telenor East next attempts to suggest that it has no problem with Eco Telecom's achieving a greater than 44% interest in VimpelCom, asserting that "[n]one of the relief sought by Telenor East in this action would affect [Eco Telecom's] right" to nominate a full slate of non-Independent candidates. (Opp. at 12) This is not true. The relief sought by Telenor East in this action would deprive Eco Telecom of its ability to exercise its rights as a Plurality Shareholder. Specifically, Telenor East seeks in relevant part:

- an order directing the defendants to "rescind the purchase (or arrangement to purchase) of, or sell any VimpelCom securities they acquired" (Am. Compl. at 36 ¶ (d)(iii)); and

- an injunction against "voting any VimpelCom securities they acquired" (*id*. ¶ (d)(iv)).

(Mem. at 6.) Either of these remedies would have the effect of negating Eco Telecom's rights as a Plurality Shareholder.

Telenor East also inexplicably suggests that "Defendants never explain how [it] is the case that" "some of the relief sought by Telenor East, if granted, might affect Eco Telecom's ability to exercise its rights under the Shareholders Agreement." (Opp. at 14.) Not only is this

untrue,[5] but Telenor East goes on to answer its own question, acknowledging in a footnote that Eco Telecom's right to nominate four non-Independent candidates would be affected by the relief Telenor East seeks in this action. (Opp. at 14. n.12) This is wholly inconsistent with Telenor East's concession at the April 14, 2007 arbitral proceeding that this is a "valuable right." (Zeballos Decl., Ex. D at 61:10.)

         \*        \*        \*

---

[5] Telenor East ignores Eco Telecom's discussion of the parties' changing nomination rights as they reach the 25%, 44% and 50% share ownership levels. (Mem. at 2-3.) Telenor East also ignores its own citation to the section of the Shareholders Agreement (§4.01) that defines nomination rights as a function of share ownership. (Opp. at 4-5.)

8

**<u>Conclusion</u>**

For the reasons set forth herein and in their moving papers, Defendants Eco Telecom Limited and CTF Holdings Limited respectfully request that Telenor East's Amended Complaint be dismissed in its entirety, or in the alternative, that Telenor East be compelled to arbitrate the claims set forth in its Amended Complaint.

Respectfully submitted,

LOVELLS LLP

By: /s/ Edward T. Schorr

Edward T. Schorr (ES-0290)
Hillel I. Parness (HP-1638)
Gonzalo S. Zeballos (GZ-5994)
590 Madison Avenue
New York, New York 10022
Telephone: (212) 909-0600
Facsimile: (212) 909-0660
*Attorneys for Eco Telecom Limited and CTF Holdings Limited*