UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| TELENOR EAST INVEST AS,<br><br>                                    Plaintiff,<br><br>                -against-<br><br>ALTIMO HOLDINGS & INVESTMENTS LIMITED, ECO TELECOM LIMITED, CTF HOLDINGS LIMITED, CROWN FINANCE FOUNDATION, and RIGHTMARCH LIMITED,<br><br>                                  Defendants. | 07 Civ. 4829 (DC)<br>ECF ACTION |

**ANSWER OF ALTIMO HOLDINGS & INVESTMENTS LIMITED, CROWN FINANCE FOUNDATION, AND RIGHTMARCH LIMITED**

Defendants Altimo Holdings & Investments Limited ("Altimo"), Crown Finance Foundation ("Crown"), and Rightmarch Limited ("Rightmarch") (collectively "Defendants") through their undersigned counsel, for their Answer to the First Amended Complaint, dated July 11, 2007 (the "Complaint")[1], hereby respond as follows:

1.  Deny the allegations of paragraph 1, except admit that Open Joint Stock Company "Vimpel-Communications" (hereinafter "VimpelCom") is a company whose American Depository Shares ("ADSs") are registered pursuant to the securities laws of the United States and are traded on the New York Stock Exchange.

2.  Deny the allegations of paragraph 2, except admit that since August 29, 2006, Eco Telecom has acquired at least 11.1% of VimpelCom's issued and outstanding voting shares and has increased its ownership of VimpelCom's voting shares to slightly in excess of 44.00%.

3.  Deny the allegations of paragraph 3.

4.  Deny the allegations of paragraph 4.

5.  Deny the allegations of paragraph 5, except admit that Telenor East purports to bring this action pursuant to Section 13(d), Section 13(e), Section 14(d) and Section 14(e) of the Securities Exchange Act of 1943, 15 U.S.C. §§ 78m(d), 78m(e), 78n(d) and 78n(e), and the rules and regulations promulgated thereunder.

6.  Admit the allegations of paragraph 6.

---

[1] By Opinion dated March 24, 2008, the Court granted in part Defendants' Motion to Dismiss, dismissing Counts III, IV and V and limiting Count I to Telenor's allegations (i) that Defendants failed to disclose adequately an intent to take control of VimpelCom and (ii) that Rightmarch should have joined the 13Ds filed by Eco Telecom Limited, CTF Holdings Limited, Altimo and Crown (collectively the "Alfa Reporting Persons") or filed its own 13Ds, in violation of Section 13(d) of the Securities Exchange Act of 1934.

7. Admit the allegations of paragraph 7.

8. State that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9. State that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10. Admit the allegations of the first sentence of paragraph 10, and deny the allegations of the second sentence of paragraph 10.

11. Admit the allegations of paragraph 11.

12. Admit the allegations of paragraph 12.

13. Admit the allegations of paragraph 13.

14. Admit the allegations of paragraph 14.

15. Admit the allegations of paragraph 15.

16. Admit the allegations of paragraph 16.

17. Admit the allegations of paragraph 17.

18. Admit the allegations of paragraph 18.

19. Admit the allegations of paragraph 19.

20. Admit the allegations of paragraph 20.

21. Admit the allegations of paragraph 21.

22. Admit the allegations of paragraph 22.

23. Deny the allegations of paragraph 23, and refer to the article referred to for its content.

24. The claim to which paragraph 24 relates has been dismissed, and no response is required.

25. Deny the allegations of paragraph 25, and refer to public sources for the historical trading volume and closing prices of VimpelCom shares.

26. Admit the allegations of paragraph 26.

27. Deny the allegations of paragraph 27, and refer to the September 6 13D/A (Amendment Number 22) for its content.

28. State that the allegations of paragraph 28 purport to state legal conclusions as to which no response is required.

29. Deny the allegations of paragraph 29, and refer to the Rightmarch Transaction for its content.

30. Deny the allegations of paragraph 30, and refer to the September 6 13D/A for its content.

31. Deny the allegations of paragraph 31, refer to the September 6 13D/A for its content, and state that paragraph 31 purports to state legal conclusions as to which no response is required.

32. Admit the allegations of paragraph 32.

33. Deny the allegations of paragraph 33, refer to the Rightmarch Transaction for its content, and state that paragraph 33 purports to state a legal conclusion as to which no response is required.

34. The claim to which paragraph 34 relates has been dismissed, and no response is required.

35. Deny the allegations of paragraph 35, except admit that the Alfa Reporting Persons filed a 13D/A on October 10, 2006 (Amendment Number 23), and refer to that Amendment for its content.

36. Deny the allegations of paragraph 36, and refer to the articles cited in the paragraph for their contents.

37. Deny the allegations of paragraph 37, except admit that the Alfa Reporting Persons filed a 13D/A on November 22, 2006 (Amendment Number 24), refer to that Amendment for its content, and state that paragraph 37 purports to state a legal conclusion as to which no response is required.

38. The claim to which paragraph 38 relates has been dismissed, and no response is required.

39. Deny the allegations of paragraph 39, except admit that the Alfa Reporting Persons filed a 13D/A on May 26, 2005 (Amendment Number 10), and refer to that Amendment for its content.

