LOVELLS LLP
Edward T. Schorr (ES-0290)
Hillel I. Parness (HP-1638)
Gonzalo S. Zeballos (GZ-5994)
590 Madison Avenue
New York, New York 10022
Tel: (212) 909-0600
Fax: (212) 909-0660
Email:  edward.schorr@lovells.com
*Attorneys for Defendants Eco Telecom Limited*
*and CTF Holdings Limited*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

TELENOR EAST INVEST AS,

                              Plaintiff,

           - against -

ALTIMO HOLDINGS & INVESTMENTS LIMITED,
ECO TELECOM LIMITED, CTF HOLDINGS
LIMITED, CROWN FINANCE FOUNDATION and
RIGHTMARCH LIMITED.

                              Eco Telecom.
------------------------------------------------------------------x

**07 Civ. 4829 (DC)(DCF)**

**ECF Case**

## ANSWER OF ECO TELECOM LIMITED AND CTF HOLDINGS LIMITED TO FIRST AMENDED COMPLAINT OF TELENOR EAST INVEST AS

Eco Telecom Limited ("Eco Telecom") and CTF Holdings Limited ("CTF")

(collectively, the "Eco Defendants"), by and through their undersigned attorneys, Lovells LLP,

hereby answer the Amended Complaint of plaintiff Telenor East Invest AS ("Telenor"), filed on

July 11, 2007 (the "Amended Complaint"), as follows:[1]

---

[1]       By opinion dated March 24, 2008, the Court granted in part Defendants' Motion to Dismiss, dismissing
Counts III, IV and V and limiting Count I to Telenor's allegations (i) that Defendants failed to disclose adequately

## INTRODUCTION

1.      The Eco Defendants deny the allegations of paragraph 1 except that the Eco Defendants admit that Open Joint Stock Company "Vimpel-Communications" ("VimpelCom") has its shares and American Depositary Shares ("ADSs") registered pursuant to the securities laws of the United States, and that VimpelCom's ADSs are traded on the New York Stock Exchange.

2.      The Eco Defendants deny the allegations of paragraph 2 except that Eco Telecom admits that it acquired at least 11.1% of VimpelCom's issued and outstanding voting shares and thereby increased Eco Telecom's ownership of VimpelCom's voting shares to a level slightly greater than 44%.

3.      The Eco Defendants deny the allegations of paragraph 3.

4.      The Eco Defendants deny the allegations of paragraph 4.

## JURISDICTION AND VENUE

5.      The Eco Defendants deny the allegations of paragraph 5 except admit that Telenor purports to bring this action pursuant to Sections 13(d), 13(e), 14(d) and 14(e) of the Securities Exchange Act of 1943, 15 U.S.C. §§ 78m(d), 78m(e), 78n(d) and 78n(e), and the rules and regulations promulgated thereunder.

6.      The Eco Defendants admit the allegations of paragraph 6.

---

an intent to take control of VimpelCom and (ii) that Rightmarch Limited ("Rightmarch") should have joined the 13Ds filed by Eco Telecom, CTF, Altimo Holdings & Investments Limited ("Altimo") and Crown Finance Foundation ("Crown") (collectively, the "Alfa Reporting Persons") or filed its own 13Ds, in violation of Section 13(d) of the Securities Exchange Act of 1934.

7.      The Eco Defendants admit the allegations of paragraph 7.

## THE PARTIES

### I.      PLAINTIFF

8.      The Eco Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 8.

9.      The Eco Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 9.

### II.      DEFENDANTS

10.      The Eco Defendants admit the allegations of the first sentence of paragraph 10, and deny the allegations of the second sentence of paragraph 10.