40. Admit the allegations in the first two sentences of paragraph 40, and state that the last sentence of paragraph 40 relates to a claim that has been dismissed and no response is required.

41. Deny the allegations of paragraph 41, except admit that the Alfa Reporting Persons filed a 13D/A on March 2, 2007 (Amendment Number 26), and  refer to that Amendment for its content.

42. Deny the allegations of paragraph 42, and refer to the March 2 13D/A for its content.

43. Deny the allegations of paragraph 43, and refer to the Rightmarch Transaction and the March 2 13D/A for their contents.

44. Deny the allegations of paragraph 44, except admit that the Alfa Reporting Persons filed a 13D/A on March 7, 2007 (Amendment Number 27), and refer to that Amendment for its content.

45. Deny the allegations of paragraph 45, except admit that the Alfa Reporting Persons filed a 13D/A on March 8, 2007 (Amendment Number 28), refer to that Amendment for its content.

46. Deny the allegations of paragraph 46, except admit that the Alfa Reporting Persons filed a 13D/A on March 9, 2007 (Amendment Number 29), and refer to that Amendment for its content.

47. Deny the allegations of paragraph 47, except admit that the Alfa Reporting Persons filed a 13D/A on March 13, 2007 (Amendment Number 30), and refer to that Amendment for its content.

48. Deny the allegations of paragraph 48, and refer to the March 13 13D/A for its content.

49. Deny the allegations of paragraph 49, and refer to the March 13 13D/A for its content.

50. Deny the allegations of paragraph 50, and refer to the Indenture agreement attached as an exhibit to the March 13 13D/A for its content.

51. Deny the allegations of paragraph 51, except admit that Altimo issued a press release titled "Altimo Borrows $1.5 billion to Develop Projects in Eurasia" on March 14, 2007, refer to that press release for its content, and refer to the March 13 13D/A for its content.

52. Deny the allegations of paragraph 52, and refer to the article quoted for its content.

52. The claim to which this paragraph (also numbered 52) relates has been dismissed, and no response is required.

53. The claim to which paragraph 53 relates has been dismissed, and no response is required.

54. Deny the allegations of paragraph 54, except admit that the Alfa Reporting Persons filed a 13D/A on March 21, 2007 (Amendment Number 31), and refer to that Amendment for its content.

55. Deny the allegations of paragraph 55.

56. Deny the allegations of paragraph 56, except admit that between February 28, 2007 and March 20, 2007, Deutsche Bank, acting on behalf of Eco Telecom, made offers to hedge funds to purchase VimpelCom shares.

57. Deny the allegation in the first sentence of paragraph 57 because "open-ended" is an undefined term, deny the remainder of the allegation of paragraph 57, and refer to the Alfa Reporting Persons' 13D/A filings for their contents.

58. Deny the allegations of paragraph 58, except admit that the Alfa Reporting Persons filed a 13D/A on June 13, 2007 (Amendment Number 32), and refer to that Amendment for its content.

59. Deny the allegations of paragraph 59, and refer to the June 13 13D/A for its content.

60. Deny the allegation of paragraph 60, except admit that the Alfa Reporting Persons filed a 13D/A on June 26, 2007 (Amendment Number 33), and refer to that Amendment for its content.

61. Deny the allegations of paragraph 61, and refer to the June 26 13D/A for its content.

62. Deny the allegations of paragraph 62, except admit that the Alfa Reporting Persons did not file a Schedule TO in connection with Eco Telecom's purchases of VimpelCom shares, and state that paragraph 62 purports to state legal conclusions as to which no response is required.

63. The claim to which paragraph 63 relates has been dismissed, and no response is required.

64. The claim to which paragraph 64 relates has been dismissed, and no response is required.

65. Deny the allegations of paragraph 65.

66. Deny the allegations of paragraph 66.

67. Deny the allegations of paragraph 67, refer to the May 26, 2005 13D/A (Amendment Number 10) for its content, and admit that as of the date of the first amended complaint, Eco Telecom's application to acquire up to 60% plus one share of the voting capital stock of VimpelCom remained on file with the FAS.

68. Deny the allegations of paragraph 68, except admit that the Alfa Reporting Persons attached a letter to VimpelCom shareholders as an exhibit to Amendment Number 11 filed on June 14, 2005, and refer to that letter for its content.

69. Deny the allegations of paragraph 69, and refer to the article quoted for its content.

70. Deny the allegations of paragraph 70, and refer to the presentation to Institutional Shareholders Services attached as an exhibit to Amendment Number 20 filed on June 5, 2006, for its content.

71. Deny the allegations of paragraph 71, except admit that Peter Aven met with Vladimir Putin on August 9, 2006, and refer to the article quoted for its content.

72. Deny the allegations of paragraph 72, except admit that Altimo issued a press release on September 7, 2006, and refer to that press release for its content.