11.      The Eco Defendants admit the allegations of paragraph 11.

12.      The Eco Defendants admit the allegations of paragraph 12.

13.      The Eco Defendants admit the allegations of paragraph 13.

14.      The Eco Defendants admit the allegations of paragraph 14.

15.      The Eco Defendants admit the allegations of paragraph 15.

### III.      VIMPELCOM

16.      The Eco Defendants admit the allegations of paragraph 16.

17.     The Eco Defendants admit the allegations of paragraph 17.

18.     The Eco Defendants admit the allegations of paragraph 18.

19.     The Eco Defendants admit the allegations of paragraph 19.

**FACTUAL ALLEGATIONS**

**I.     BACKGROUND**

20.     The Eco Defendants admit the allegations of paragraph 20.

21.     The Eco Defendants admit the allegations of paragraph 21.

22.     The Eco Defendants admit the allegations of paragraph 22.

**II.     THE RIGHTMARCH TRANSACTION**

23.     In response to Telenor's allegations contained in paragraph 23 concerning the
August 9, 2006 article in *Vedomosti*, the Eco Defendants respectfully refer the Court to that
article for the content therein.  The Eco Defendants deny the allegations of paragraph 23.

24.     Because the claim to which this paragraph relates has been dismissed, no
responsive pleading is required.

25.     The Eco Defendants deny the allegations contained in paragraph 25.  Information
concerning trading volume and closing prices is available from publicly available sources, to
which the Eco Defendants respectfully refer the Court.

26.     The Eco Defendants admit the allegations of paragraph 26.

4

27.    The Eco Defendants deny the allegations of paragraph 27 and respectfully refer the Court to the September 6 13D/A[2] for the content therein.

28.    Paragraph 28 purports to state legal conclusions to which no responsive pleading is required.

29.    The Eco Defendants deny the allegations of paragraph 29 and respectfully refer the Court to the Rightmarch Transaction for its content.

30.    In response to Telenor's allegations concerning the content of Item 6 of the September 6 13D/A, the Eco Defendants respectfully refer the Court to that document for the content therein.  The Eco Defendants deny the allegations of paragraph 30.

31.    In response to Telenor's allegations concerning the content of Item 6 of the September 6 13D/A, the Eco Defendants respectfully refer the Court to that document for the content therein.  The Eco Defendants deny the allegations of paragraph 31, and further state that paragraph 31 purports to state legal conclusions to which no responsive pleading is required.

32.    The Eco Defendants admit the allegations of paragraph 32.

33.    The Eco Defendants deny the allegations of paragraph 33, respectfully refer the Court to the Rightmarch Transaction for the content therein, and further state that paragraph 33 purports to state legal conclusions to which no responsive pleading is required.

34.    Because the claim to which this paragraph relates has been dismissed, no responsive pleading is required.

---

[2]    Capitalized terms used herein are used as defined in Telenor's First Amended Complaint unless otherwise indicated.

35.     In response to Telenor's allegations in paragraph 35 concerning the content of the October 10 13D/A, the Eco Defendants respectfully refer the Court to that document for the content therein.  The Eco Defendants deny the allegations of paragraph 35.

36.     The Eco Defendants deny the allegations of paragraph 36, and respectfully refer the Court to the articles cited therein for their content.

37.     In response to Telenor's allegations in paragraph 37 concerning the content of the November 22 13D/A, the Eco Defendants respectfully refer the Court to that document for the content therein.  The Eco Defendants deny the allegations of paragraph 37 and further state that paragraph 37 purports to state legal conclusions to which no responsive pleading is required.

38.     Because the claim to which this paragraph relates has been dismissed, no responsive pleading is required.

39.     In response to Telenor's allegations in paragraph 39 concerning the content of the May 26, 2005 13D/A, the Eco Defendants respectfully refer the Court to that document for the content therein.  The Eco Defendants deny the allegations of paragraph 39.

40.     The Eco Defendants admit the allegations in the first two sentences of paragraph 40, and further state that because the last sentence of paragraph 40 relates to a claim that has been dismissed, no responsive pleading is required.

**III.   TELENOR'S ALLEGATIONS THAT DEFENDANTS FURTHER VIOLATED THE TENDER OFFER RULES AND CONTINUE TO ENGAGE IN INSIDER TRADING**

41.     In response to Telenor's allegations in paragraph 41 concerning the content of the March 2 13D/A, the Eco Defendants respectfully refer the Court to that document for the content therein.  The Eco Defendants deny the allegations of paragraph 41.

42.     In response to Telenor's allegations in paragraph 42 concerning the content of the March 2 13D/A, the Eco Defendants respectfully refer the Court to that document for the content therein.  The Eco Defendants deny the allegations of paragraph 42.