73. Deny the allegations of paragraph 73, and refer to the Alfa Reporting Person's 13D/As for their contents.

74. Deny the allegations of paragraph 74, and refer to the article quoted for its content.

75. Deny the allegations of paragraph 75, and refer to the article quoted for its content.

76. Deny the allegations of paragraph 76, and refer to the article quoted for its content.

77. Deny the allegations of paragraph 77, except admit that on November 19, 2005, Telenor East commenced an arbitration in Geneva, Switzerland against Eco Telecom, CTF and Eco Holdings Limited, and refer to the Shareholders Agreement for its content.

78. Deny the allegations of paragraph 78, except admit that VimpelCom held a board meeting on March 28, 2007, and refer to the Tribunal's January 25, 2007 Award for its content.

79. Deny the allegations of paragraph 79, except admit that counsel for Eco Telecom wrote to the Tribunal on March 27, 2007, refer to that letter for its content, and refer to the Alfa Reporting Persons' 13D/As for their contents.

80. Admit the allegations of paragraph 80.

81. Deny the allegations of paragraph 81, except admit that on April 10, 2007, Oleg Malis submitted a Statement to the Tribunal, refer to that Statement for its content, and state that paragraph 81 purports to state legal conclusions as to which no response is required.

82. Deny the allegations of paragraph 82, except admit that Mr. Malis made statements in the non-public arbitration proceeding on April 10, 2007, refer to the article quoted for its content, and refer to the Alfa Reporting Persons' 13D/As for their contents.

83. Deny the allegations of paragraph 83.

84. Deny the allegations of paragraph 84, except admit that Alexey Reznikovich held a press conference on April 17, 2007, and refer to the articles quoted for their contents.

85. Deny the allegations of paragraph 85, except admit that on May 14, 2007, Eco Telecom withdrew one of its non-independent candidates for election to the VimpelCom Board, and that on May 16, 2007, counsel for Eco Telecom wrote to the Tribunal, refer to that letter for its content, refer to the June 13, 2007 13D/A and the

June 26, 2007 13D/A for their contents, and state that paragraph 85 purports to state a legal conclusion as to which no response is required.

86. Deny the allegations of paragraph 86, except admit that Eco Telecom acquired (i) 2,168,000 VimpelCom ADSs on June 8, 2007, (ii) 998,174 VimpelCom ADSs on June 8, 2007 and (iii) 473,290 VimpelCom ADSs on June 25, 2007 that took Eco Telecom over the 44% threshold, and refer to the June 13, 2007 13D/A, the June 26, 2007 13D/A and the article quoted for their contents.

87. Deny the allegations of paragraph 87, except admit that on June 14, 2007, Altimo held a press conference in Ukraine.

88. Deny the allegations of paragraph 88, and refer to the transcript of the April 14, 2006 hearing before the Tribunal for its content.

89. Deny the allegations of paragraph 89, except admit that Altimo borrowed $750 million from Credit Suisse secured by shares of Closed Joint Stock Company "Kyivstar G.S.M." in addition to the $1.5 billion of Bonds secured by Eco Telecom's VimpelCom shares, refer to the article quoted for its content, and refer to the Alfa Reporting Persons' 13D/As for their contents.

90. Repeat and incorporate their responses to paragraphs 1 through 89 of the Complaint as if fully set forth here.

91. Deny the allegations of paragraph 91.

92. Deny the allegations of paragraph 92.

93. Deny the allegations of paragraph 93.

94. Repeat and incorporate their responses to paragraphs 1 through 89 of the Complaint as if fully set forth here.

95. Deny the allegations of paragraph 95.

96. Deny the allegations of paragraph 96.

97. Deny the allegations of paragraph 97.

98. Repeat and incorporate their responses to paragraphs 1 through 89 of the Complaint as if fully set forth here.

99. The claim to which paragraph 99 relates has been dismissed, and no response is required.

100. The claim to which paragraph 100 relates has been dismissed, and no response is required.

101. The claim to which paragraph 101 relates has been dismissed, and no response is required.

102. Repeat and incorporate their responses to paragraphs 1 through 89 of the Complaint as if fully set forth here.

103. The claim to which paragraph 103 relates has been dismissed, and no response is required.

104. The claim to which paragraph 104 relates has been dismissed, and no response is required.

105. Repeat and incorporate their responses to paragraphs 1 through 89 of the Complaint as if fully set forth here.

106. The claim to which paragraph 106 relates has been dismissed, and no response is required.

107. The claim to which paragraph 107 has been dismissed, and no response is required.

## DEFENSES

### FIRST DEFENSE

Plaintiff's claims are moot.

### SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands, waiver or estoppel.

### THIRD DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### FOURTH DEFENSE

Plaintiff's claims are barred for lack of standing.

### FIFTH DEFENSE

Plaintiff's claims are barred because the relief of rescission sought by Plaintiff is not available.

May 6, 2008

                                  CRAVATH, SWAINE & MOORE LLP

by
              /s/ Ronald S. Rolfe
                Ronald S. Rolfe
                Tara Tune

         Attorneys for Defendants Altimo
         Holdings & Investments Limited,
         Crown Finance Foundation and
         Rightmarch Limited
            Worldwide Plaza
                825 Eighth Avenue
                    New York, NY 10019-7475
                      (212) 474-1000
                      rrolfe@cravath.com
                      ttune@cravath.com