43.     In response to Telenor's allegations in paragraph 43 concerning the content of the March 2 13D/A, the Eco Defendants respectfully refer the Court to that document for the content therein.  The Eco Defendants deny the allegations of paragraph 43.

44.     In response to Telenor's allegations in paragraph 44 concerning the content of the Amendment Number 27 filed by the Alfa Reporting Persons on March 7, 2007, the Eco Defendants respectfully refer the Court to that document for the content therein.   The Eco Defendants deny the allegations of paragraph 44.

45.     In response to Telenor's allegations in paragraph 45 concerning the content of the Amendment Number 28 filed by the Alfa Reporting Persons on March 7, 2007, the Eco Defendants respectfully refer the Court to that document for the content therein.   The Eco Defendants deny the allegations of paragraph 45.

46.     In response to Telenor's allegations in paragraph 46 concerning the content of the Amendment Number 29 filed by the Alfa Reporting Persons on March 7, 2007, the Eco

Defendants respectfully refer the Court to that document for the content therein. The Eco Defendants deny the allegations of paragraph 46.

47.    In response to Telenor's allegations in paragraph 47 concerning the content of the Amendment Number 30 filed by the Alfa Reporting Persons on March 7, 2007, the Eco Defendants respectfully refer the Court to that document for the content therein. The Eco Defendants deny the allegations of paragraph 47.

48.    In response to Telenor's allegations in paragraph 48 concerning the content of the March 13 13D/A, the Eco Defendants respectfully refer the Court to that document for the content therein. The Eco Defendants deny the allegations of paragraph 48.

49.    In response to Telenor's allegations in paragraph 49 concerning the content of the March 13 13D/A, the Eco Defendants respectfully refer the Court to that document for the content therein. The Eco Defendants deny the allegations of paragraph 49.

50.    In response to Telenor's allegations in paragraph 50 concerning the content of the Indenture, the Eco Defendants respectfully refer the Court to that document for the content therein. The Eco Defendants deny the allegations of paragraph 50.

51.    The Eco Defendants deny the factual allegations of paragraph 51 except admit that Altimo issued a press release on March 14, 2007 entitled, "Altimo borrows $1.5 billion to Develop Projects in Eurasia. In response to Telenor's allegations concerning the March 14, 2007 press release by Altimo, the Eco Defendants respectfully refer the Court to that document for the content therein.

52.    With respect to Telenor's allegations contained in paragraph 52, concerning a June 30, 2007 internet article published on FOXNews.com, the Eco Defendants respectfully refer the Court to such article for the content therein.  The Eco Defendants deny the facts set forth in the FOXNews.com article.

## IV.    TELENOR'S ALLEGATIONS CONCERNING THE PURPORTED 2007 INSIDER TRADING

52.  Because the claim to which this paragraph, which is also numbered "52," relates has been dismissed, no responsive pleading is required.

53.    Because the claim to which this paragraph relates has been dismissed, no responsive pleading is required.

54.    In response to Telenor's allegations in paragraph 54 concerning the content of the March 21 13D/A, the Eco Defendants respectfully refer the Court to that document for the content therein.  The Eco Defendants deny the allegations of paragraph 54.

55.    The Eco Defendants deny the allegations of paragraph 55, and further state that paragraph 55 purports to state a legal conclusion to which no responsive pleading is required.

56.    The Eco Defendants deny the allegations of paragraph 56 except that they admit that Deutsche Bank made offers to hedge funds during the period between February 28, 2007 and March 20, 2007.

57.    The Eco Defendants deny the allegations of the first sentence of paragraph 57 as "open-ended" is an undefined term.  With respect to Telenor's allegations concerning the Alfa

Reporting Person's 13D/A filings made between March 2, 2007 and March 21, 2007, the Eco Defendants respectfully refer the Court to those documents for the contents therein.

58.    In response to Telenor's allegations in paragraph 58 concerning the content of the June 13, 2007 13D/A, the Eco Defendants respectfully refer the Court to that document for the content therein.  The Eco Defendants deny the allegations of paragraph 58.

59.    In response to Telenor's allegations in paragraph 59 concerning the content of the June 13, 2007 13D/A, the Eco Defendants respectfully refer the Court to that document for the content therein.   The Eco Defendants deny the allegations of paragraph 59.

60.    In response to Telenor's allegations in paragraph 60 concerning the content of the June 26, 2007 13D/A, the Eco Defendants respectfully refer the Court to that document for the content therein.  The Eco Defendants deny the allegations of paragraph 60.

61.    In response to Telenor's allegations in paragraph 61 concerning the content of the June 26, 2007 13D/A, the Eco Defendants respectfully refer the Court to that document for the content therein.  The Eco Defendants deny the allegations of paragraph 61.

62.    The Eco Defendants deny the allegations of paragraph 62 except admit that the Alfa Reporting Persons did not file a Schedule TO in connection with Eco Telecom's purchase of VimpelCom shares, and further state that paragraph 62 purports to state legal conclusions to which no response is required.

63.    Because the claim to which this paragraph relates has been dismissed, no responsive pleading is required.

10

64.    Because the claim to which this paragraph relates has been dismissed, no responsive pleading is required.

65.    The Eco Defendants deny the allegation of paragraph 65.

**V.    TELENOR'S ALLEGATIONS CONERNING DEFENDANTS' PURPORTEDLY FALSE AND MISLEADING STATEMENTS CONCERNING THEIR INTENTIONS WITH RESPECT TO VIMPELCOM**

66.    The Eco Defendants deny the allegations of paragraph 66.

67.    In response to Telenor's allegations in paragraph 67 concerning the content of the May 26, 2005 13D/A, the Eco Defendants respectfully refer the Court to that document for the content therein.  The Eco Defendants deny the allegations of paragraph 67 except admit that as of the date of the First Amended Complaint Eco Telecom's application to acquire up to 60% plus one share of the capital voting stock of VimpelCom remained on file with the FAS.

68.    In response to Telenor's allegations concerning the letter attached as an exhibit to Amendment 11 to their filing on Schedule 13D, filed on June 14, 2006, the Eco Defendants respectfully refer the Court to that document for the content therein.  The Eco Defendants deny the allegations of paragraph 68.

69.    In response to Telenor's allegations concerning the content of Amendment 16 to the Alfa Reporting Person's filing on Schedule 13D, filed on August 30, 2005, and exhibit 99.6 thereto, the Eco Defendants respectfully refer the Court to those documents for the content therein. The Eco Defendants deny the allegations of paragraph 69.

70.    In response to Telenor's allegations concerning the content of a presentation made to Institutional Shareholders Services on June 5, 2006, attached as Exhibit 99.2 to Amendment

20 to the Alfa Reporting Persons' filing on Schedule 13D, filed on June 5, 2006, the Eco Defendants respectfully refer the Court to that document for the content therein.  The Eco Defendants deny the allegations of paragraph 70.

71.    The Eco Defendants deny the allegations of paragraph 71 except admit that Peter Aven met with Vladimir Putin on August 9, 2006.  In response to Telenor's allegations concerning the *Vedomosti* article quoted in paragraph 71, the Eco Defendants respectfully refer the Court to that document for the content therein.

72.    The Eco Defendants deny the allegations of paragraph 72, except admit that Altimo issued a press release on September 7, 2006.  In response to Telenor's allegations concerning the content of Altimo's press release dated September 7, 2006, the Eco Defendants respectfully refer the Court to that document for the content therein.

73.    In response to Telenor's allegations in paragraph 73 concerning the content of each of the 13D/As filed by the Alfa Reporting persons in March 2007, the Eco Defendants respectfully refer the court to those documents for the content therein.  The Eco Defendants deny the allegations of paragraph 73.

74.    In response to Telenor's allegations in paragraph 74 concerning an interview with Mr. Kiril Babaev published in *The Moscow Times* on March 13, 2007, the Eco Defendants respectfully refer the Court to that article for the content therein.  The Eco Defendants deny the allegations of paragraph 74.

75.    In response to Telenor's allegations in paragraph 75 concerning a March 22, 2007 article in *Vedomosti*, the Eco Defendants respectfully refer the Court to that article for the content therein.  The Eco Defendants deny the allegations of paragraph 75.

76.    In response to Telenor's allegations in paragraph 76 concerning Mr. Babaev's statements published in *RBC Daily*, the Eco Defendants respectfully refer the Court to that publication for the content therein.  The Eco Defendants deny the allegations of paragraph 76.

77.    The Eco Defendants deny the allegations of paragraph 77, except admit that on November 19, 2005, Telenor commenced an arbitration in Geneva, Switzerland, under the UNCITRAL rules, and respectfully refer the Court to the Shareholders Agreement for the content therein.

78.    In response to Telenor's allegations in paragraph 78 concerning the contents of the January 25, 2007 Award, the Eco Defendants respectfully refer the Court to that document for the content therein.  The Eco Defendants admit that the 2007 Board meeting was held on March 28, 2007.

79.    In response to Telenor's allegations in paragraph 79 concerning the contents of the letter dated March 27, 2007 from Eco Telecom to the Tribunal, the Eco Defendants respectfully refer the Court to that document for the content therein.  The Eco Defendants deny the allegations of paragraph 79.

80.    The Eco Defendants admit that Telenor asked to convene a hearing purportedly for the reasons stated in paragraph 80, and that a hearing was convened.

81.     The Eco Defendants admit that on April 10, 2007, Eco Telecom sent to the Tribunal and Telenor Eco Telecom's statement of position and supporting affidavits in connection with the April 14 Hearing.  The Eco Defendants further admit that these documents included the Statement of Oleg Malis and respectfully refer the Court to that Statement for the content therein.  The Eco Defendants deny the allegations of paragraph 81 and further respond that paragraph 81 purports to state legal conclusions to which no responsive pleading is required.

82.     The Eco Defendants deny the allegations of paragraph 82, except admit that the statements by Oleg Malis referred to in paragraph 82 where made in the confidential non-public arbitration proceeding.  To the extent that Telenor's allegations in paragraph 82 concern the contents of a public interview with Teijo Pankko published on Bloomberg.com on April 11, 2007, the Eco Defendants respectfully refer the Court to such publication for the content therein. In response to Telenor's allegations concerning the Alfa Reporting Persons' 13D/As, the Eco Defendants respectfully refer the Court to those documents for the content therein.

83.     The Eco Defendants deny that allegations of paragraph 83.

84.     The Eco Defendants deny the allegations of paragraph 84 except admit that Alexey Reznikovich held a press conference on April 17, 2007.  In response to Telenor's allegations in paragraph 84 concerning the content of two news articles, Altimo Looks to Combine with Major European Telco, published by *Reuters*, and Altimo Sets Itself Merger Objective, published by *Reuters News* on April 18, 2007, the Eco Defendants respectfully refer the Court to those articles, for the content therein.

85.     The Eco Defendants admit that on May 14, 2007, Eco Telecom withdrew one of its non-independent candidates for election to the VimpelCom Board, stating that it had not

acquired 44% of VimpelCom's voting stock by that date.  With respect to Telenor's allegations concerning the content of Eco Telecom's letter to the Tribunal dated March 16, 2007, the Eco Defendants respectfully refer the Court to that document for the content therein.  In response to Telenor's allegations concerning the content of the June 13, 2007 13D/A and the June 26, 2007 13D/A, the Eco Defendants respectfully refer the Court to those documents for the content therein.  The Eco Defendants deny the allegations of paragraph 85 and further state that paragraph 85 states legal conclusions to which no responsive pleading is required.

86.     In response to Telenor's allegations in paragraph 86 concerning the content of a news article entitled Altimo says happy with VimpelCom stake for now, published by *Reuters*, the June 13, 2007 13D/A and the June 26, 2007 13D/A, the Eco Defendants respectfully refer the Court to those documents for the content therein.  The Eco Defendants deny the allegations of paragraph 86 except admit that Eco Telecom acquired (i) 2,168,000 VimpelCom ADSs on June 8, 2007, (II) 998,174 VimpelCom ADSs on June 8, 2007, (iii) 473,290 VimpelCom ADSs on June 25, 2007, that took Eco Telecom over the 44% threshold.

87.     The Eco Defendants deny the allegations of paragraph 87 except admit that on June 14, 2007, Altimo held a press conference in Ukraine.

## VI.   TELENOR'S ALLEGATIONS CONCERNING DEFENDANTS' PURPORTEDLY FALSE AND MISLEADING STATEMENTS CONCERNING THE FINANCING OF THEIR ACQUISITION OF VIMPELCOM SHARES AND ADSs

88.     In response to Telenor's allegations in paragraph 88 concerning the content of the April 14th hearing, the Eco Defendants respectfully refer the Court to the transcript of those hearings for the content therein.[3]  The Eco Defendants deny the allegations of paragraph 88.

89.     The Eco Defendants deny the allegations of paragraph 89, except admit that on May 17, 2007, Altimo announced that it had borrowed $750 million form Credit Suisse secured by a pledge of Altimo's 43.5% stake in Closed Joint Stock Company "Kyivstar G.S.M."  With respect to Telenor's allegations relating to the content of an article published in RBC Daily on May 17, 2007, the Eco Defendants respectfully refer the Court to that article for the content therein.  In response to Telenor's allegations concerning the contents of the Alfa Reporting Persons Rule 13D/As, the Eco Defendants respectfully refer the Court to those documents for the content therein.

### COUNT I
### Alleged Violations of Section 13(d) of the Exchange Act (15 U.S.C. §§ 78m(d)) and SEC Rules Promulgated Thereunder

90.     The Eco Defendants repeat and reallege their answers to paragraphs 1-89 as though fully set forth herein.

91.     The Eco Defendants deny the allegations of paragraph 91, and further state that paragraph 91 purports to state a legal conclusion to which no responsive pleading is required.

---

[3]     In referring the Court to the Arbitration documents, here and throughout this answer, the Eco Defendants do so without prejudice to their position that Telenor violated the confidentiality provisions of the arbitration by putting confidential documents into the public domain.

16

92.    The Eco Defendants deny the allegations of paragraph 92, and further state that paragraph 92 purports to state a legal conclusion to which no responsive pleading is required.

93.    The Eco Defendants deny the allegations of paragraph 93, and further state that paragraph 93 purports to state a legal conclusion to which no responsive pleading is required.

### COUNT II
**Alleged Violation of Section 14(d) of the Exchange Act (15 U.S.C. §§ 78n(d))**
**and SEC Rules Promulgated Thereunder**

94.    The Eco Defendants repeat and reallege their answers to paragraphs 1-89 as though fully set forth herein.

95.    The Eco Defendants deny the allegations of paragraph 95, and further state that paragraph 95 purports to state a legal conclusion to which no responsive pleading is required.

96.    The Eco Defendants deny the allegations of paragraph 96, and further state that paragraph 96 purports to state a legal conclusion to which no responsive pleading is required.

97.    The Eco Defendants deny the allegations of paragraph 97, and further state that paragraph 97 purports to state a legal conclusion to which no responsive pleading is required.

### COUNT III
**Alleged Violation of Section 13(e) of the Exchange Act (15 U.S.C. §§ 78m(e))**
**and SEC Rules Promulgated Thereunder**

98.    The Eco Defendants repeat and reallege their answers to paragraphs 1-89 as though fully set forth herein.

99.    As Plaintiff's claims set forth in Court III have been dismissed, no responsive pleading to Telenor's allegations in paragraph 99 is required.

100.    As Plaintiff's claims set forth in Court III have been dismissed, no responsive pleading to Telenor's allegations in paragraph 100 is required.

101.    As Plaintiff's claims set forth in Court III have been dismissed, no responsive pleading to Telenor's allegations in paragraph 101 is required.

## COUNT IV
### Alleged Violation of Section 14(e) of the Exchange Act (15 U.S.C. §§ 78m(e)) and SEC Rules Promulgated Thereunder

102.    The Eco Defendants deny repeat and reallege their answers to paragraphs 1-89 as though fully set forth herein.

103.    As Plaintiff's claims set forth in Court IV have been dismissed, no responsive pleading to Telenor's allegations in paragraph 103 is required.

104.    As Plaintiff's claims set forth in Court IV have been dismissed, no responsive pleading to Telenor's allegations in paragraph 104 is required.

## COUNT V
### Alleged Violation of Section 10(b) of the Exchange Act (15 U.S.C. §§ 78m(e)) and SEC Rules Promulgated Thereunder

105.    The Eco Defendants repeat and reallege their answers to paragraphs 1-89 as though fully set forth herein.

106.    As Plaintiff's claims set forth in Court V have been dismissed, no responsive pleading to Telenor's allegations in paragraph 106 is required.

107.    As Plaintiff's claims set forth in Court V have been dismissed, no responsive pleading to Telenor's allegations in paragraph 107 is required.

108.    The Eco Defendants deny all the allegations of the Complaint not specifically admitted above.

## DEFENSES

Without assuming any burden of proof that they would not otherwise bear under applicable law, the Eco Defendants set forth the following defenses to the Complaint.[4]   The Eco Defendants reserve the right to assert additional defenses, including those that are revealed during discovery.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are moot.

### THIRD DEFENSE

Plaintiff's claims are barred in whole or part by the doctrine of unclean hands, waiver or estoppel.

### FOURTH DEFENSE

Plaintiff's claims for relief are barred by the doctrine of laches.

### FIFTH DEFENSE

Plaintiff's claims for relief are barred because it did not suffer any irreparable harm.

### SIXTH DEFENSE

Plaintiff's claims are barred in whole or part for lack of standing.

---

[4] By identifying the below matters as "defenses," the Eco Defendants do not suggest that these matters are not elements of Plaintiff's *prima facie* case on the asserted claims, or that Plaintiff does not bear the burden of proof on these matters.

<u>SEVENTH DEFENSE</u>

Plaintiff's claims are barred because it has alleged no injury in fact to itself resulting from the Eco Defendants' alleged securities law violations.

<u>EIGHTH DEFENSE</u>

Plaintiff's claims for injunctive relief are barred because any VimpelCom shareholder allegedly harmed has an adequate remedy at law.

<u>NINTH DEFENSE</u>

The Eco Defendants are not liable because they did not make a false or misleading statement of material fact or omission of material fact.

<u>TENTH DEFENSE</u>

The Eco Defendants are not liable because they did not have any definitely formed intention or plan with respect to VimpelCom other than what was disclosed.

<u>ELEVENTH DEFENSE</u>

The Eco Defendants are not liable because some or all of the matters now claimed by the Complaint to be the subject of misrepresentations or omissions were publicly disclosed or were in the public domain, and as such, were available to Plaintiff and were at all times reflected in the market price of VimpelCom shares.

<u>TWELFTH DEFENSE</u>

The Eco Defendants adopt and incorporate by reference any and all other defenses asserted or to be asserted by any other defendant to the extent that the Eco Defendants may share in such defenses.

<u>THIRTEENTH DEFENSE</u>

Plaintiff had, at all relevant times, actual or constructive knowledge of any actual concealed or omitted fact.

<u>FOURTEENTH DEFENSE</u>

Plaintiff's claims should be dismissed for failure to join a necessary party.

<u>FIFTEENTH DEFENSE</u>

The Court lacks the power to grant the remedy requested by Plaintiff.

<u>SIXTEENTH DEFENSE</u>

Plaintiff's claims are barred, as they are based on statements and/or documents improperly disclosed in contravention of the instructions of an arbitral tribunal.


**WHEREFORE,** The Eco Defendants respectfully request that:


(i)      The Complaint be dismissed with prejudice; and


(ii)     The Eco Defendants be awarded the costs of this action, together with

such other and further relief as the Court may deem just and proper.


Dated: New York, New York
       May 6, 2008

                                Respectfully submitted,

                                LOVELLS LLP


                                By:   /s/ Edward T. Schorr

                                     Edward T. Schorr (ES-0290)
                                     Hillel I. Parness (HP-1638)
                                     Gonzalo S. Zeballos (GZ-5994)

                                     590 Madison Avenue
                                     New York, New York 10022
                                     Tel: (212) 909-0600
                                     Fax: (212) 909-0660
                                     Email: edward.schorr@lovells.com

                                     *Attorneys for Defendants Eco Telecom*
                                     *Limited and CTF Holdings Limited*